**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY L. TATUM | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:08-CV-01251 (JCH) |
| | : | |
| MARY C. OBERG, ET AL., | : | AUGUST 20, 2008 |
|     Defendants. | : | |

### RULING ON MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 5]

The plaintiff, Gary Tatum, seeks appointment of pro bono counsel in this action

pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, the Motion is DENIED.

The district court has broad discretion in considering whether to appoint counsel.

The Second Circuit has also made clear that before an appointment is even

considered, the indigent person must demonstrate that he is unable to obtain counsel.

Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996

(1991).

Even if the court were convinced that Mr. Tatum was unable to obtain legal

representation on his own, the court must also consider other factors.  The Second

Circuit has cautioned the district courts against the routine appointment of counsel.

See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A.

Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).  At this point in the litigation, the court

cannot determine if the Complaint has merit.

Therefore, the Motion for Appointment of Counsel [Doc. No. 4] is DENIED

without prejudice to renew at a subsequent stage of litigation.  Any renewal of this

Motion shall include a summary of plaintiff's additional attempts to obtain legal

representation including the names of attorneys that he has contacted, the dates of

contact, and the reasons why assistance was not provided.

**SO ORDERED.**

 Dated at Bridgeport, Connecticut, this 20th day of August, 2008.


    /s/ Janet C. Hall   
    Janet C. Hall
    United States District Judge