PLAINTIFF DEMANDS TRIAL BY JURY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY TATUM, Individually, <br>     Plaintiff, <br><br> v. <br><br> MARY CHRISTINA OBERG, <br> FORD, OBERG, MANIOIN and <br> HOUCK, PC, C. MICHAEL BUDLONG, <br> BUDLONG & BARRETT, LLC, DONALD <br> J. HIEBEL, <br>     Defendants. | C.A. No. 3:08-CV-01251-JCH <br><br><br><br><br><br><br><br> OCTOBER 2, 2009 |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Gary Tatum files this Motion for Leave to File Amended Complaint as follows:

1. On September 3, 2009, this Court issued a decision granting in part and denying in part Defendants' Motion to Dismiss.

2. The Court's decision specifically granted Plaintiff the right to replead all dismissed Counts within thirty (30) days of the Court's decision.

3. Attached hereto as Exhibit A is Plaintiff's Amended Complaint which addresses the Court's Ruling and sets forth additional facts in further support of the claims made therein.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion for Leave to File Amended Complaint. Plaintiff seeks this relief not for purposes of delay but so that justice may be done.

PLAINTIFF
GARY TATUM


BY /s/ Tracey Lane Russo
   Tracey Lane Russo, Esq.
   Fed. Bar. No. CT19865
   Email: trusso@defilipporusso.com


## **CERTIFICATION**

I hereby certify that on this same date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


   /s/ Tracey Lane Russo
   Tracey Lane Russo, Esq.

**DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW**
**4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484**
**203-242-3011 • JURIS NO. 425978**

# EXHIBIT A

**DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW**
**4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484**
**203-242-3011 • JURIS NO. 425978**

PLAINTIFF DEMANDS TRIAL BY JURY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY TATUM, Individually,<br>Plaintiff,<br><br>v.<br><br>MARY CHRISTINA OBERG,<br>FORD, OBERG, MANIOIN and<br>HOUCK, PC, C. MICHAEL BUDLONG,<br>BUDLONG & BARRETT, LLC, DONALD<br>J. HIEBEL,<br>Defendants. | C.A. No. 3:08-CV-01251-JCH<br><br><br><br><br><br><br><br><br>OCTOBER 2, 2009 |

## AMENDED COMPLAINT

**I.  INTRODUCTION**

1. Plaintiff Gary Tatum of Texas brings this action on behalf of himself to recover monetary damages, including actual and treble damages and civil penalties, from Defendants as a result of the conduct of Defendants.

**II.  JURISDICTION**

2. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship.

3. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

4

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

4. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 2201.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(a)(1) and (c), and 18 U.S.C. § 1965(a) in that the defendants are individuals and corporations subject to personal jurisdiction here, and, under Section 1391(a)(2), all and/or a substantial part of the events giving rise to this claim occurred here.

**III.   PARTIES**

7. Plaintiff Gary Tatum is a citizen of the State of Texas and, at all times relevant, was a resident of Georgetown, Texas.

8. Defendant Mary Christina Oberg is a citizen of the State of Connecticut, is a partner in the law firm of Ford, Oberg, Manion & Houck, PC and, at all relevant times, acted as the agent and/or employee of Ford, Oberg, Manion & Houck, PC and/or within the course and scope of the authority of Ford, Oberg, Manion & Houck, PC.

9. Defendant Ford, Oberg, Manion & Houck, P.C. is a corporation created under the laws of the State of Connecticut and is engaged in the trade or commerce of advertising and/or offering to sell and/or selling legal services with a principal place of business at 220 Hartford Turnpike, Vernon, Connecticut.

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

**IV.  FACTS**

10.     On or about February 12, 2002, Plaintiff Tatum retained Defendant law firm Ford, Oberg, Manion & Houck, P.C. (hereinafter FOMH) to represent him in a dissolution action by and between Tatum and Kathleen J. Murphy, PhD captioned Murphy v. Tatum and pending in the Connecticut Superior Court bearing docket number TTD-FA-01-0077799-S.

11.     In reliance upon FOMH's implied and express representations that it would represent Plaintiff in accord with all applicable standards of professional care, Plaintiff paid a retainer in the amount of four thousand five hundred dollars ($4,500.00) and entered into a written agreement for legal services with FOMH.

12.     FOMH assigned the Tatum representation to Defendant Mary Christina Oberg (hereinafter Defendant Oberg) and, in connection with and furtherance of that assignment, Defendant Oberg made the following, *inter alia*, false representations to Tatum:

    a.    That Defendant Oberg had requested and received all relevant financial information from Kathleen J. Murphy, PhD.;

    b.    That, despite Tatum's concerns regarding the failure of Murphy to disclose all relevant financial information, Defendant Oberg had no ability to compel the production of information Tatum believed was missing;

    c.    That, should undisclosed assets be discovered at a later date, Tatum could recover a fair share of those assets by way of a motion to reopen the judgment based on fraud;

6

      d.        That a clause in the settlement agreement providing that Tatum would receive "all other property" not specifically set forth in the financial affidavits would allow him to recover those assets entirely; and

      e.        Engaged in a course of conduct designed to conceal these misrepresentations of law and fact.

13. At the time Defendant Oberg made the aforementioned statements she knew them to be false yet made the false representations for the purpose of inducing Tatum to enter into the proposed settlement agreement.

14. When Tatum agreed to enter into the proposed settlement agreement, he relied upon the false representations of Defendant Oberg.

15. Tatum's reliance upon these false representations was to his detriment because the settlement agreement: (1) failed to take into consideration the nearly one hundred thousand dollars ($100,000.00) in assets that Murphy concealed; (2) failed to adequately protect Tatum's legal right to a division of those concealed assets; and (3) adversely affected the amount of child support Tatum would be required to pay.

16. As a result of Tatum's reliance upon Oberg's false representations he has sustained damages.

## V.    CLAIMS FOR RELIEF

### A.    FIRST CLAIM FOR RELIEF: FRAUD

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

17. Paragraphs 1-16 of this Amended Complaint are incorporated herein as paragraphs 1-16 of this First Claim for Relief.

18. From on or about February 12, 2002 through July 2005, Defendants Oberg and FOMH knowingly engaged in the fraudulent course of conduct described above. More specifically, as follows:

    a. In March 2002, the parties met with family relations and, during that meeting, the family relations officer described Kathleen J. Murphy, PhD's conduct as kidnapping. Following that meeting, without first obtaining Plaintiff's consent, Oberg allowed Murphy to engage in a pattern of avoiding meeting with family relations, including a scheduled May 21, 2002 meeting, so that it would be necessary to retain the services of Dr. Heibel. Oberg agreed to Dr. Heibel without regard for Murphy's background in therapy and failed to follow up with Dr. Heibel regarding his bias toward Murphy and further failed to seek additional opinions that would be supportive of Plaintiff's bid for custody.

    b. On or about July 10, 2002, Plaintiff notified Oberg that Murphy's 2001 federal tax return disclosed in connection with the dissolution proceedings was missing information and the stated income was significantly higher than in the recent past.. Plaintiff relied upon Oberg's representations that all missing information had been obtained when, in retrospect, it is clear that this information was never obtained. The failure to obtain this information and the continued concealment of that failure was essential in the fraudulent scheme to induce Plaintiff to agree to the financial agreement because Oberg, rather than admit her failure, represented to Plaintiff that the deductions were related to property taxes. In point of fact, the

deduction was related to Murphy's head of household status. Had Plaintiff been notified that Oberg failed to obtain a complete copy of the income tax return he would have refused to enter into the settlement agreement.

c. Oberg verbally assured Plaintiff on several occasions in 2002 and 2003 that she had obtained Murphy's financial information through the formal discovery process. In point of fact, no such requests for that information had been made.

d. On several occasions including but not limited to November 15, 2002 and December 9, 2002, Plaintiff advised Oberg that Murphy was hiding assets. These assertions were denied by Murphy and, rather than undertake an independent investigation or engage in additional discovery, Oberg ignored Plaintiff. It was not until the Motion to Reopen hearing that Oberg finally subpoenaed Murphy's financial documents, but again failed to request the 2002 tax returns which would have detailed a real estate purchase by Murphy. When this omission was pointed out to Oberg, Oberg assured Plaintiff that the error would be corrected prior to the hearing however, it was never corrected. Oberg intentionally failed to correct this error because, to do so, would have established Oberg's fraudulent concealment.

e. In or about May 24, 2004 and May 27, 2004, and prior thereto, Oberg fraudulently represented that bonds were owned by Plaintiff's minor children, when the minor children were actually only the beneficiaries and Oberg had not seen the bonds. Failure to include these bonds on Murphy's financial statements adversely affected Tatum's ability to obtain a fair and equitable settlement in the context of the dissolution agreement.

19. As a result of the fraudulent conduct of Defendants as aforesaid, Plaintiff Tatum sustained monetary damages.

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

### B. SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT

17. Paragraphs 1-16 of this Amended Complaint are incorporated herein as paragraphs 1-16 of this Second Claim for Relief.

18. From on or about February 12, 2002 through July 2005, Defendants Oberg and FOMH had a contractual duty to provide timely and correct legal advice to Plaintiff.

19. Defendants Oberg and FOMH breached said contractual duty in one or more of the following ways:

   a. Failing to provide Plaintiff with timely and correct legal advice;

   b. Failing to engage in discovery designed to ensure that Plaintiff's financial interests in the dissolution action were adequately protected;

   c. Billed Plaintiff for unnecessary research and drafting on issues Defendants were alleged to be experts causing Plaintiff to incur unnecessary legal fees;

   d. Failing to file appropriate motions to ensure that Plaintiff's former wife fully and fairly complied with discovery;

   e. Failed to properly advise Plaintiff as to the costs and risks associated with relying upon a motion to open judgment based upon fraud;

   f. Promised Plaintiff that if concealed assets were discovered that Plaintiff could recover all of those concealed assets to the exclusion of Murphy; and

   g. Failed to deliver the promised result in the Motion to Reopen.

19. As a result of Defendants Oberg and FOMH's breaches of their contractual duty, Plaintiff has sustained economic damages.

10

## C.  THIRD CLAIM FOR RELIEF:  MALPRACTICE

17. Paragraphs 1-16 of this Amended Complaint are incorporated herein as paragraphs 1-16 of this Third Claim for Relief.

18. From on or about February 12, 2002 through July 2005, Defendants Oberg and FOMH had a duty to provide Plaintiff with professional services equal to the degree of skill and learning commonly applied under the circumstances then and there existing by a prudent member of the legal profession.

19. Defendants Oberg and FOMH failed to provide services in accordance with that standard of care in, *inter alia*, one or more of the following ways:

a. Failing to provide Plaintiff with timely and correct legal advice;

b. Failing to engage in discovery designed to ensure that Plaintiff's financial interests in the dissolution action were adequately protected;

c. Billed Plaintiff for unnecessary research and drafting on issues Defendants were alleged to be experts causing Plaintiff to incur unnecessary legal fees;

d. Failing to file appropriate motions to ensure that Plaintiff's former wife fully and fairly complied with discovery;

e. Failing to properly advise Plaintiff as to the costs and risks associated with relying upon a motion to open judgment based upon fraud;

f. Concealing discovery and/or failing to obtain discovery that would have alerted Plaintiff to their failure to comply with the standard of care;

g. Failing to respond to Plaintiff's requests regarding the manner in which the case proceeded;

h. Failing to properly vet the individual used to offer an opinion on custody in the dissolution matter; and

11

  i.  Misleading Plaintiff as to the total costs associated with the dissolution action.

  20.  As a result of the breach of the standard of care, Plaintiff has sustained economic damages.

### D. FOURTH CLAIM FOR RELIEF: CUTPA

  1.  Paragraphs 1-20 of the Third Claim for Relief are incorporated herein as paragraphs 1-20 of this Fourth Claim for Relief.

  21.  Defendants, in the furtherance of their entrepreneurial aspects of law, sent Plaintiff billing statements that inaccurately represented that legal services had been rendered when, in fact, they had not. These included, but are not limited to, representations that discovery had been obtained, vetted, and reviewed, when in fact it had not been.

  22.  The conduct of Defendants is unscrupulous insofar as it constituted an unfair trade practice.

  23.  As a result of Defendants conduct, Plaintiff has sustained damages.

### VI. PRAYER FOR RELIEF

Wherefore, Plaintiff prays the following relief:

1. Judgment awarding economic damages to Plaintiff;

2. Punitive damages;

3. Statutory damages as allowed by CUTPA; and

3. Attorneys fees.

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

PLAINTIFF
GARY TATUM


BY /s/ Tracey Lane Russo
   Tracey Lane Russo, Esq.
   Fed. Bar. No. CT19865
   Email: trusso@defilipporusso.com


**CERTIFICATION**

     I hereby certify that on this same date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


     /s/ Tracey Lane Russo
     Tracey Lane Russo, Esq.

13

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978