**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GARY L. TATUM, Individually, : | |
|     Plaintiff, : | |
| : | |
| : | |
| v. : | |
| : | CASE NO.: 3:08CV1251 (JCH) |
| : | |
| : | |
| MARY CHRISTINA OBERG, In her : | OCTOBER 22, 2009 |
| individual and professional capacity, and : | |
| FORD, OBERG, MANION and HOUCK, : | |
| P.C. : | |
|     Defendants : | |
| : | |

## <u>DEFENDANTS, MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S, MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND</u>

The defendants, Mary Christina Oberg and the law firm of Ford, Oberg, Manion and Houck, P.C. (the "Defendants"), hereby object to the plaintiff's Motion for Leave to File Amended Complaint, dated October 2, 2009 on the basis that: (1) amending the complaint would unduly prejudice the defendants in that Counts Three and Four are the subject of a pending Motion for Summary Judgment; and (2) amending the Complaint would be futile as plaintiff's amendments to Counts One and Two would not survive a Motion to Dismiss pursuant to Federal Rule 12 (b)(6).

**I.**     <u>**BACKGROUND**</u>

The plaintiff initiated the present lawsuit against his former attorneys, Mary Christina Oberg and the law firm of Ford, Oberg, Manion & Houck, P.C., alleging fraud, breach of contract, professional negligence, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). On or about March 2, 2009, the defendants, pursuant to Fed. R. Civ. P. 12(b)(1),

moved to dismiss plaintiff's claims on the grounds that (1) the Court lacked subject matter jurisdiction to hear plaintiff's claims; and (2) plaintiff's fraud, breach of contract and CUTPA counts respectively failed to state a claim upon which relief could be granted. On September 3, 2009, the Court granted, in part, and denied, in part, the defendants' Motion to Dismiss. (9/3/09 Ruling Re: Def. Mot. To Dismiss at 1-2). Specifically, the Court dismissed plaintiff's fraud and breach of contract counts in their entirety, and dismissed all of plaintiff's CUTPA count except for the claim based on allegations set forth in ¶ 22[1] of the Amended Complaint. (Id., at 6-14.) That paragraph alleged that the defendants billed the plaintiff for work that the defendants did not perform.

On September 15, 2009, the defendants filed a Motion for Summary Judgment and Supporting Memorandum of Law as to all remaining counts of plaintiff, Gary L. Tatum's, Amended Complaint on the basis that: (1) the plaintiff has failed to disclose an expert witness and, absent an expert witness, plaintiff is unable to produce testimony to establish the issues of standard of care, breach and causation; (2) plaintiff has failed to produce any evidence supporting his claim of legal malpractice and (3) the remaining portion of plaintiff's CUTPA

---

[1]Paragraph 22 states:

Defendants, in furtherance of their entrepreneurial aspects of law, sent Plaintiff billing statements that inaccurately represented that legal services had been rendered when, in fact, they had not. These included, but are not limited to, representations that discovery had been obtained, vetted, and reviewed when in fact it had not been.

(Am. Comp. ¶ 22.)

2

count has been abandoned and, consequently, judgment should enter in favor of the defendants as to plaintiff's CUTPA count.

On October 2, 2009, the plaintiff filed the instant Motion for Leave to File an Amended Complaint on the grounds that the court's September 3, 3009 ruling on the defendants' Motion to Dismiss granted the Plaintiff the right to replead all dismissed counts within thirty (30) days of the Court's Decision. Plaintiff's proposed Amended Complaint amended Counts One, Two, and Four but did not add any new allegations to Count Three.

## II.     LAW AND ARGUMENT

Federal Rules of Civil Procedure Rule 15(a) governs requests to amend the Complaint. Rule 15(a)(2) provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). The district court is given broad discretion in deciding whether to grant leave to amend. Joblove v. Barr Labs, Inc., 466 F.3d 187, 220 (2d. Cir. 2006). However, the exercise of that discretion depends upon many factors "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Local 802, Associated Musicians v. Parker Meridien Hotel, 145 F.3d 85, 90 (2d Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962).

3

### A. Amendment is Prejudicial as Counts Three and Four are the Subject of a Pending Motion for Summary Judgment.

Although, a party will be allowed to amend its pleading, amendments are generally not allowed when such amendments would prejudice the nonmoving party . See Block v. First Blood Associates, 988 F. 2d 344, 350 (2d. Cir. 1993). The Second Circuit has held that,

> In determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (ii) prevent the plaintiff from bringing a timely action in another jurisdiction.

Block, 988 F.2d at 350. The courts have determined further that "[A] proposed amendment . . . [is] especially prejudicial . . [when] discovery had already been completed and [non-movant] had already filed a motion for summary judgment." McCarthy v. The Dun & Bradstreet Corporation, 372 F. Supp. 2d 694, 700 (D. Conn. 2005). Further, "Rule 15(a) is not to be used as a means of avoiding summary judgment on an otherwise non-meritorious claim." McCarthy, 372 F. Supp. 2d at 700. Moreover, "[d]elaying the resolution of a dispute and causing a party to expend significant additional resources to conduct discovery and prepare for trial weighs heavily in determining whether undue prejudice will result from granting leave to amend a complaint." BTEC Turbines, LP, 2007 U.S. Dist. LEXIS 93397, *15 (D.Conn. 2007) (citing Block, 988 F.2d at 350) (copy attached as Exhibit A). "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." Zubulake v. UBS Warburg LLC, 231 F.R.D. 159, 161 ( S.D.N.Y. Feb. 3, 2005) (Court denied defendants motion for leave to amend the answer to add an affirmative

4

defense when amendment came twenty-two months after filing the original answer and additional discovery would be costly).

In McCarthy v. The Dun & Bradstree corporation, *supra*, the plaintiffs filed Motion for Leave to Amend the Complaint after the court had granted the defendant's Motion to Dismiss as to three of the four counts. On the Fourth remaining count, the court requested that it be taken up in summary judgment. The defendants filed the summary judgment motion as to the remaining count. Thereafter, the plaintiff's filed a motion for leave to amend in order to withdraw the three dismissed counts as well as correct typographical errors and clarify the allegations in the remaining count. The court found that the Amended Complaint added a new claim in the remaining count. In denying the motion for leave to amend, the court found, that, "the plaintiffs did not seek the proposed amendment until after the close of merits discovery and filing of a summary judgment motion." McCarthy, *supra*, at 701. The court noted that, if the amendment is allowed, merits discovery will need to be reopened and the litigation will, in essence, start over." Id. The court further held that, "[i]n the face of this prejudice to the defendants, the plaintiffs have not offered a sufficient explanation for why this amendment could not have been made at least prior to the close of discovery, let alone at the time they brought their initial or first-amended complaint." Id.

In this case, Counts Three and Four of Plaintiff's proposed Amended Complaint are the subject of the defendants pending Motion for Summary Judgment (see Document Nos. 100, 101). With respect to Count Three, the Plaintiff has not added any new allegations or made any other corrections to the Legal Malpractice claim such that it would change the defendants'

5

argument on Summary Judgment that the plaintiff has failed to disclose an expert witness and, absent an expert witness, plaintiff is unable to produce testimony to establish the issues of standard of care, breach and causation. Additionally, with respect to Count Four, plaintiff's CUTPA claim, the plaintiff removed all paragraphs from his claim except for the one paragraph, Paragraph 22, that he abandoned at his deposition when he testified that the claim was going to be withdrawn. The defendants' Memorandum in Support of its Motion for Summary Judgment fully addresses this issue with the appropriate cites to plaintiff's deposition testimony. (See Document No. 101). Allowing amendment as to these counts would allow the plaintiff to avoid Summary Judgment on claims that are otherwise unmeritorious and therefore would unduly prejudice the defendants.

Furthermore, allowing the plaintiff to amend Counts Three and Four at this point in the litigation would be extremely prejudicial as the time for the parties to conduct discovery has passed. The court's scheduling order specifically stated, "All discovery, including all discovery relating to Expert Witnesses, will be completed (not propounded) by August 1, 2009." (Doc. No. 77 at pg 1). In addition, a joint trial memorandum was due on September 15, 2009 although the court granted an extension of time until after the Motion for Summary Judgment was ruled on to file the memorandum. Amendment of these two counts would require the reopening of discovery and essentially the restart of litigation at a point where the case was ready for trial. For example, amendment to Count Four will require the reopening of the plaintiff's deposition as the undersigned abandoned questioning the plaintiff regarding the allegations in Paragraph 22 on

6

the plaintiff's assurances that he was withdrawing that claim. This would only work to further delay the litigation of these claims.

As the requested amendments to Count Three and Four would unduly prejudice the defendants, the court should deny the plaintiff's Motion for Leave to File Amended Complaint.

### B. Amendment to Counts One and Two Would be Futile as They Would Not Survive a Motion to Dismiss Under Rule 12(b)(6)

Leave to Amend should be denied because amendment would be futile. Joblove v. Barr Labs, 466 F.3d at 350. If an amendment cannot survive a motion to dismiss pursuant to Rule 12(b)(6), then that amendment is futile. See Veritas-Scalable Investment Products Fund LLC v. FB Foods, Inc., 2006 U.S. Dist. LEXIS 51085, *12 (D. Conn. 2006). A Rule 12(b)(6) motion should be granted if the Plaintiff's allegations fail to establish a legally cognizable claim upon which relief may be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Frasier v. General Electric Co., 930 F.2d 1004, 1007 (2d Cir. 1991). A claim should be dismissed "where the Plaintiff cannot recover on the facts he has alleged." (citation omitted.) Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). Simply put, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Constr. Laborers' Local Union No. 230 v. City of Hartford, 153 F. Supp. 2d 156, 159-160 (2001).

#### 1. Amendment of Plaintiff's Claim of Fraud is Futile

In this case, amendment of the plaintiff's fraud claim in Count One of the Amended Complaint would be futile as it would not survive a Rule 12(b)(6) Motion to Dismiss. The court,

7

the plaintiff's assurances that he was withdrawing that claim. This would only work to further delay the litigation of these claims.

As the requested amendments to Count Three and Four would unduly prejudice the defendants, the court should deny the plaintiff's Motion for Leave to File Amended Complaint.

### B. Amendment to Counts One and Two Would be Futile as They Would Not Survive a Motion to Dismiss Under Rule 12(b)(6)

Leave to Amend should be denied because amendment would be futile. Joblove v. Barr Labs, 466 F.3d at 350. If an amendment cannot survive a motion to dismiss pursuant to Rule 12(b)(6), then that amendment is futile. See Veritas-Scalable Investment Products Fund LLC v. FB Foods, Inc., 2006 U.S. Dist. LEXIS 51085, *12 (D. Conn. 2006). A Rule 12(b)(6) motion should be granted if the Plaintiff's allegations fail to establish a legally cognizable claim upon which relief may be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Frasier v. General Electric Co., 930 F.2d 1004, 1007 (2d Cir. 1991). A claim should be dismissed "where the Plaintiff cannot recover on the facts he has alleged." (citation omitted.) Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). Simply put, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Constr. Laborers' Local Union No. 230 v. City of Hartford, 153 F. Supp. 2d 156, 159-160 (2001).

#### 1. Amendment of Plaintiff's Claim of Fraud is Futile

In this case, amendment of the plaintiff's fraud claim in Count One of the Amended Complaint would be futile as it would not survive a Rule 12(b)(6) Motion to Dismiss. The court,

7

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

*Hall, J.*, in her September 3, 2009 ruling on the Defendants' Motion to Dismiss, noted that the plaintiff failed to "specify facts in support of his assertion that Oberg knew her allegedly fraudulent statements to be false and made them for the purpose of inducing Tatum to rely on them." (9/3/09 Ruling Re: Def. Mot. To Dismiss at pg 7). The court specifically found the plaintiff's Amended Complaint "alleges no 'facts that give rise to a strong inference of fraudulent intent,' as is required by the law of this circuit." (Id.). "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Shield v. Citytrust Bancorp Inc., 25 F.3d 1124, 1128 (2d Cir. 1994); Lerner v. Fleet Bank, N.A., 459 F.3d 273 (2d Cir. 2006). Although the proposed Amended Complaint attempts to cure the deficiencies cited by the court, it still fails to set forth "facts that would give rise to a strong inference of fraudulent intent." See Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995).

Like the Plaintiff's January 20, 2009 Amended Complaint, the proposed amendments to Count One, the fraud claim, fails to set forth any facts which would show that Attorney Oberg had both the motive and opportunity to commit fraud. Nor has the proposed Amended Complaint set forth any facts that would constitute strong circumstantial evidence of conscious misbehavior or recklessness. For instance, the plaintiff has not provided any facts to support his theory that Attorney Oberg intentionally acted falsely or deceptively in connection with obtaining the services of Dr. Heibel. Nor has the plaintiff set forth any facts which would constitute strong circumstantial evidence of conscious misbehavior on the part of Attorney Oberg

8

in connection with obtaining the alleged missing financial information. In fact, plaintiff admits, in subparagraph (d), that Attorney Oberg subpoenaed Dr. Murphy's financial documents for the hearing on the Motion to Reopen. Additionally, Attorney Oberg cannot be held liable for any representations that she made regarding the ownership of the savings bonds as plaintiff has failed to set forth any facts that Attorney Oberg knew those representations were false. Plaintiff's proposed Amended Complaint is more of the same unsupported conclusions which caused the court to dismiss the plaintiff's previous fraud count and still would not survive a 12(b)(6) Motion to Dismiss. Therefore, the amendments to the fraud claim are futile.

2. Amendment of Plaintiff's Breach of Contract Claim is Futile.

Plaintiff's amendment to his Breach of Contract claim includes new allegations that Attorney Oberg promised that if the concealed assets were discovered that the plaintiff could recover those assets and she failed to deliver on that promise. (10/2/09 Amend Compl. at ¶19). The Supreme Court of Connecticut has held that "putting a contract tag on a tort claim will not change its essential character. An action in contract is for breach of a duty arising out of a contract; an action in tort is for breach of duty imposed by law." Gazo v. Stamford, 255 Conn. 245, 263 (2001). Connecticut's Appellate Court rejected a plaintiff's effort to dress a malpractice claim as a breach of contract claim, finding plaintiff's allegation that the provision of legal services was an express or implied term of a contract was a "distinction without a difference." Weiner v. Clinton, 106 Conn. App. 379, 385 (2008). "Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though he also alleges that he retained him or engaged his

9

services." Shuster v. Buckley, 5 Conn. App. 473, 478 (1985); Alexandru v. Strong, 81 Conn. App. 68, 79 (2004) (internal citations omitted). In addition, the Second Circuit has held that where a retainer agreement contains no particular action or promised result, "the breach of contract claim is merely duplicative of the legal malpractice claim." PPX Enterprises, Inc. v. Fredericks, 5 Fed. Appx. 25, 28 (2d. Cir. 2001) (Court found that plaintiff's claimed breach of a retainer agreement for failure to pursue a breach of fiduciary duty claim related to a breach of general professional standards and not a breach of a particular action or promised result).

Although plaintiff has now included an allegation that the defendant promised a specific result and failed to deliver on that promise, the plaintiff's claim is still a legal malpractice claim clothed in contract language. The claim clearly relates to the legal services provided by the Defendants and plaintiff's unhappiness with the outcome of the Motion to Reopen. Although plaintiff does not specifically state such in his claim, plaintiff's claim is simply that Attorney Oberg negligently performed legal services in connection with the Motion to Reopen such that she did not achieve the plaintiff's desired result. Further, plaintiff has failed to add any allegations that the retainer agreement he entered into with the defendants contained any promise by Attorney Oberg that the plaintiff will be able to recover missing assets. Plaintiff's claim is merely a claim for professional negligence and not a claim for breach of contract. As a result, the plaintiff's proposed amendments to his Breach of Contract claim would be futile as it would not survive a Rule 12(b)(6) Motion to Dismiss.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

### III.     CONCLUSION

Based on the foregoing, the defendants respectfully request that the court deny the plaintiff's Motion for Leave to File Amended Complaint.

        THE DEFENDANTS,
        MARY CHRISTINA OBERG AND
        FORD, OBERG, MANION AND HOUCK, P.C.

        /s/: Robert Cassot
        Robert Cassot (CT24094)
        Stephen O. Clancy (CT27617)
        Edward N. Storck III (CT27312)
        MORRISON MAHONEY, LLP
        One Constitution Plaza, 10th Floor
        Hartford, CT 06106
        Phone: (860) 616-4441
        Fax: (860) 244-3800
        Her and Its Attorneys
        Email: rcassot@morrisonmahoney.com
              sclancy@morrisonmahoney.com
              estorck@morrisonmahoney.com

## CERTIFICATION

I hereby certify that on October 22, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph N. DeFilippo, Esq.
Tracey Lane Russo, Esq.
DeFilippo & Russo LLC
4 Research Drive, Suite 402
Shelton, CT  06484
**Counsel for Plaintiff, Gary Tatum**

                                              /s/: Robert Cassot
                                              Robert Cassot  (CT24094)
                                              Stephen O. Clancy (CT27617)
                                              Edward N. Storck III (CT27312)
                                              MORRISON MAHONEY, LLP
                                              One Constitution Plaza, 10th Floor
                                              Hartford, CT 06106
                                              Phone:  (860) 616-4441
                                              Fax:  (860) 244-3800
                                              Her and Its Attorneys
                                              Email: rcassot@morrisonmahoney.com
                                                     sclancy@morrisonmahoney.com
                                                     estorck@morrisonmahoney.com