**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GARY TATUM,<br>　　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | **C.A. No. 3:08-CV-01251-JCH** |
| MARY CHRISTINA OBERG, and<br>FORD, OBERG, MANION and<br>HOUCK, PC,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) |
| | OCTOBER 22, 2009 |

## PLAINTIFF GARY TATUM'S OBJECTION TO DEFENDANTS MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Gary Tatum respectfully submits that this Court should deny Defendants' Motion for Summary Judgment because: (1) there was such an obvious and gross want of care and skill demonstrated here by the Defendants, that the attorneys' neglect is clear even to a lay person, and thus expert testimony would not be required; (2) Plaintiff has provided ample evidence to prove that the Defendants were negligent; and (3) Plaintiff has not abandoned the remaining portion of his CUTPA claim, as evidenced by his proposed amended complaint dated October 2, 2009. The instant memorandum of law is filed in support.

## I.　　LEGAL STANDARD

A motion for summary judgment should only be granted if there are no genuine issues of material fact in dispute and the moving party sustains its burden in establishing that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The Court should resolve "all ambiguities and draw[s] all inferences in favor of

the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F. 2d 520 at 523 (2nd Cir. 1992). Thus, if as to the issue on which summary judgment is sought, there is any evidence from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper. Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77 (2nd Cir. 2004).

## II. FACTUAL BACGROUND

On February 12, 2002, Plaintiff Gary Tatum retained the law firm of Ford, Oberg, Manion & Houck (hereinafter referred to as "FOMH") to represent him in connection with a dissolution action by and between Tatum and Kathleen J. Murphy. (See Amended Complaint at Paragraph 10.) FOMH assigned the responsibility for Tatum's case to Attorney Mary Christina Oberg, a law firm employee, and, to that end, Attorney Oberg purported to engage in discovery to obtain Murphy's financial information so that an equitable distribution of marital assets could be determined as well as child support. (Id. at Paragraph 11.) As set forth in the Amended Complaint, complete financial information was not obtained however, Tatum was nevertheless instructed by Attorney Oberg to enter into a proposed property division agreement for two reasons: (1) *"if [Tatum] were to discover down the line that [Murphy] had other assets not disclosed, you could seek to reopen the judgment for fraud;"* and (2) that the provision of the agreement that Tatum would receive "all other property" not specifically enumerated in the agreement sufficiently protected him. (Id. at Paragraphs 12 – 16.)

2

### III. LAW AND ARGUMENT

### A. There was such an obvious and gross want of care and skill demonstrated here by the Defendants, that the attorneys' neglect is clear even to a lay person, and thus expert testimony would not be required

"The rationale underlying [the requirement of expert testimony] is that in most cases, the determination of an attorney's standard of care, which depends on the particular circumstances of the attorney's representation, is beyond the experience of the average layperson, including members of the jury and perhaps even the presiding judge….The general rule does not , however, apply to cases where there is present such an obvious and gross want of care and skill that the neglect is clear even to a layperson." St. Onge, Stewart, Johnson & Reens, LLC v. Media Group, Inc., 84 Conn.App.88, 95, cert denied, 271 Conn 918, 859 A.2d 570 (2004). Furthermore, a Plaintiff can prevail on a legal malpractice claim if a reasonable jury could find the requisite substantive standard of clear neglect. See Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).

In the present case it is undisputed that Plaintiff Tatum retained Defendant law firm Ford, Oberg, Manion & Houck, P.C. (hereinafter FOMH) to represent him in a dissolution action by and between Tatum and Kathleen J. Murphy, PhD captioned Murphy v. Tatum and pending in the Connecticut Superior Court bearing docket number TTD-FA-01-0077799-S. It is also undisputed that in reliance upon FOMH's implied and

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

express representations that it would represent Plaintiff in accord with all applicable standards of professional care, Plaintiff paid a retainer in the amount of four thousand five hundred dollars ($4,500.00) and entered into a written agreement for legal services with FOMH. Inherent and obvious in representing a client in accordance with the standards of professional care in a dissolution of marriage case, is to conduct the requisite discovery in order to obtain all of the financial information from the opposing party, so that such attorney can advise their client as to financial issues involved in the marital estate. This is the exact type of issue to which the exception to the requirement for expert testimony should and does apply, since it would be obvious to even a lay person that there exists the requisite substantive standard of clear neglect.

In the present case, it is clear that the Defendants did not perform the requisite discovery in order to obtain all of the financial information from Dr. Murphy. To make matters even worse, Defendant Oberg falsely represented to the Plaintiff that they had requested and received all relevant financial information from Dr. Murphy. Furthermore, even after the Plaintiff raised concerns regarding whether all relevant financial information had in fact been requested and received from Dr. Murphy, Defendant Oberg responded by telling the Plaintiff that she had no ability to compel the financial information the Plaintiff raised a concern about. Defendant Oberg then followed up by assuring the Plaintiff that he would either get his fair share or all of the undisclosed assets by way of the filing of a motion to open judgment based upon fraud. The Plaintiff, as any client of an attorney would be expected to do, relied upon the statements of his attorney to be the truth and accurate, and then subsequently entered into a settlement agreement that failed to take into account the nearly $100,000.00 in later discovered assets that Dr. Murphy concealed, and failed to protect the Plaintiff's legal right to a fair

4

division of those concealed assets. The result of all of this was that the Plaintiff was damaged financially, in that he received less of the assets from the marital estate than he would have had this information been properly discovered.

The exception to the general rule that expert testimony is required in a legal malpractice case, applies in the present case because the Defendant's wrongful acts or omissions are such an obvious and gross want of care and skill that their neglect would be clear even to a lay person. See <u>Davis v. Margolis</u>, 215 Conn. 408, 416 (1990). Additionally, it is clear that 'but for' the Defendants actions (omissions), the Plaintiff would not have suffered the damages he has. It is undisputed that there was financial information that was not obtained in discovery by the Defendants and has been later found, and if this information had been obtained the marital estate would have had more assets to divide up among the two parties involved. This is just the type of situation that was envisioned by the Courts in carving out this exception to the general rule of the necessity for expert testimony in a legal malpractice case. See <u>Dixon v. Bromson and Reiner</u>, 95 Conn. App. 294 (2006).

### B. <u>Plaintiff has provided ample evidence to prove that the Defendants were negligent</u>

The Defendants argue that the Plaintiff has not proffered any evidence that the Defendants failed to act or acted wrongfully with respect to the Defendants' obligations related to discovery and their general representation. Nothing could be further from the truth. As has been previously detailed above, it is clear that the Defendants did not perform the requisite discovery in order to obtain all of the financial information from Dr. Murphy. To make matters even worse, Defendant Oberg falsely represented to the

5

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

Plaintiff that they had requested and received all relevant financial information from Dr. Murphy. Furthermore, even after the Plaintiff raised concerns regarding whether all relevant financial information had in fact been requested and received from Dr. Murphy, Defendant Oberg responded by telling the Plaintiff that she had no ability to compel the financial information the Plaintiff raised a concern about. Defendant Oberg then followed up by assuring the Plaintiff that he would either get his fair share or all of the undisclosed assets by way of the filing of a motion to open judgment based upon fraud. The Plaintiff, as any client of an attorney would be expected to do, relied upon the statements of his attorney to be the truth and accurate, and then subsequently entered into a settlement agreement that failed to take into account the nearly $100,000.00 in later discovered assets that Dr. Murphy concealed, and failed to protect the Plaintiff's legal right to a fair division of those concealed assets. The portions of the deposition relied upon by the Defendants to support their position do not in anyway address the issue of their obligation to perform the requisite discovery.

There are obviously genuine issues of material fact regarding the Plaintiff's claims that Defendants were negligent with respect to discovery in the underlying action, and acted wrongfully or failed to act with respect to Defendants' general representation of the Plaintiff.

  B. **<u>Plaintiff has not abandoned the remaining portion of his CUTPA claim, as evidenced by his proposed amended complaint dated October 2, 2009</u>**

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978

The Plaintiff agrees with the Defendants' assertion that they have affirmatively abandoned their allegations contained within paragraph 22 of the Amended Complaint dated January 20, 2009. However, as allowed for in the Court's (Hall, J) ruling on the Motion to Dismiss, the Plaintiff has filed a motion for leave to file an amended complaint and has amended the fourth claim for relief. See Motion for Leave to Amend Complaint and Amended Complaint dated October 2, 2009.

**VI.　CONCLUSION**

Plaintiff Gary Tatum respectfully submits that this Court should deny Defendants' Motion for Summary Judgment because: (1) there was such an obvious and gross want of care and skill demonstrated here by the Defendants, that the attorneys' neglect is clear even to a lay person, and thus expert testimony would not be required; (2) Plaintiff has provided ample evidence to prove that the Defendants were negligent; and (3) Plaintiff has not abandoned the remaining portion of his CUTPA claim, as evidenced by his proposed amended complaint dated October 2, 2009.

```
                            PLAINTIFF
                            GARY TATUM

                            BY /s/ Joseph N. DeFilippo
                               Joseph N. DeFilippo-Fed Bar. No. CT19761
                               Email:  jdefilippo@defilipporusso.com
```

## **CERTIFICATION**

      I hereby certify that on October 23, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              /s/ Joseph N. DeFilippo
                                              Joseph N, DeFilippo, Esq.

**DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW**
**4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484**
**203-242-3011 • JURIS NO. 425978**