GARY L. TATUM, Individually,       :
        Plaintiff,                 :
                              :
                              :
    v.                            :
                              :      CASE NO.: 3:08CV1251 (JCH)
                              :
MARY CHRISTINA OBERG, In her     :      November 10, 2009
individual and professional capacity, and   :
FORD, OBERG, MANION and HOUCK,    :
P.C.                              :
        Defendants            :
                              :

## <u>DEFENDANTS, MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S, REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

The defendants, Mary Christina Oberg and the law firm of Ford, Oberg, Manion and Houck, P.C. (the "Defendants"), hereby submit this reply to Plaintiff's Objection to Motion for Summary Judgment dated October 22, 2009. The Defendants' have filed a Motion for Summary Judgment as to all remaining counts in Plaintiff's January 20, 2009 Amended Complaint[1]. Specifically, the Defendants' argued that it is entitled to judgment as a matter of law as (1) the Plaintiff had failed to disclose an expert witness to testify as to the standard of care; (2) the Plaintiff failed to present any evidence to support his claim of legal malpractice; and (3) plaintiff affirmatively abandoned his claim set forth in Paragraph 22 of Count Four.

---

[1] On September 3, 2009, the court *Hall, J.*, granted in part and denied in part Defendants' Motion to Dismiss dated March 2, 2009. The court's decision dismissed Count One, Two, and all paragraphs of Count Four except for Paragraph 22. The Defendants' Motion to Dismiss did not address the Plaintiff's allegations in Count Three, the legal malpractice claim.

1

On October 22, 2009, the Plaintiff filed his Objection to the Defendants' Motion for Summary Judgment. In the Plaintiff's Objection, Plaintiff argues that (1) the exception to the general rule regarding the requirement of expert testimony applies in this case; (2) the Plaintiff has provided ample evidence to prove that the Defendants were negligent; and (3) Plaintiff did not abandon his claim in Paragraph 22 as he filed a proposed Amended Complaint. Plaintiff supports his argument using only the allegations from his January 20, 2009 Amended Complaint. However, Federal Rule 56(e)(2) requires a party opposing a Motion for Summary Judgment to provide more than just the allegations of his pleadings in opposing the Motion. Fed. R. Civ. P. 56(e)(2)[2]. Moreover, as set forth more fully below, the Plaintiff has failed to submit his Local Rule 56(a)2 Statement as required by Local Civil Rule 56. As a result, the material facts set forth in the Defendant's Local Rule 56(a)1 Statement are deemed admitted. Therefore, these Defendants ask that this Court overrule the Plaintiff's objections and grant summary judgment dismissing all claims against them.

## I.  ARGUMENT

A.  All Material Facts Set Forth in Defendants' Local Rule 56(a)1 Statement are Deemed Admitted.

Pursuant to Local Rule 56, the Defendants' were required to file a "Local Rule 56(a)1 Statement" along with the Motion for and Memorandum in Support of Summary Judgment. L.Civ. R. 56(a)1 and 4. In the "Local Rule 56(a)1 Statement", the Defendants must provide "a

---

[2] Rule 56(e)(2), provides in relevant part that, " An opposing party may not rely merely on allegations or denials in its own pleading: rather its response must—by affidavit or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."

2

concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." L. Civ. R. 56(a)1. Correspondingly, Local Rule 56(a)2 requires the party opposing a Motion for Summary Judgment to file a "Local Rule 56(a)2 Statement" which states "whether each of the facts asserted by the moving party is admitted or denied." L. Civ. R. 56 (a)2. In addition, the "Local Rule 56(a)2 Statement" must include a separate section which sets forth each issue of material fact as to which the nonmoving party contends there is a genuine issue to be tried. L. Civ. R. 56(a)2. This statement is also required to be filed along with the Plaintiff's Objection to the Motion for Summary Judgment. L. Civ. R. 56(a)4.

In the present case, the Defendants filed the statement of material facts required by Local Rule 56(a)1. (See Doc. No. 102, a copy is attached as Exhibit A). Local Rule 56(a)1, in relevant part, provides that, all material facts set forth in the "Local Rule 56(a)1 statement" which are supported by the evidence "will be deemed admitted unless controverted" by the Local Rule 56(a)2 Statement. L. Civ. R. 56(a)1. Plaintiff has failed to file his "Local Rule 56(a)2 Statement" as required and therefore, each and every material fact set forth by the Defendants has been deemed admitted. As a result, there is no dispute as to any material facts and the Defendants are entitled to judgment as a matter of law.

B.  Expert Testimony Is Required to Establish the Issues of Standard of Care, Breach and Causation

Plaintiff's argument that the exception to the general rule which requires expert testimony to establish the applicable standard of care is unfounded and not supported by any of the undisputed facts in this case. First, Plaintiff may not rely solely on the allegations of his

3

pleadings in opposing a Motion for Summary Judgment to show there are disputed facts. Fed R. Civ. P. 56(e)(2). Further, Plaintiff has failed to file his Local Rule 56(a)(2) statement setting forth the facts which he believes are in dispute with regard to the requirement of expert testimony. Since the plaintiff cannot show that the Defendants' performance constituted such an obvious and gross want of care and skill as to fall within the exception, the Plaintiff is required to present expert testimony to establish the proper standard of professional skill and care. See Celentano v. Grudberg, 76 Conn. App. 119 (2003).

In Celentano, the court affirmed the directed verdict in favor of the defendants in a legal malpractice case. In affirming the trial court's decision, the court held that, "this was not a case in which the defendant, after accepting representation, did nothing. Rather, considerable evidence was presented . . . regarding the strategies [the defendant] employed, the obstacles he encountered, the actions he took and did not take in his representations of the plaintiff, and his reasons for taking or not taking those actions." Celentano, 76 Conn. App. at 128. The court held further that, "Given the circumstances of [the defendant's] representation and the work that he did on behalf of the plaintiffs, members of a jury would be without the knowledge or ability to determine whether the choices [the defendant] made and the actions he took met the standard of an attorney exercising that 'degree of care, skill and diligence which other attorneys in the same or similar locality . . . would have exercised under similar circumstances." Id.

In the present case, the undisputed facts, set forth in the Defendants' Motion for Summary Judgment and deemed admitted by Plaintiff's failure to file a "Local Rule 56(a)2 Statement, provide ample evidence that expert testimony was required to establish the issues of

4

standard of care, breach and causation. This is clearly not a case where the plaintiff can claim that after accepting representation, the Defendants did nothing. Furthermore, expert testimony is required to show that the decisions that Attorney Oberg made and the actions she took met the applicable standard of care. As the court in <u>Clarendon</u> noted, jury fact finders are without the training, experience and knowledge of an attorney therefore they require expert testimony to determine whether the Attorney's actions are reasonable. <u>See</u> <u>Clarendon</u> 76 Conn. App. at 128.

It is undisputed that during the plaintiff's divorce proceedings, Attorney Oberg propounded a number of requests for production of documents upon Dr. Murphy for the purpose of procuring information concerning Dr. Murphy's financial information. (Local Rule 56(a)1 Statement at ¶2, attached as Exhibit A). By the time the Motion to Reopen hearing was conducted, Attorney Oberg had obtained evidence of the real estate Dr. Murphy had concealed, by way of the deed. This is a fact that was admitted by the Plaintiff in his deposition as Attorney Oberg told him that the deed was better evidence that Dr. Murphy owned the property then her 2002 tax return. (5/4/09 Depo of G. Tatum at pg 212). Also, with respect to the missing savings bonds, the Plaintiff was actually in position of most of that evidence but did not provide it to Attorney Oberg until after the Divorce settlement. It is undisputed that the Plaintiff was in possession of the check registers that provided the evidence of the savings bonds and that he did not discover until after the settlement. (Local Rule 56(a)1 Statement at ¶¶6-7, attached as Exhibit A). So by the time the Motion to Reopen hearing was conducted, Attorney Oberg had all the evidence of the missing financial information, proof of the savings bonds and real estate ownership, that the Plaintiff knew existed at the time. (<u>Id.</u>).

5

It is clear that after the representation of the Plaintiff began, the Defendants conducted discovery in this case such that the plaintiff cannot claim that no discovery was conducted. All of the financial information that Attorney Oberg and the Plaintiff knew was missing was obtained. However, Attorney Oberg was faced with a situation in which the other party was actively concealing assets by filing a false financial affidavit. Attorney Oberg was in no position to know that Dr. Murphy was going to file a false affidavit so she would have no reason to believe she did not have all the relevant financial information. (5/4/09 Depo of G. Tatum at pg 197, relevant pages attached as Exhibit B). However, once she learned that information was missing from Dr. Murphy's financial affidavit, she took the necessary steps, to attempt to correct the situation by way of the Motion to Reopen. Given the undisputed facts, it is not in any way clear and obvious that additional discovery was warranted under the circumstances. The testimony of an expert would have therefore been required in order to assist the jury in determining that the actions taken by Attorney Oberg with respect to obtaining the missing financial information met the applicable standard of care and whether she should have conducted additional discovery given the circumstances. Therefore, Plaintiff's assertion that expert testimony is not required is not supported by any of the undisputed facts in this case and the Plaintiff's claims must fail.

C.     Plaintiff Has Failed to Provide Any Evidence that the Defendants Were Negligent

Plaintiff's objection claims that there was ample evidence that proved the Defendants were negligent. Plaintiff's objection merely restates the allegations of his complaints which is improper pursuant to Rule 56(e)(2). He has wholly failed to submit any additional support for

6

his claims, such as affidavits, to prove that the Defendants acted wrongfully. Moreover, the plaintiff failed to file his Local Rule 56(a)2 Statement indicating that there were disputed issues of fact regarding his claim of negligence. Consequently, there is ample evidence that the Defendants did not act wrongfully. It is undisputed that Attorney Oberg propounded a number of requests for production of documents upon Dr. Murphy for the purpose of procuring information concerning Dr. Murphy's financial information. (Local Rule 56(a)1 Statement at ¶2, attached as Exhibit A). Furthermore, the Plaintiff was in possession of the alleged missing financial information prior to entering into the settlement agreement. (Local Rule 56(a)1 Statement at ¶6, attached as Exhibit A). In addition, following the hearing on the Motion to Reopen, the plaintiff was seemingly happy with Attorney Oberg's representation of him and her work at the hearing. (Local Rule 56(a)1 Statement at ¶22, attached as Exhibit A). The plaintiff also did not dispute that fact at his deposition. (Local Rule 56(a)1 Statement at ¶22, attached as Exhibit A).

It is also important to note that Plaintiff's objection does not address the Defendants' argument that they were not negligent with respect to their representation of the plaintiff. He focuses solely on the issue of discovery. Given the fact that Plaintiff has failed to provide any evidence to support his claim that the Defendants acted wrongfully, with respect to discovery or in their representation of him, and his failure to files his Local Rule 56(a)(2) statement setting forth the facts that are in dispute, the Plaintiff's claims must fail as a matter of law.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

D.    Plaintiff Has Affirmatively Abandoned His Claim as to Paragraph 22 of his
      CUTPA claim.

In his objection, the plaintiff admits that he affirmatively abandoned his allegations

contained within paragraph 22 of the Amended Complaint dated January 20, 2009. However, he

claims that since the court allowed him to file a Motion for leave to file an amended complaint

he amended his CUTPA claim and is no longer abandoning the claim in Paragraph 22.

Plaintiff's argument misinterprets the court's September 3, 2009 ruling granting the Defendant's

Motion to Dismiss. With respect to the Fourth Count of the Complaint dated January 20, 2009,

the court, *Hall, J.*, denied the Defendants Motion to Dismiss only as to the claim contained in

Paragraph 22. (9/3/2009 ruling at pg 14). The court granted the motion to dismiss as to the

remaining claims in the CUTPA count. Id. However, the court only allowed the Plaintiff to

replead any of the dismissed claims, if he had a factual and legal basis to do so. Since Paragraph

22 was not a dismissed claim, it was improper for the Plaintiff to replead Paragraph 22 in light of

his previous abandonment of the claim. Therefore, the Plaintiff's CUTPA claim must fail as a

matter of law.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## II.   <u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in the Defendant's September 15, 2009 Motion for Summary Judgment, the Defendant's Motion should be granted.

THE DEFENDANTS,
MARY CHRISTINA OBERG AND
FORD, OBERG, MANION AND HOUCK, P.C.


/s/: Robert Cassot
    Robert Cassot  (CT24094)
    Stephen O. Clancy (CT27617)
    Edward N. Storck III (CT27312)
    MORRISON MAHONEY, LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06106
    Phone: (860) 616-4441
    Fax: (860) 244-3800
    Her and Its Attorneys
    Email: rcassot@morrisonmahoney.com
          sclancy@morrisonmahoney.com
          estorck@morrisonmahoney.com

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

## CERTIFICATION

I hereby certify that on November 10, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph N. DeFilippo, Esq.
Tracey Lane Russo, Esq.
DeFilippo & Russo LLC
4 Research Drive, Suite 402
Shelton, CT 06484
**Counsel for Plaintiff, Gary Tatum**

/s/: Robert Cassot
      Robert Cassot  (CT24094)
      Stephen O. Clancy (CT27617)
      Edward N. Storck III (CT27312)
      MORRISON MAHONEY, LLP
      One Constitution Plaza, 10th Floor
      Hartford, CT 06106
      Phone:  (860) 616-4441
      Fax:  (860) 244-3800
      Her and Its Attorneys
      Email: rcassot@morrisonmahoney.com
             sclancy@morrisonmahoney.com
             estorck@morrisonmahoney.com

MORRISON MAHONEY LLP • C OUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO.  404459

# EXHIBIT A

GARY L. TATUM, Individually,    :
      Plaintiff,           :    CASE NO.: 3:08CV1251 (JCH)
                 :
    v.               :
                 :
                 :
MARY CHRISTINA OBERG, In her    :    September 15, 2009
individual and professional capacity, and    :
FORD, OBERG, MANION and HOUCK,    :
PC.                :
      Defendants        :
                 :

## LOCAL RULE 56(a) 1 STATEMENT

Pursuant to D. Conn. L. Civ. P. Rule 56(a)(1), the Defendants, Mary Christina Oberg and

the law firm of Ford, Oberg, Manion and Houck, P.C. (the "Defendants"), hereby set forth a

concise statement of each material fact as to which they contend there is no genuine issue to be

tried in this case. This statement is submitted in support of their Motion for Summary Judgment

dated September 15, 2009.

1. On February 12, 2002, the plaintiff retained the defendants to represent him in his

divorce proceedings. (Plaintiff's 4/24/09 responses to Defendant's Interrogatories at pg 3 #2(c),

attached as Exhibit A).

2. In connection with the plaintiff's divorce proceedings, Attorney Oberg propounded a

number of requests for production of documents upon Kathleen Murphy, PhD for the purpose of

procuring information concerning Dr. Murphy's financial status and obtained a financial

affidavit sworn to and signed by Dr. Murphy. (5/4/2009 Depo of G. Tatum at pg 58, relevant

pages of plaintiff's deposition attached as Exhibit B).

3. The plaintiff expected his ex-wife to fill out the financial affidavit in an accurate all-inclusive manner and had no reason to believe that Dr. Murphy's affidavit would be false. (5/4/09 Depo of G. Tatum at pg 57, attached as Exhibit B).

4. On or about April 22, 2004, the plaintiff and Dr. Murphy entered into a settlement agreement with respect to property division and custody of their twin sons. (April 22, 2004 settlement agreement, attached as Exhibit C; 5/4/09 Depo of G. Tatum at pgs 61, 91-92, attached as Exhibit B).

5. As part of the final settlement of this matter, it was agreed upon by Dr. Murphy and the plaintiff that the bonds would be utilized to fund the education of the their children, a cost that would otherwise be borne, in part, by the plaintiff. (5/4/09 Depo of G. Tatum at pgs 227-229, attached as Exhibit B).

6. After the execution of the settlement agreement, the plaintiff, while going through boxes at his residence, discovered receipts for several thousand dollars worth of U.S. Savings Bonds that his wife purchased, but did not disclose on her financial affidavit. (5/4/09 Depo of G. Tatum at pgs 113, 200-201, attached as Exhibit B).

7. Plaintiff was in possession of the check registry which ultimately revealed that his ex-wife had purchased the Savings Bonds. (5/4/09 Depo of G. Tatum at pgs 61, 63, 66-67, 111-113, 200-201, attached as Exhibit B).

8. Plaintiff knew that Savings Bonds were being purchased by his wife when they were sill married as they has discussions about it. (5/4/09 Depo of G. Tatum at pgs 69-70, attached as Exhibit B).

2

9. It was the plaintiff who suggested that his ex-wife buy at least two of the bonds. (5/4/09 Depo of G. Tatum at pg 115, attached as Exhibit B).

10. Plaintiff did not know if the Savings Bonds were cashed prematurely such that they would have appeared on Dr. Murphy's 2002 tax returns. (5/4/09 Depo of G. Tatum at pg 155, attached as Exhibit B).

11. Upon discovery of the Savings Bonds, the plaintiff conducted an internet asset search which revealed that Dr. Murphy had Purchased real estate in 2002. (5/4/09 Depo of G. Tatum at pgs 110-111, attached as Exhibit B; Plaintiff's 4/24/09 response to Defendants' Interrogatories at pgs 10-11, #15, attached as Exhibit A).

12. On July 9, 2004, Attorney Oberg filed a motion to reopen the property judgment. Attorney Oberg also subpoenaed Dr. Murphy's 2003 tax return. (7/9/04 Motion to Reopen Judgment, attached as Exhibit D; 7/13/2004 Subpoena at pg 1 ¶4, attached as Exhibit E).

13. Following a hearing on the Motion to Reopen, the court determined that Dr. Murphy had failed to disclose certain real estate and at least $43,000 in savings bonds but nevertheless denied the plaintiff's Motion to Open the Property Judgment. (10/27/04 Hearing at pgs 61, 63-64, 70, attached as Exhibit F).

14. Subsequent to the Court's ruling on the Motion to Reopen, the plaintiff hired the law firm of Horton, Shields, and Knox to appeal the denial of his Motion to Reopen the Property Settlement. The matter was ultimately settled in October 2005 with the plaintiff receiving $12,500.00. (5/4/09 Depo of G. Tatum at pgs 120-122, 218, attached as Exhibit B)

3

15. On February 13, 2009, the court *Hall, J.*, entered a scheduling order whereby the plaintiff was required to disclose any and all expert witnesses and reports therefrom on June 1, 2009. In addition, the plaintiff's experts were to be deposed on or before July 1, 2009. (February 13, 2009 Scheduling Order at pg 1, attached as Exhibit G).

16. As of September 15, 2009, the plaintiff has not disclosed an expert witness, nor has the plaintiff requested additional time to disclose an expert witness. (Affidavit of Robert Cassot, at pg 1 ¶5, attached as Exhibit H).

17. As of September 15, 2009, the plaintiff has obtained all relevant information with regards to the present action and discovery has been extensive. (Affidavit of Robert Cassot, at pg 1 ¶4, attached as Exhibit H).

18. The defendants wrote off thousands of dollars of time despite continuing to advise the plaintiff on various aspects of his case. (5/4/09 Depo of G. Tatum at pg 220, attached as Exhibit B; February 4, 2005 Letter to G. Tatum at pg 1, attached as Exhibit I).

19. The defendants' fees for work conducted on the Motion to Reopen were written into the settlement agreement so that Dr. Murphy, not the plaintiff, had to pay those fees. (5/4/09 Depo of G. Tatum at pg 223, attached as Exhibit B).

20. With respect to legal bills that the plaintiff received from the defendants, he could not recall seeing any obvious billing errors when paying those bills. (5/4/09 Depo of G. Tatum at pg 224, attached as Exhibit B).

4

MORRISON MAHONEY LLP • C OUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

21. When asked if the plaintiff ever accused Attorney Oberg of being unresponsive to plaintiff's requests, the plaintiff could not recall ever doing that. (5/4/09 Depo of G. Tatum at pg 222, attached as Exhibit B).

22. Following the hearing on the Motion to Reopen, the plaintiff was seemingly happy with Attorney Oberg's representation of him and her work at the hearing. In an January 21, 2005, e-mail from the plaintiff to Attorney Oberg, plaintiff wrote:

> Did you get anything from the judge as an explanation for the denial of the motion, or was it just basically a 'denied' stamp? I'd like to see any reason given. I'm obviously not qualified to judge, but I thought your motion to reargue was well-written. If I'd been the judge, I wouldn't want that kind of a wacky ruling on my record. . .

At his deposition, the plaintiff did not dispute that he was pleased with Attorney Oberg. (5/4/09 Depo of G. Tatum at pgs 213-214, attached as Exhibit B; 1/21/05 E-mail from Tatum to Oberg at pg 2, attached hereto as Exhibit J).

23. Before Dr. Hiebel's report was written, the plaintiff did not have any concerns about Dr. Hiebel's fairness. (5/4/09 Depo of G. Tatum at pg 133, attached as Exhibit B).

24. The Plaintiff is unable to say how Dr. Hiebel was chosen to evaluate the plaintiff and Dr. Murphy other than speculation. (5/4/09 Depo of G. Tatum at pgs 139-140, attached as Exhibit B).

25. Attorney Oberg offered the plaintiff the option of retaining another psychologist if he was unhappy with Dr. Hiebel's report. The plaintiff failed to do so. (5/4/09 Depo of G. Tatum at pgs 131-132, attached as Exhibit B)

5

26. With respect to Dr. Hiebel's report being biased, plaintiff acknowledged at his deposition that the report, which recommended joint custody, was more favorable to him than Dr. Murphy:

> Q    In fact, Cathy didn't want you have the kids at all, right?
>
> A    True.
>
> Q    But you, you wanted 50/50 time, right?
>
> A    Originally, yes.
>
> Q    Okay. So actually Hiebel's report comes closer to what you wanted, then what Cathy wanted, right?
>
> A    Well, yes.

(5/4/09 Depo of G. Tatum at pg 150, attached as Exhibit B)

27. On September 3, 2009, the court, *Hall, J.*, granted the defendants' Motion to Dismiss as to Counts 1 and 2. However, the court granted in part and denied in part the Motion to Dismiss as to Count 4, the CUTPA count. Specifically, the court found that ¶22 of Count 4 sufficiently alleged a claim under CUTPA. (September 3, 2009 Ruling on Defendants' Motion to Dismiss at pgs 1, 7, 11, 14, attached as Exhibit K).

28. Following the filing of the Defendants' Motion to Dismiss, ¶22 of Count 4 became the subject of a Rule 11 Motion for sanctions in which the Defendants argued that the allegations contained within ¶22 were not supported by the evidence in this case and constituted an improper attempt to harass and intimidate the Defendants in this matter. Consistent with Rule 11, on April 14, 2009, the Rule 11 Motion was forwarded to plaintiff's counsel but not filed with the court.

MORRISON MAHONEY LLP • C OUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

(Defendants' Rule 11 Motion for Sanctions, attached as Exhibit L; April 14, 2009 fax cover page to Plaintiff's Counsel, attached as Exhibit M; Affidavit of Robert Cassot, at pgs 1-2 ¶6, attached as Exhibit H).

29. After discussion between counsel, plaintiff's counsel agreed to withdraw the allegations contained in ¶22 of the plaintiff's Amended Complaint. (5/4/09 Depo of G. Tatum at pgs 171-172, attached as Exhibit B; Affidavit of Robert Cassot, at pg 2 ¶7, attached as Exhibit H).

30. At his deposition on May 4, 2009, the plaintiff specifically testified that ¶22 is being withdrawn and that an Amended Complaint was forthcoming, thereby abandoning that claim. (5/4/09 Depo of G. Tatum at pg 171-172, attached as Exhibit B).

THE DEFENDANTS,
MARY CHRISTINA OBERG AND
FORD, OBERG, MANION AND HOUCK, P.C.

BY: /s/: Robert Cassot
        Robert Cassot  (CT24094)
        Stephen O. Clancy (CT27617)
        Edward N. Storck III (CT27312)
        MORRISON MAHONEY, LLP
        One Constitution Plaza, 10th Floor
        Hartford, CT 06106
        Phone:  (860) 616-4441
        Fax:    (860) 244-3800
        Her and Its Attorneys
        Email: rcassot@morrisonmahoney.com
               sclancy@morrisonmahoney.com
               estorck@morrisonmahoney.com

7

## CERTIFICATION

I hereby certify that on September 15, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph N. DeFilippo, Esq.
Tracey Lane Russo, Esq.
DeFilippo & Russo LLC
4 Research Drive, Suite 402
Shelton, CT 06484
**Counsel for Plaintiff, Gary Tatum**

/s/: Robert Cassot
Robert Cassot (CT24094)
Stephen O. Clancy (CT27617)
Edward N. Storck III (CT27312)
MORRISON MAHONEY, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
Phone: (860) 616-4441
Fax:     (860) 244-3800
Her and Its Attorneys
Email: rcassot@morrisonmahoney.com
        sclancy@morrisonmahoney.com
        estorck@morrisonmahoney.com

8

# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____
                               )
GARY L. TATUM                  )   CASE NO:  3:08CV125(JCH)
                               )
VS.                            )
                               )
MARY CHRISTINA OBERG, in her   )
individual and professional    )
capacity, and FORD, OBERG,     )
MANION AND HOUCK, P.C.         )
_____)


            DEPONENT:  GARY L. TATUM

            DATE:      MAY 4, 2009

            TIME:      10:31 a.m.

            PLACE:     Morrison Mahoney, LLP
                       One Constitution Plaza
                       Hartford, Connecticut 06103




        BRANDON SMITH REPORTING SERVICE, LLC

          Reporter:  Theresa Garrett, LSR


      44 Capitol Avenue          Six Landmark Square

      Hartford, CT 06106         Stamford, CT 06901

      (860) 549-1850             (203) 316-8591

      (800) 852-4589             (800) 852-4589

1    right?

2        A    Yes.

3        Q    And she had a responsibility, just as you did,

4    your affidavit was accurate as best as you can make it,

5    right?

6        A    Yes.

7        Q    And Attorney Budlong represented Cathy in the

8    divorce, right?

9        A    Yes.

10       Q    Do you have any reason to believe that your

11   attorney knew that Cathy's affidavit was false?

12       A    I don't know.

13       Q    Well --

14   MR. CASSOT:  I need to take a break.

15

16       (Whereupon a short recess was taken.)

17

18   BY MR. CASSOT:

19       Q    I want to skip ahead to C in your complaint.

20   It says these again go to the misrepresentations, that

21   you attribute to Attorney Oberg, that Attorney Oberg

22   indicated that should undisclosed assets be discovered

23   at a later date, Tatum, you, could recover a fair share

24   of those assets by a way of a motion to reopen the

25   judgement based on fraud.