UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                    )
GARY TATUM,                         )
       Plaintiff,                   )
                                    )   **C.A. No. 3:08-CV-01251-JCH**
v.                                  )
                                    )
MARY CHRISTINA OBERG, and           )
FORD, OBERG, MANION and             )
HOUCK, PC,                          )
       Defendants.                  )
_____)    OCTOBER 22, 2009

## LOCAL RULE 56 (a) 2 STATEMENT

Plaintiff Gary Tatum respectfully submits this Local Rule 56 (a) 2 Statement pursuant to D. Conn L. Civ. P. Rule 56 (a) 2, which hereby responds to the Defendants' Local Rule 56 (a) 1 Statement. This statement is submitted in support of the Plaintiff's Objection to Defendants' Motion for Summary Judgment dated October 22, 2009.

    1.    Admitted

    2.    Denied

    3.    Admitted that Plaintiff expected his ex-wife to fill out financial affidavit in an accurate manner; denied as to rest of statement in paragraph 3

    4.    Admitted

    5.    Admitted as to the properly disclosed bonds

    6.    Admitted

    7.    Admitted that he found notations in his ex-wife's check registry which revealed that his ex-wife had purchased additional savings bonds; denied that he was in possession of those check registers

    8.    Plaintiff admits he and his ex-wife had discussions while they were still married about investment opportunities, including the purchase of savings bonds, however he denies he was informed of all purchases she made of savings bonds

9. Plaintiff admits he discussed the purchase of some savings bonds with his ex-wife

10. Plaintiff neither admits nor denies

11. Admitted

12. Admitted that this motion was filed, and a subpoena, containing a request for his ex-wife's 2003 tax return, was at least prepared to be served

13. Admitted

14. Admitted

15. Admitted

16. Admitted

17. Admitted that discovery has been extensive; it is unknown if all relevant information has been obtained

18. Denied

19. A portion of defendants' fees were paid by Plaintiff's ex-wife

20. Admitted

21. Admitted

22. Admitted that he thought her motion to reargue was well written; denied as to him being seemingly happy with Attorney Oberg's representation of him and her work at the hearing

23. Denied

24. Admitted; although he inquired

25. Admitted

26. Admitted as to only certain aspects

27. Admitted

28. Admitted

2

29. Admitted

30. Admitted

Pursuant to D. Conn. L. Civ. P. Rule 56(a) 2, the Plaintiff hereby set forth a Concise statement of each material fact as to which he contends there is a genuine issue to be tried in this case.

1. Complete financial information was not obtained by Defendants, however, Plaintiff was nevertheless instructed by Attorney Oberg to enter into a proposed property division agreement for two reasons: (1) *"if [Tatum] were to discover down the line that [Murphy] had other assets not disclosed, you could seek to reopen the judgment for fraud;"* and (2) that the provision of the agreement that Tatum would receive "all other property" not specifically enumerated in the agreement sufficiently protected him.

2. Inherent and obvious in representing a client in accordance with the standards of professional care in a dissolution of marriage case, is to conduct the requisite discovery in order to obtain all of the financial information from the opposing party, so that such attorney can advise their client as to financial issues involved in the marital estate.

3. The Defendants did not perform the requisite discovery in order to obtain all of the financial information from Dr. Murphy. To make matters even worse, Defendant Oberg falsely represented to the Plaintiff that they had requested and received all relevant financial information from Dr. Murphy. Furthermore, even after the Plaintiff raised concerns regarding whether all relevant financial information had in fact been requested and received from Dr. Murphy, Defendant Oberg responded by telling the Plaintiff that she had no ability to compel the financial information the Plaintiff raised a concern about.

4. Plaintiff relied upon the statements of the Defendants to be the truth and accurate, and then subsequently entered into a settlement agreement that failed to take into account the nearly $100,000.00 in later discovered assets that Dr. Murphy concealed, and failed to protect the Plaintiff's legal right to a fair division of those concealed assets. The result of all of this was that the Plaintiff was damaged financially, in that he received less of

3

the assets from the marital estate than he would have had this information been properly discovered.

5. Even after the Plaintiff raised concerns regarding whether all relevant financial information had in fact been requested and received from Dr. Murphy, Defendant Oberg responded by telling the Plaintiff that she had no ability to compel the financial information the Plaintiff raised a concern about.

6. Plaintiff relied upon Defendants' implied and express representations that it would represent Plaintiff in accord with all applicable standards of professional care, Plaintiff paid a retainer in the amount of four thousand five hundred dollars ($4,500.00) and entered into a written agreement for legal services with Defendants.

PLAINTIFF
GARY TATUM

BY /s/ Joseph N. DeFilippo
Joseph N. DeFilippo-Fed Bar. No. CT19761
Email: jdefilippo@defilipporusso.com

\  **CERTIFICATION**

I hereby certify that on October 23, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph N. DeFilippo
Joseph N, DeFilippo, Esq.

4

DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW
4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484
203-242-3011 • JURIS NO. 425978