UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY L. TATUM, Individually,<br>Plaintiff, | : <br> : <br> : <br> : <br> : |
| v. | :    CASE NO.: 3:08CV1251 (JCH)<br> : |
| MARY CHRISTINA OBERG, In her<br>individual and professional capacity, and<br>FORD, OBERG, MANION and HOUCK,<br>P.C.<br>      Defendants | :    December 7, 2009<br> : <br> : <br> : <br> : <br> : |

## DEFENDANTS, MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S, REPLY TO PLAINTIFF'S DECEMBER 3, 2009 RESPONSE

**I.    INTRODUCTION**

The defendants, Mary Christina Oberg and the law firm of Ford, Oberg, Manion and Houck, P.C. (the "Defendants"), hereby submit this reply to Plaintiff's December 3, 2009 response to the Defendants' Reply to his Objection to Defendants' Motion for Summary Judgment. Plaintiff's response claims that although his Local Rule 56(a)2 Statement was drafted, he, through counsel, inadvertently failed to file it with his Objection to Defendants' Motion for Summary Judgment. The Defendants' respectfully assert that the court should not accept the untimely filing of the Plaintiff's Local Rule 56(a)2 Statement as it violates Local Civil Rule 56. Therefore, for the following reasons, the court should deem all facts set forth in the Defendants' Local Rule 56(a)1 statement admitted and grant the Defendants' Motion for Summary Judgment.

## II. ARGUMENT

### A. Plaintiff's Late-Filed Local Rule 56(a)2 Statement Violates Local Rule 56(a)2

The court should not accept the Plaintiff's late filed Local Rule 56(a)2 Statement as it violates the filing requirement of Local Rule 56(a)2. According to Local Rule 56(a)2, the Plaintiff should have filed the Statement with his Objection to Defendants' Motion for Summary Judgment. See Local Civil Rule 56(a)2 ("The papers opposing a motion for summary judgment **shall** include a document entitled 'Local Rule 56(a)2 Statement'") (emphasis added). The Defendants find it hard to believe that counsel for the Plaintiff only discovered that the Statement was not filed almost a month and a half after the Plaintiff filed his Objection. Furthermore, it was almost a full month after the Defendants' filed their Reply, which pointed out the Plaintiff's failure to file a Local Rule 56(a)2 statement, when Plaintiff's counsel suddenly realized that the Local Rule 56(a)2 Statement had not been filed. Certainly the court cannot accept the late-filed Local Rule 56(a)2 statement under these circumstances.

Courts in this District have repeatedly found that a Plaintiff's failure to file a timely Local Rule 56(a)2 Statement will result in the court deeming the facts set forth in the moving parties' Local Rule 56(a)1 statement to be admitted. See Tyson v. Willauer, 289 F. Supp. 2d 190, 194 (D. Conn. 2003) (citing Booze v. Shawmut Bank, 62 F. Supp. 2d 593, 595 (D. Conn. 1999); Trzaskos v. St. Jacques, 39 F. Supp. 2d 177, 178 (D. Conn. 1999)). Plaintiff's explanation for his late filed Local Rule 56(a)2 Statement cannot form the basis for departing from the court's holding in similar cases. For example, in Tyson, *supra*, the court deemed the facts set forth in the Local Rule 56(a)1 Statement admitted as the Plaintiff in that case, although he filed a timely

2

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

Local Rule 56(a)2 Statement, filed a late Amended Local Rule 56(a)2 statement only after the Defendant had pointed out the Plaintiff's failure to follow the "specific citation" requirements of Local Rule 56(a)3. Tyson, *supra*, at 193-194. Like the Plaintiff in Tyson, the Plaintiff in this case only realized his failure after the Defendants' pointed it out in their Reply. Therefore, as the court did in Tyson, the court should deem all of the facts in the Defendants' Local Rule 56(a)1 statement, that is supported by the evidence, admitted. As all of the Defendants' material facts should be deemed admitted, there can be no genuine issue of fact and the court should grant the Defendants' Motion for Summary Judgment.

  B. Plaintiff's Late-Filed Local Rule 56(a)2 Statement fails to comply with Local Rule 56(a)3's "Specific Citation" Requirement

Even if the court were to accept the Plaintiff's late filed Local Rule 56(a)2 Statement, it wholly failed to comply with the "specific citation" requirements of Local Rule 56(a)3. Specifically, in his statement of material facts and denials of the facts set forth in the Defendants' Statement, the Plaintiff failed to provide specific citations to (1) an affidavit of a witness competent to testify to the facts at trial and/or (2) evidence that would be admissible at trial. See Local Civil Rule 56(a)3. Where a party fails to comply with the requirements of Local Rule 56(a)3, courts have routinely held that the facts set forth in the Local Rule 56(a)1 statement are deemed admitted. See e.g, Nanos v. City of Stamford, 609 F. Supp. 2d 260, 263 (D. Conn. 2009) (Although Plaintiff did submit her own statement of facts, they failed to comply with Local Rule 56(a)3, therefore the Defendant's facts set forth in its Statement were deemed admitted); see also Waisonovitz v. Metro-North Commuter Railroad, 550 F. Supp. 2d 293, 296 (D. Conn. 2008)

3

(Defendants factual statements were deemed admitted where the plaintiff, although appearing to dispute certain facts, failed to provide any specific citations).

Additionally, Local Rule 56(a)3 specifically states that where a party fails to comply with the requirements of the rule, the court may deem the facts that are supported by the evidence admitted in accordance with Local Rule 56(a)1 or impose sanctions including entering an order granting the motion if the undisputed facts show the movant is entitled to judgment as a matter of law. See Local Civil Rule 56(a)3. Plaintiff's late-filed Local Rule 56(a)2 Statement is completely devoid of any "specific citations" in his denials and in his statement of material facts. Therefore, the Defendants' respectfully assert that the court should deem the facts set forth in Defendants' Local Rule 56(a)1 statement admitted, as they are sufficiently supported by the evidence, and enter an order granting the Defendants' Motion for Summary Judgment.

4

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## III. CONCLUSION

For the foregoing reasons, as well as those set forth in the Defendant's September 15, 2009 Motion for Summary Judgment and its November 15, 2009 Reply to Plaintiff's Objection, the Defendants' Motion should be granted.

          THE DEFENDANTS,
          MARY CHRISTINA OBERG AND
          FORD, OBERG, MANION AND HOUCK, P.C.

/s/: Robert Cassot
    Robert Cassot (CT24094)
    Stephen O. Clancy (CT27617)
    Edward N. Storck III (CT27312)
    MORRISON MAHONEY, LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06106
    Phone: (860) 616-4441
    Fax: (860) 244-3800
    Her and Its Attorneys
    Email: rcassot@morrisonmahoney.com
           sclancy@morrisonmahoney.com
           estorck@morrisonmahoney.com

5

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

# CERTIFICATION

I hereby certify that on December 7, 2009, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph N. DeFilippo, Esq.
Tracey Lane Russo, Esq.
DeFilippo & Russo LLC
4 Research Drive, Suite 402
Shelton, CT 06484
**Counsel for Plaintiff, Gary Tatum**

/s/: Robert Cassot
Robert Cassot (CT24094)
Stephen O. Clancy (CT27617)
Edward N. Storck III (CT27312)
MORRISON MAHONEY, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
Phone: (860) 616-4441
Fax: (860) 244-3800
Her and Its Attorneys
Email: rcassot@morrisonmahoney.com
sclancy@morrisonmahoney.com
estorck@morrisonmahoney.com