UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY L. TATUM<br>    Plaintiff,<br><br>v.<br><br>MARY CHRISTINA OBERG, ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>3:08-CV-1251 (JCH)<br><br><br><br>JANUARY 20, 2010 |

**RULING APPOINTING EXPERT**

On December 21, 2009, this court issued an Order to Show Cause as to why an expert should not be appointed in this case for the purpose of resolving plaintiff Gary L. Tatum's claim of legal malpractice. In the Order to Show Cause, the court stated that it was considering appointing Attorney Sarah D. Eldrich of the New Haven bar.

The defendants, Mary Christina Oberg and the law firm of Ford, Oberg, Manion and Houck, P.C., responded to the Order to Show Cause on January 4, 2010. The defendants argue that the court should not appoint an expert in this case because "the issues are uncomplicated" and because the appointment of an expert "would unfairly shift the costs of hiring an expert to the Defendants." Defendants' Response to Order to Show Cause at 1. The defendants also request, in the alternative, that the court hold an evidentiary hearing to determine Tatum's indigency. Id. at 6.

The court overrules the objections articulated in the defendants' Response to the December 21 Order to Show Cause. First, "[t]he trial court has broad discretion whether or not to appoint an expert." 4 Weinstein's Federal Evidence, 2d Ed. § 706.02[4]; see also In re Joint Eastern and Southern Dist. Asbestos Litigation, 982 F.2d 721, 750 (2d Cir. 1992); Gates v. United States, 707 F.2d 1141, 1144 (10th Cir. 1983).

1

In this case, appointment of an expert will assist the court in determining whether Tatum has raised an issue of fact sufficient to survive summary judgment as to his claim of legal malpractice against the defendants.  Second, the court is unpersuaded by the argument that the defendants would bear the costs of Attorney Eldrich's services.  Indeed, Attorney Eldrich has agreed to serve as an expert for the court on a pro bono basis.  Third, the court denies the defendants' request to hold a hearing to determine Tatum's indigency.[1]  Nowhere does Rule 706 provide that the court must hold such a hearing.  Further, the defendants do not argue that Rule 706 contemplates such a hearing.

Pursuant to Rule 706(a), the court hereby appoints Attorney Eldrich to serve as a pro bono expert in this case, for the purpose of providing her opinion as to whether there is a basis for Tatum's claim of legal malpractice.  The parties are directed to provide Attorney Eldrich with all evidence that may be relevant to that claim.  Attorney Eldrich shall make findings as to Tatum's malpractice claim, see Fed. R. Evid. 706(a), and then communicate those findings to the parties to this case, as well as to the court.  After Attorney Eldrich makes findings as to Tatum's claim of malpractice, either party make take her deposition, as provided in Rule 706(a).

---

[1] At a hearing that was held on December 8, 2009, Tatum's counsel represented that he sought to obtain an expert, but was unable to find an attorney willing to undertake the assignment pro bono.  The court is grateful for Attorney Eldrich's willingness to serve pro bono, in the finest tradition of the legal profession.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of January, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge