**PLAINTIFF DEMANDS TRIAL BY JURY**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____
                                              )
GARY TATUM, Individually,          )
        Plaintiff,          )
                                              )     **C.A. No. 3:08-CV-01251-JCH**
v.                                          )
                                              )
MARY CHRISTINA OBERG,     )
FORD, OBERG, MANIOIN and   )
HOUCK, PC, C. MICHAEL BUDLONG,   )
BUDLONG & BARRETT, LLC, DONALD )
J. HIEBEL,                              )
        Defendants.          )
_____ )     JANUARY  28, 2010

**SECOND AMENDED COMPLAINT**

## I.  INTRODUCTION

1.      Plaintiff Gary Tatum of Texas brings this action on behalf of himself to recover monetary damages from Defendants as a result of the conduct of Defendants.

## II.  JURISDICTION

2.      The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship.

3.      The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

4.      This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 2201.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(a)(1) and (c), and 18 U.S.C. § 1965(a) in that the defendants are individuals and corporations subject to personal jurisdiction here, and, under Section 1391(a)(2), all and/or a substantial part of the events giving rise to this claim occurred here.

## III. PARTIES

7. Plaintiff Gary Tatum is a citizen of the State of Texas and, at all times relevant, was a resident of Georgetown, Texas.

8. Defendant Mary Christina Oberg is a citizen of the State of Connecticut, is a partner in the law firm of Ford, Oberg, Manion & Houck, PC and, at all relevant times, acted as the agent and/or employee of Ford, Oberg, Manion & Houck, PC and/or within the course and scope of the authority of Ford, Oberg, Manion & Houck, PC.

9. Defendant Ford, Oberg, Manion & Houck, P.C. is a corporation created under the laws of the State of Connecticut and is engaged in the trade or commerce of advertising and/or offering to sell and/or selling legal services with a principal place of business at 220 Hartford Turnpike, Vernon, Connecticut.

## IV. FACTS

**DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW**
**4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484**
**203-242-3011 • JURIS NO. 425978**

10.     On or about February 12, 2002, Plaintiff Tatum retained Defendant law firm Ford, Oberg, Manion & Houck, P.C. (hereinafter FOMH) to represent him in a dissolution action by and between Tatum and Kathleen J. Murphy, PhD captioned <u>Murphy v. Tatum</u> and pending in the Connecticut Superior Court bearing docket number TTD-FA-01-0077799-S.

11.     In reliance upon FOMH's implied and express representations that it would represent Plaintiff in accord with all applicable standards of professional care, Plaintiff paid a retainer in the amount of four thousand five hundred dollars ($4,500.00) and entered into a written agreement for legal services with FOMH.

12.     FOMH assigned the Tatum representation to Defendant Mary Christina Oberg (hereinafter Defendant Oberg) and, in connection with and furtherance of that assignment, Defendant Oberg made the following, *inter alia*, false representations to Tatum:

a.     That Defendant Oberg had requested and received all relevant financial information from Kathleen J. Murphy, PhD.;

b.     That, despite Tatum's concerns regarding the failure of Murphy to disclose all relevant financial information, Defendant Oberg had no ability to compel the production of information Tatum believed was missing;

c.     That, should undisclosed assets be discovered at a later date, Tatum could recover a fair share of those assets by way of a motion to reopen the judgment based on fraud;

d.     That a clause in the settlement agreement providing that Tatum would receive "all other property" not specifically set forth in the financial affidavits would allow him to recover those assets entirely; and

3

e.      Engaged in a course of conduct designed to conceal these misrepresentations of law and fact.

13.     At the time Defendant Oberg made the aforementioned statements she knew them to be false yet made the false representations for the purpose of inducing Tatum to enter into the proposed settlement agreement.

14.     When Tatum agreed to enter into the proposed settlement agreement, he relied upon the false representations of Defendant Oberg.

15.     Tatum's reliance upon these false representations was to his detriment because the settlement agreement: (1) failed to take into consideration the nearly one hundred thousand dollars ($100,000.00) in assets that Murphy concealed; (2) failed to adequately protect Tatum's legal right to a division of those concealed assets; and (3) adversely affected the amount of child support Tatum would be required to pay.

16.     As a result of Tatum's reliance upon Oberg's false representations he has sustained damages.

## V.      CLAIMS FOR RELIEF

### A.      FIRST CLAIM FOR RELIEF:  BREACH OF CONTRACT

17.     Paragraphs 1-16 of this Amended Complaint are incorporated herein as paragraphs 1-16 of this Second Claim for Relief.

4

18.     From on or about February 12, 2002 through July 2005, Defendants Oberg and FOMH had a contractual duty to provide timely and correct legal advice to Plaintiff.

19.     Defendants Oberg and FOMH breached said contractual duty in one or more of the following ways:

    a.     Promised Plaintiff that if concealed assets were discovered, that Plaintiff could recover all of those concealed assets to the exclusion of Murphy; and

    b.     Failed to deliver the promised result in the Motion to Reopen.

20.     As a result of Defendants Oberg and FOMH's breaches of their contractual duty, Plaintiff has sustained economic damages.

**B.     SECOND CLAIM FOR RELIEF:  MALPRACTICE**

17.     Paragraphs 1-16 of this Amended Complaint are incorporated herein as paragraphs 1-16 of this Third Claim for Relief.

18.     From on or about February 12, 2002 through July 2005, Defendants Oberg and FOMH had a duty to provide Plaintiff with professional services equal to the degree of skill and learning commonly applied under the circumstances then and there existing by a prudent member of the legal profession.

19.     Defendants Oberg and FOMH failed to provide services in accordance with that standard of care in, *inter alia*, one or more of the following ways:

    a.     Failing to provide Plaintiff with timely and correct legal advice;

5

b.    Failing to engage in discovery designed to ensure that Plaintiff's financial interests in the dissolution action were adequately protected;

c.    Failing to file appropriate motions to ensure that Plaintiff's former wife fully and fairly complied with discovery;

d.    Failing to properly advise Plaintiff as to the costs and risks associated with relying upon a motion to open judgment based upon fraud;

e.    Concealing discovery and/or failing to obtain discovery that would have alerted Plaintiff to their failure to comply with the standard of care;

f.    Failing to respond to Plaintiff's requests regarding the manner in which the case proceeded;

20.    As a result of the breach of the standard of care, Plaintiff has sustained economic damages.

## VI.    PRAYER FOR RELIEF

Wherefore, Plaintiff prays the following relief:

1.    Judgment awarding economic damages to Plaintiff; and

2.    Attorneys fees.

PLAINTIFF
GARY TATUM


BY  /s/ Joseph N. DeFilippo
    Joseph N. DeFilippo, Esq.
    Fed. Bar. No. CT19761
    Email:  jdefilippo@defilipporusso.com

**DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW**
**4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484**
**203-242-3011 • JURIS NO. 425978**

## <u>CERTIFICATION</u>

I hereby certify that on this same date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Joseph N. DeFilippo</u>
Joseph N. DeFilippo, Esq.

**DEFILIPPO & RUSSO LLC • ATTORNEYS AT LAW**
**4 RESEARCH DRIVE, SUITE 402 • SHELTON, CONNECTICUT 06484**
**203-242-3011 • JURIS NO. 425978**