UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY L. TATUM, Individually,<br>  Plaintiff, | : | CASE NO.:  3:08CV1251 (JCH) |
| | : | |
| v. | : | |
| | : | |
| MARY CHRISTINA OBERG, In her<br>individual and professional capacity, and<br>FORD, OBERG, MANION and HOUCK,<br>PC.<br>  Defendants | : | FEBRUARY 4, 2010 |

### DEFENDANTS, MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S, MOTION FOR CLARIFICATION

The defendants, Mary Christina Oberg and Ford, Oberg, Manion and Houck, PC, by and through the undersigned respectfully requests clarification of the Court's, Ruling Appointing Expert dated January 20, 2010.  By its ruling, the court appointed Attorney Sarah D. Eldrich to serve as a pro bono expert in this case, for the purpose of providing her opinion as to whether there is a basis for the Plaintiff's claim of legal malpractice.  (See Doc. No. 134).  After reviewing the court's written ruling, the Defendants require the following clarification:

1. The court's ruling states that "appointment of an expert will assist the court in determining whether Tatum has raised an issue of fact sufficient to survive summary judgment as to his claim of legal malpractice against the defendants."  (See Doc. No. 134 at 2).  Is the appointment of Attorney Eldrich limited to summary judgment or is Attorney Eldrich being appointed to also serve as an expert witness at trial?

2.    By its ruling, the court directs the parties to provide Attorney Eldrich with all evidence that may be relevant to the Plaintiff's claim. What particular evidence does the court wish the parties to disclose to Attorney Eldrich? Are the parties required to disclose evidence which may be covered by the privilege against disclosure of attorney work-product or any other applicable evidentiary privilege? If so, will the court protect such privileged information?

3.    What does the court anticipate will be the purpose of taking the deposition of Attorney Eldrich after she communicates her findings to the court and the parties?

4.    Is all communication with the court-appointed expert to be through the court or will the parties be able to communicate directly with Attorney Eldrich? Moreover, if the parties are permitted to have direct contact with Attorney Eldrich, will the parties be required to report to the court and/or opposing counsel regarding said contact? In addition, as Attorney-Eldrich is a court-appointed expert, does the expert have direct communication with the court without the presence of counsel for the Plaintiff and Defendants?

5.    The Defendants request that the court provide a scheduling order with respect to the deadline for providing Attorney Eldrich with all evidence that may be relevant to the legal malpractice claim as directed by the January 20, 2010 Ruling.

6.    During the time in which the court-appointed expert is reviewing the relevant evidence and making her findings, do the pleadings advance as directed under the court's current scheduling orders?

2

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

WHEREFORE, the Defendants respectfully request the court's clarification of its January 20, 2010 Ruling Appointing Expert in accordance with the above-numbered paragraphs.

>THE DEFENDANTS,
>MARY CHRISTINA OBERG AND
>FORD, OBERG, MANION AND HOUCK, P.C.
>
>/s/: Robert Cassot
>Robert Cassot  (CT24094)
>Stephen O. Clancy (CT27617)
>Edward N. Storck III (CT27312)
>MORRISON MAHONEY, LLP
>One Constitution Plaza, 10th Floor
>Hartford, CT 06106
>Phone:  (860) 616-4441
>Fax:  (860) 244-3800
>Her and Its Attorneys
>Email: rcassot@morrisonmahoney.com
>       sclancy@morrisonmahoney.com
>       estorck@morrisonmahoney.com

3

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

## CERTIFICATION

      I hereby certify that on February 4, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph N. DeFilippo, Esq.
Tracey Lane Russo, Esq.
DeFilippo & Russo LLC
4 Research Drive, Suite 402
Shelton, CT  06484
**Counsel for Plaintiff, Gary Tatum**

                                            /s/: Robert Cassot
                                              Robert Cassot  (CT24094)
                                              Stephen O. Clancy (CT27617)
                                              Edward N. Storck III (CT27312)
                                              MORRISON MAHONEY, LLP
                                              One Constitution Plaza, 10th Floor
                                              Hartford, CT 06106
                                              Phone:  (860) 616-4441
                                              Fax:  (860) 244-3800
                                              Her and Its Attorneys
                                              Email: rcassot@morrisonmahoney.com
                                                      sclancy@morrisonmahoney.com
                                                      estorck@morrisonmahoney.com

4

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**