# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GARY L. TATUM                         :
    Plaintiff,                        :    CIVIL ACTION NO.
                                      :    3:08-CV-1251 (JCH)
v.                                    :
                                      :
MARY CHRISTINA OBERG, ET AL.,         :    FEBRUARY 16, 2010
    Defendants.                       :


## RULING RE: MOTION FOR CLARIFICATION (Doc. No. 136)

On February 4, 2010, the defendants moved the court to clarify its Ruling

Appointing Expert, which was dated January 20, 2010.  The court hereby makes the

following clarifications:

1.    At this time, the appointment of Attorney Eldrich as an expert is meant to

assist the court in resolving the claim of malpractice for purposes of

summary judgment.  Once the court receives an expert report from

Attorney Eldrich, it will determine whether Attorney Eldrich will serve a

continuing role in the case.

2.    The parties are directed to provide Attorney Eldrich with all of the

evidence that has been disclosed or discovered in this case to date that

may be relevant to the claim of legal malpractice.

3.    After Attorney Eldrich issues her expert report, the parties will have the

opportunity to depose her, if they wish to inquire about the basis for her

expert opinion.  Neither party is required to depose Attorney Eldrich, but

either party may do so as a matter of right, under Federal Rule of

Evidence 706(a).

4.      The parties are permitted to communicate directly with Attorney Eldrich, rather than through the court.  While opposing counsel must be informed of any communication with Attorney Eldrich and given the chance to participate, the parties need not report their communications with Attorney Eldrich to the court.  If Attorney Eldrich and all parties agree, counsel may communicate with Attorney Eldrich ex parte.  While the court will not communicate with Attorney Eldrich ex parte on the substance of her expert report, it will remain available to Attorney Eldrich to answer any questions she has, or to refine its instructions if necessary.

5.      The deadline for providing Attorney Eldrich with all evidence that may be relevant to the claim of legal malpractice is February 23, 2010.

6.      On January 12, 2010, the court granted the defendants' Motion for Extension of Time to file a renewed motion for summary judgment, giving them thirty days to file such a motion following this court's Order Appointing Expert.  The court hereby extends that deadline, as well as the other deadlines in this case, for an additional seventy-five days.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 16th day of February, 2010.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge