UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY L. TATUM, Individually,<br>  Plaintiff,<br><br>v.<br><br>MARY CHRISTINA OBERG, and<br>FORD, OBERG, MANION and<br>HOUCK, PC,<br>  Defendants. | MEMORANDUM OF LAW IN<br>OPPOSITION TO MOTION FOR<br>SUMMARY JUDGEMENT<br><br><br>**C.A. No. 3:08-CV-01251-JCH**<br><br><br><br>November 15, 2010 |

### PLAINTIFF GARY TATUM'S OBJECTION TO DEFENDANTS MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Gary Tatum respectfully requests that this Honorable Court deny defendants' Mary Christina Oberg and Ford, Oberg, Manion and Houck, P.C's ("defendants") motion for summary judgment as plaintiff has presented issues of material fact with relation to injury and damages which must be presented to a trier of fact.  Specifically, the plaintiff has shown the defendants failed to conduct proper discovery, failed to properly and accurately advise the plaintiff with regard to a motion to reopen, and failed to deliver a promised result on a motion to reopen.  All of these actions and omissions caused the plaintiff substantial damages in excess of one hundred thousand dollars ($100,000.00).

### I.  LEGAL STANDARD

A court should only grant summary judgment if a moving party is able to show that there are no genuine issues of material facts in dispute.  Fed. R. Civ. Proc. 56(c).  All justifiable inferences to be drawn from the underlying facts shall be viewed in a light most favorable to the

non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). Adjustrite Systems Inc. v. Gab Bus. Services Inc., 145 F.3d 543 (2d Cir.1998). The Court should resolve "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F. 2d 520 at 523 (2nd Cir. 1992). Thus, summary judgment should be denied if there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party, summary judgment is improper. Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77 (2nd Cir. 2004).

Even if this court believes the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that the better course would be to proceed to a full trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Furthermore, a plaintiff can prevail on a legal malpractice claim if a reasonable jury could find the requisite substantive standard of clear neglect. Id. "It is established that although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact". Fed. R. Civ. Proc. 56(c), (d) and (e), Advisory Committee Note to 2007 Amendment of Fed. R. Civ. Proc, 56(c), (d) and (e) citing Kennedy v. Silas Mason Co., 334 U.S. 249 (1948). Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Fed. R. Civ. Proc. 56(c) and (e), Advisory Committee Note to 1963 Amendment of Fed. R. Civ. Proc, 56(c) and (e). If dispute as to a material fact is genuine, summary judgment is not appropriate if evidence is such that reasonable jury could return verdict for nonmoving party. Lang v. Retirement Living Pub. Co., Inc., 949 F.2d 576 (2d Cir. 1991).

**II.  FACTUAL HISTORY**

On February 12, 2002, plaintiff Gary Tatum retained the law firm of Ford, Oberg, Manion & Houck ("FOMH") to represent him in connection with a dissolution action by and between Tatum and Kathleen J. Murphy.  (See Second Amended Complaint at ¶10.)  FOMH assigned the responsibility for Tatum's case to Attorney Mary Christina Oberg, a law firm employee.  To that end, Attorney Oberg purported to engage in discovery in order to obtain Murphy's financial information so that an equitable distribution of marital assets, as well as child support, could be determined.  (Id. at ¶ 12.)  Defendant Oberg falsely represented to the plaintiff that she requested and received all relevant financial information from Kathleen J. Murphy, PhD., and that if undisclosed assets are discovered at a later date, Tatum could recover a fair share of those assets by way of a motion to reopen the judgment based on fraud.  She also stated that a clause in the settlement agreement providing that Tatum would receive "all other property" not specifically set forth in the financial affidavits would allow him to recover those assets entirely.  See Second Am. Compl. ¶12. Most importantly, defendant Oberg engaged in a course of conduct designed to conceal these misrepresentations of law and fact.  See Second Am. Compl. ¶12.   Because of these false representations, and the plaintiff's subsequent reliance on same leading up to the settlement agreement, the plaintiff was denied marital assets which would have been uncovered had a proper and diligent investigation been done by Attorney Oberg.  See Second Am. Compl. ¶14-16.

**III. PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 706(a), the Court entered an Order to Show Cause as to why it should not appoint an expert to aid the court. (See Docket No. 129). The Court appointed Attorney Sarah Eldrich on January 20, 2010 to act as the court-appointed expert and directed the parties to provide her with all materials relevant to the claim. (See Order Appoint Expert at pg 2). On January 28, 2010, the Plaintiff filed a second amended complaint alleging legal malpractice and breach of contract. On July 22, 2010, Attorney Eldrich delivered her findings and opinion to the court and the parties. The defendants filed a Motion for Summary Judgment on September, 22, 2010, as to all counts alleged by the plaintiff, incorporating Attorney Eldrich's findings.

**IV. ARGUMENT**

    A. <u>Defendants' reliance on court-appointed expert Attorney Sarah D. Eldrich's findings is misplaced as the findings are not dispositive</u>

Under Fed. R. Evid. Rule 706 (a), the court has inherent power to appoint an expert, under the proper circumstances, to aid court in a just disposition of a case. <u>Scott v. Spanjer Bros., Inc.,</u> 298 F.2d 928 (2d Cir. 1962). In her ruling to appoint Attorney Eldrich, Judge Hall requested the opinion of Attorney Eldrich in resolving the plaintiff's malpractice claim. (See Order Appoint Expert at pgs 1, 2). Under Connecticut law, expert testimony on proximate causation is required to support a legal malpractice claim only when causation is not obvious to a layperson., <u>Palmer v. Sena</u>, 474 F.Supp.2d 347 (Conn 2007). <u>See</u> <u>Davis v. Margolis</u>, 215 Conn. 408, 416 (1990). Moreover, nothing in Fed. R. Evid. 706(a) and its relevant case law suggests that the report of a court-appointed expert is dispositive of an issue, fact, or underlying claim, at

4

any stage of a legal proceeding.  In fact, in certain cases, the normally required use of an expert is excused in legal malpractice cases where wrongful conduct is clear to a layperson.  Palmer, 474 F.Supp.2d 347 (Conn 2007).  The defendants share this view and have argued as much. (Defendants' Response to Order to Show Cause at 1.)  "The rationale underlying [the requirement of expert testimony] is that in most cases, the determination of an attorney's standard of care, which depends on the particular circumstances of the attorney's representation, is beyond the experience of the average layperson, including members of the jury and perhaps even the presiding judge….The general rule does not, however, apply to cases where there is present such an obvious and gross want of care and skill that the neglect is clear even to a layperson." St. Onge, Stewart, Johnson & Reens, LLC v. Media Group, Inc., 84 Conn.App.88, 95, cert denied, 271 Conn 918, 859 A.2d 570 (2004).

In the instant case, the plaintiff has plead and represented that he relied on defendants' representations with regards to competent discovery, which included the purported rendering of timely legal advice.  A fiduciary relationship gives rise to a duty of loyalty and honesty whereas an attorney-client relationship per se gives rise to a duty of care.  Beverly Hills Concepts v. Schatz & Schatz, Ribicoff & Kotkin, 247 Conn. 48 (1998).  Plaintiff also relied on the defendants' representations that he would be successful on a motion to reopen if additional assets were later discovered and fraud was found.  See Second Amended Coml. At ¶12.  While the plaintiff greatly appreciates Attorney Eldrich's work on this matter, he feels compelled to suggest that the standards in Palmer and its progeny can act as a guide to, or supplement, her findings.  It is clear that as a result of the defendants' conduct, and failure to adequately advocate for the plaintiff, the plaintiff has suffered substantial loses.

It should be noted that the basis of Attorney Eldrich's opinion with regard to damages appears to be largely based on the ruling of the court in the underlying divorce proceeding in 2004. Her reliance is misguided. To begin, the court goes to great lengths in detailing the cases that require bilateral fraud in order to reopen a case after finding that a fraud was indeed perpetrated on the court by the plaintiff's ex-wife. See Exhibit C at pgs 61-63 and <u>Billington v. Billington</u>, 228 Conn. 912, 1993. Subsequent to that, the court then carves out an exception to the rule it calls "clear" to remove funds from the plaintiff's separation agreement for a special circumstance. See Exhibit C at pgs 63. A review of <u>Billington</u> and its progeny do not espouse an exception to the rule requiring bilateral fraud. Nor do they set forth rules for a partial grant for a motion to reopen. It would seem presumptuous of Attorney Eldrich to rely, and base her opinion on, a ruling that appears to be contrary to existing law.

Next, a strict reading of Fed. R. Evid. 706 and its related caselaw reflect that the rule contemplates in court testimony from the expert. The rule states, in relevant part,

> The witness *shall* be subject to cross-examination by each party, including a party calling the witness.

(Emphasis added). Fed. R. Evid. 706(a). While it is understood that an expert opinion is obtained to aid the court in finding a just resolution, <u>Scott</u>, supra, the rule mandates that the witness be subject to cross-examination by the parties. Accordingly, as the plaintiff has not had an opportunity to cross-examine Ms. Eldrich, the defendants' summary judgment motion should be denied. Indeed, there is nothing in the rules that requires an expert opinion be taken as fact and while Ms. Eldrich may be an expert, her untested opinion is simply not dispositive on the issue of damages

B. <u>Plaintiff has shown that the defendants' negligent misrepresentations caused him substantial injury and damages in both malpractice and contract</u>

Malpractice is defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. <u>Pelletier v. Galske,</u> 936 A.2d 689 (Conn.App. 2007). In order to sustain a legal malpractice claim, a plaintiff must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. <u>Mayer v. Biafore, Florek and O'Neill,</u> 245 Conn. 88 (1998). In a legal malpractice claim under Connecticut law, the test of proximate cause is whether the attorney's conduct was a substantial factor in bringing about the plaintiff's injury. <u>Palmer,</u> supra.

In the instant case, due to the misrepresentations made by the defendants, the plaintiff sustained injury which resulted in substantial financial loss. Defendants would have the court believe that Attorney Eldrich found definitively, and with authority, that the plaintiff closed off any further relief by settling his Motion to Reopen appeal. See Def. Motion for Summary Judgment at pg 9. What Attorney Eldrich actually found however, was that the plaintiff "essentially" settled in lieu of any further damages. See Expert Opinion at pg 8. She also stated that the plaintiff "effectively foreclosed" any further relief. Id. Neither of the word choices convey a definitive statement, or final opinion. Moreover, Attorney Eldrich seems to ignore that to the extent the plaintiff foreclosed any further damages by settling the appeal he did so in reliance on the defendants' yet again, negligent misrepresentations. Thus, despite the fact that Attorney Eldrich concludes there are no "quantifiable" damages remaining for the plaintiff, she leaves the door open by her own words and does not fully address all the issues. See Expert

7

Opinion at pg 7.  Further, it should be noted that the settlement that the plaintiff entered into with his ex-wife was on the advice of defendant Oberg.  Those issues would be ripe for presentation to a trier of fact.

It is clear that 'but for' the defendants' acts and omissions the plaintiff would not have suffered the damages that he has.  It is undisputed that there was financial information that was not obtained in discovery by the defendants and has been later found. Had this information been obtained in a timely manner, the marital estate would have had more assets to divide up among the two parties involved. This is just the type of situation that was envisioned by the courts in carving out an exception to the general rule of the necessity for expert testimony in a legal malpractice case. See Dixon v. Bromson and Reiner, 95 Conn. App. 294 (2006).  A flexible approach to jury competency to make reasoned decisions about legal performance has worked well in legal malpractice cases. St. Onge, supra, citing Caron v. Adams, 33 Conn.App. 673 (1994).

An attorney may be subject to a claim for breach of contract arising from an agreement to perform professional services.  Rosenfield v. I. David Marder and Associates, LLC, 110 Conn.App. 679 (2008).  A claim in which plaintiff asserts that defendant who is a professional breached an agreement to obtain a specific result states a true contract claim.  Id.  The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages.  Id.  The legal requirement for proof of professional malpractice or breach of a contract to provide legal services is the same.  Celentano v. Grudberg, 76 Conn.App. 119 (2003).  Not taking into account the assets that Attorney Oberg failed to uncover (which were valued at around $100,000), at a minimum the Plaintiff incurred damages in the amount of $13,367.51 on his appeal of the motion to reopen and also a portion of

the funds he spent for the divorce, $17,402.50). Attorney Eldrich reasons that Attorney Oberg exhibit the knowledge base of a typical matrimonial Attorney. See Expert Opinion at pg 8. The Plaintiff finds it simply unconscionable that a typical matrimonial lawyer's knowledge base would translate into failed discovery, extended litigation, and escalated costs to the client.

## VI.    CONCLUSION

Plaintiff Gary Tatum respectfully requests that this court deny defendants' Motion for Summary Judgment because there are material facts in dispute that require presentation to a trier of fact. Specifically, Attorney Oberg made false representations to the detriment of the plaintiff, and those false representations resulted in substantial damage to the plaintiff in excess of one hundred thousand dollars ($100,000.00).

> Respectfully Submitted
> GARY TATUM
> By his attorney(s)
>
>
> BY /s/_____
> Joseph N. DeFilippo - Fed Bar No. CT19761
> Tracey Lane Russo – Fed Bar No. CT19865
> Email:  jdefilippo@defilipporusso.com
> Email:  trusso@defilipporusso.com

**CERTIFICATION**

      I hereby certify that on November 15, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.



/s/