UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY L. TATUM, Individually,<br>      Plaintiff, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> CASE NO.: 3:08CV1251 (JCH) <br><br> NOVEMBER 29, 2010 |
|       v. | | |
| MARY CHRISTINA OBERG, In her individual and professional capacity, and FORD, OBERG, MANION and HOUCK, PC.<br>      Defendants | | |

**REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS,
MARY CHRISTINA OBERG AND FORD, OBERG, MANION
AND HOUCK, P.C.'S, MOTION FOR SUMMARY JUDGMENT**

The defendants, Mary Christina Oberg and the law firm of Ford, Oberg, Manion and Houck, P.C. (the "Defendants"), hereby submit this reply to Plaintiff's Objection to Motion for Summary Judgment dated November 15, 2010.  The defendants filed the instant Motion for Summary Judgment on the grounds that the plaintiff had failed to provide any evidence of actual injury and damages sufficient to sustain his legal malpractice claim.  In support of the their Motion, the defendants referred to and relied on their Motion for Summary Judgment and supporting Memorandum of Law filed on September 15, 2009 to the extent it related to the plaintiff's existing legal malpractice claim.  In addition, the defendants moved for Summary Judgment on the plaintiff's breach of contract claim as the plaintiff has failed to provide any evidence of damages to support his claim.  The defendants asserted that their arguments were supported by the opinion of court appointed expert, Sarah D. Eldrich, Esq.

1

Plaintiff's Objection now tries to attack the opinion of the court appointed expert as not being dispositive of the matter.  First, even if Attorney Eldrich's opinion is not dispositive, the plaintiff has still failed to appoint his own expert and, absent an expert witness, plaintiff is unable to produce testimony to establish the issues of standard of care, breach and causation.  Contrary to the plaintiff's assertion, this is not a matter where the alleged malpractice is so obvious that failure to disclose an expert is excused.  In appointing Attorney Eldrich as an expert in this case, the court apparently deemed the issues sufficiently complex such that it required the assistance of an expert to determine whether the plaintiff has a raised a fact sufficient to survive summary judgment.  The defendants do agree that there are cases where excusing the failure to disclose an expert is warranted, however, contrary to the plaintiff's assertion, the defendants have never argued that this is one of those cases in their Reply to the Order to Show Cause or otherwise.  In further support hereof, defendants refer to and rely on their Motion for Summary Judgment and supporting Memorandum of Law, dated September 15, 2009 to the extent that it relates to the issue of plaintiff's failure to appoint an expert witness.

Notwithstanding the Plaintiff's failure to appoint his own expert, the defendants assert that Attorney Eldrich's opinion is still dispositive of the issues in this case.  Indeed, the order appointing Attorney Eldrich as an expert clearly stated that it was for the purpose of assisting "the court in determining whether Tatum has raised an issue of fact sufficient to survive summary judgment as to his claim of legal malpractice." (See Doc. 159, Exhibit A at pg 2). Moreover, the ruling directed all parties to provide "all evidence that may be relevant to that claim." Id.  In fact, the plaintiff, by way of notice to the court filed on March 13, 2010, stated that he had sent all relevant material related to his malpractice claim to Attorney Eldrich for her

2

review. (See Doc. 145). With all relevant information on the plaintiff's malpractice claim, Attorney Eldrich rendered an opinion that the plaintiff did not suffer any actual injury as a result of the alleged malpractice. (See Doc. 159, Exhibit B at pg 8). As a result, the plaintiff could not satisfy the fourth prong of the test to determine whether legal malpractice has occurred. (Id.). Certainly, if all of the relevant evidence has been presented, and an expert appointed by the court finds no malpractice, then that determination appears to be dispositive of the issue. Plaintiff cannot now provide anymore evidence on the issue. Should he do so, it would be in direct violation of the court's order appointing Attorney Eldrich. Furthermore, as the plaintiff's breach of contract claim is derivative of his legal malpractice claim, if he could not provide evidence to Attorney Eldrich that showed he had suffered actual injury or ascertainable damages, he simply cannot support his breach of contract claim. Plaintiff is simply attempting to create a factual issue where none exists in light of the courts appointed expert's opinion which clearly runs contrary to the plaintiff's claims.

In addition, to the extent that the plaintiff now claims that the Motion for Summary Judgment should be denied because he has not had an opportunity to cross-examine Attorney Eldrich, this argument is without support. Pursuant to the court's ruling appointing Attorney Eldrich, each party had the opportunity to take Attorney Eldrich's deposition following her findings. (See Doc. 134 at pg 2). Attorney Eldrich's report was filed with the court on July 26, 2010. (See Doc. No. 149). At anytime after that date, the plaintiff was free to take Attorney Eldrich's deposition. However, he has failed to do so. In fact, the defendants did not file the instant Motion for Summary Judgment until September 22, 2010. Certainly, if the plaintiff felt it necessary to cross-examine Attorney Eldrich he could have taken her deposition anytime after

September 22, 2010 and sought an extension of time to respond to the Motion for Summary Judgment. He simply failed to do so. However, the plaintiff sought an almost sixty (60) extension of time to respond to the defendants' Motion for Summary Judgment. At no point during that time did he request to take the deposition of Attorney Eldrich. Therefore, the plaintiff's claim that the Motion should now be denied because he did not have an opportunity to cross-examine Attorney Eldrich is without support. His failure to take the deposition of Attorney Eldrich was through no fault but his own.

Based on the foregoing reasons, and those more fully set forth in the Motion for Summary Judgment and Supporting Memorandum of Law dated September 22, 2010, the defendants respectfully request that the court grant Summary Judgment as to the plaintiff's claims for legal malpractice and breach of contract as set forth in the Second Amended Complaint dated January 28, 2010.

> THE DEFENDANTS,
> MARY CHRISTINA OBERG AND
> FORD, OBERG, MANION AND HOUCK, P.C.
>
> /s/: Edward N. Storck III
> Robert Cassot  (CT24094)
> Edward N. Storck III (CT27312)
> MORRISON MAHONEY, LLP
> One Constitution Plaza, 10th Floor
> Hartford, CT 06106
> Phone:  (860) 616-4441
> Fax:  (860) 244-3800
> Her and Its Attorneys
> Email: rcassot@morrisonmahoney.com
> estorck@morrisonmahoney.com

4

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## CERTIFICATION

  I hereby certify that on November 29, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joseph N. DeFilippo, Esq.
Tracey Lane Russo, Esq.
DeFilippo & Russo LLC
4 Research Drive, Suite 402
Shelton, CT  06484
**Counsel for Plaintiff, Gary Tatum**

      /s/: Edward N. Storck III
      Robert Cassot  (CT24094)
      Edward N. Storck III (CT27312)
      MORRISON MAHONEY, LLP
      One Constitution Plaza, 10th Floor
      Hartford, CT 06106
      Phone:  (860) 616-4441
      Fax:  (860) 244-3800
      Her and Its Attorneys
      Email: rcassot@morrisonmahoney.com
        estorck@morrisonmahoney.com