UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(AT BRIDGEPORT)

FILED

2011 AUG -4  A 9: 58

U.S. DISTRICT COURT
BRIDGEPORT, CONN

|  |  |
|---|---|
| Plaintiff, GARY L. TATUM | ) |
|  | ) |
|  | ) |
| v. | ) Civil Action No. 3:08-cv-01251 (JCH) |
|  | ) |
| Defendants | ) |
| MARY CHRISTINA OBERG, | ) |
| FORD, OBERG, MANION and HOUCK, PC., | ) |
|  | ) |
|  | ) August 3, 2011 |
|  | ) |

## OBJECTION TO DEFENDANT MOTION TO DISMISS AND
## SECOND MOTION FOR APPOINTMENT OF COUNSEL FOR PLAINTIFF

Plaintiff files this pro se objection to defendant's motion to dismiss, along with a companion motion to

appoint counsel for Plaintiff.  The defendant's motion was filed at the July 14, 2011 settlement

conference.

Plaintiff regrets and sincerely apologizes to both the Court and opposing counsel for any

inconvenience due to the failure of both Plaintiff and Plaintiff's counsel to appear at the

settlement conference.  Although I (Plaintiff) am unclear on my personal level of responsibility,

and about how much information should be disclosed at this time in explanation without

violating confidentiality, the circumstances that follow should indicate that a dismissal would not

be warranted, and a more typical remedy would be more appropriate.


I personally had every intention of participating in the settlement conference.  I requested time

off work (copy of leave request attached) for three days to be available for negotiation or travel;

however, based on my interpretation of the rules (filed May 6, 2011) relative to such meetings, I

did not believe that my physical presence was required if I had representation.  I did expect that I would need to be present to formally record a settlement if either an agreement had been reached beforehand, or if it were reached during the meeting, but settlement seemed highly unlikely since I had seen no documentation upon which to base a settlement amount; therefore, discovery did not appear to be adequately completed.

Considering the cost of travelling approximately 1700 miles to be present, I inquired of the clerk's office about the optional procedure to participate by phone. When it seemed that my initial verbal inquiry was misunderstood, I faxed my questions to the clerk's office on May 27, 2011 (copy of confirmation attached.  A copy of the text that was transmitted is also attached, but due to the nature of the fax service used, I do not have a verbatim photocopy of the fax that was actually received.)  I was subsequently informed that my lawyer would have to make such a request, and that he would be notified that I had contacted the clerk's office.  I therefore needed to rely completely on my lawyer to file the request to participate by phone, and possibly also of the status of the request, since I still do not know if either would appear on the docket in Pacer.

I realized a few days before the date of the settlement conference that I still had not yet received any contact information about how to participate by phone, or the status of that request.  Subsequent email communications with my lawyer on the subject are not currently attached due to confidentiality, but the indication I received was that, despite an earlier assurance, no request to participate by phone had actually been filed, and that no financial information would be available as a basis for settlement discussions.  I still did not get the impression that my presence was required, although I did still plan to be available by phone. On the morning of the date of the conference when I tried to contact my lawyer by email and by phone, I discovered he was no longer at the office address that I had, and the receptionist gave

me a new office phone number to try.  I left a message at the new number, but I do not know if he had any communication with the court or opposing counsel.  I also do not know if he filed a pre-conference report.  I have received no additional communication with my lawyer since the July 14th date of the settlement conference.  My current perception is that he has abandoned the case.

I again apologize wholeheartedly for the missed appointment and wish to emphasize that if I misinterpreted a requirement that I be physically present, there was certainly no malicious intent on my part.  Relative to opposing counsel's motion for dismissal as sanction, the more common sanction that I could locate for such situations is a reimbursement of an appropriate amount to opposing counsel for their time.  I would respectfully request that any such amount so ordered should be paid by Mr. DeFilippo or upon settlement.

## SECOND MOTION FOR APPOINTMENT OF PLAINTIFF COUNSEL

Considering the aforementioned situation, and in the interest of justice, Plaintiff respectfully requests the Court appoint counsel for the Plaintiff. This is the Plaintiff's second request to appoint counsel. Although the first request was denied on August 20, 2008, the possibility was left open to move for appointment later if necessary, and Plaintiff now believes it is necessary. It has become apparent that Plaintiff's current counsel, Joe DeFilippo, does not have the resources and/or commitment necessary to adequately handle the case, and has most likely abandoned the case. Plaintiff is unable to handle the case pro se, and has been unable to secure alternate representation.

## Merits of the case

With reference to the first requirement for such a request as outlined in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), it is clear at this time that the case has passed the test of likely merit, as indicated by the recent ruling denying in part defendant's motion for Summary Judgment, and as indicated by the report of court-appointed expert Sarah Eldrich that found in favor of Plaintiff with respect to negligence.

However, Plaintiff knows of no depositions, requests for documents, interrogatories or requests for admissions filed by current counsel. This absence of discovery and/or a supporting expert witness was a key factor in this Court's recent ruling to allow substantial dismissal of the malpractice claim.  It is unclear to this Plaintiff what obligation a lawyer has to perform discovery or obtain funding for sufficient discovery to adequately present a plaintiff's interpretation of relevant facts.

## Plaintiff's ability to investigate the crucial facts and deal with the issues if unassisted by counsel

Allowing that newly appointed counsel may have a somewhat different perspective, the crucial facts of the case concern documents that have been repeatedly withheld from Plaintiff in order to conceal the existence of hidden assets owned by Plaintiff's ex-spouse Dr. Kathleen J. Murphy that were not reported in the original divorce property settlement, and quite possibly in subsequent financial affidavits thereafter.  The withheld documents could substantially determine the amount of damages in the current action.  Plaintiff's current counsel has apparently also not attempted to obtain the documents, and Plaintiff's ability to do so without assistance of counsel would be extremely unlikely.

4

Thus far, Plaintiff has identified three main documents that are relevant to the remaining claims and the determination of damages:

1. The 2002 federal and state income tax return(s) of Plaintiff's former spouse Murphy. For defendant Oberg to not request that specific return on three separate requests for production and/or subpoenas duces tecum suggests that she knew there was something on it that she did not want her client to see.  If it was not Murphy's six-figure income in 2002, then an indication of concealed assets would certainly make that document relevant to the issue of distribution of property.  A passing comment by an IRS agent during a phone call with the Plaintiff in 2006/2007 that Murphy's 2002 return showed "quite a few" bond transactions hints at the significance of the document.  A jury might therefore reasonably conclude that the repeated omissions of the same document were intentional and designed to improperly conceal and therefore shift marital assets to Murphy at the expense of Oberg's own client, thus helping to render Plaintiff financially devastated and unable to remain near his children. If a jury considered the defendant's actions to be egregious, that would lend support to the portion of the malpractice claim that was dismissed March 23, 2011, yet no objection was entered by Plaintiff's current counsel. Although allowed by the Court, Plaintiff's counsel apparently has not conducted a deposition of Murphy or made any attempt to obtain the 2002 return(s).

2. A complete bond listing that Murphy was obligated to provide according to the stipulated settlement dated October 17, 2005 (attached).
Plaintiff has requested this information on two occasions from Murphy and received no response.  If a request must be in a particular form, this Plaintiff is unaware of what that

requirement might be.  If Murphy never intended to comply with the disclosure provision, and if the sole purpose of the motion for child support, while Plaintiff was injured and without income, was to effectively threaten incarceration without disclosing relevant documents unless the Plaintiff settled the appeal for a minimal amount, then the validity of the stipulated settlement of the appeal is at least questionable.  If the stipulated settlement is determined to be invalid, then that would be contrary to the implicit assumption made by court-appointed expert Eldrich that the settlement was valid and therefore precluded any determination of damages in the current action that would fully support a malpractice claim.

Additionally, if there was collusion between defendant Oberg and Murphy to improperly divert assets to Murphy while she was running for office as Judge of Probate in 2004, and to continue withholding information thereafter, in order to both protect Murphy's improperly-obtained assets and to minimize any possible later calculation of damages against defendant Oberg, then Defendant Oberg's earlier actions might be construed not only as egregious, but possibly also as an illegal gift to a candidate running for office.  Either determination could also affect the validity of the stipulated agreement and thus support of the previously dismissed portion of the malpractice claim.

However, current counsel has apparently made no attempt to obtain the bond records, and this Plaintiff is not qualified to address such complex legal issues as the above without competent representation.

3. The probate records regarding any inheritance Murphy received upon the death of her aunt Clara Majercik in February, 1999.
This information would be relevant in this case since the original property settlement specified that Plaintiff would receive all other property not listed by Murphy.  The relevant probate records

were accessible to Murphy in her previous position as Judge of Probate, and have apparently been removed from the public file and replaced with the name of Putnam attorney Colleen Cording.  A recent check with the Probate court confirmed that the records are still not on file, and Plaintiff has no indication that current counsel has ever attempted to obtain the information.

The legality of the removal notwithstanding, the records are now suspect in their authenticity and this Plaintiff is unaware of the appropriate procedure to obtain the records and authenticate them.  Additionally, newly appointed counsel may need to consider whether Plaintiff's original civil RICO claim regarding the concealment of records should be restored by expanding the list of defendants. This Plaintiff is not qualified to address such complex legal issues as the foregoing without competent representation.

Other documents or testimony may become relevant if appointed counsel has the opportunity to examine the above items and perform any other allowed discovery.

It may be worth noting that Plaintiff's current counsel previously worked at the law firm of Morrison Mahoney, LLP that is currently representing defendant Oberg and the law firm of Ford, Oberg, Manion and Houck.  Plaintiff has no indication of any discovered conflicts or prior agreements that might have affected the objectivity of Plaintiff's current counsel.

Additionally, Plaintiff certainly has no direct evidence that current counsel has been subjected to any undue influence to avoid discovery to reduce damages, or avoid objections to reduce grounds for appeals, or to encourage the likelihood of a default by Plaintiff, but given the present circumstances, such a possibility cannot be completely ruled out at this time. Regardless of any explanation, in a case that clearly has merit, where the defendants are

lawyers themselves, and who are represented by competent lawyers, the best means available to ensure the opportunity for justice would be for the Court to appoint competent representation for Plaintiff, and Plaintiff respectfully requests such an appointment at this time.

Plaintiff also respectfully requests that the Court direct Attorney DeFilippo to turn over the case file to either Plaintiff or appointed counsel as appropriate, without charge to Plaintiff at this time.

Attempts to obtain representation

As the attached list indicates, Plaintiff has made numerous attempts to locate alternate representation over the past several months as concerns about representation has increased. Although not required to "exhaust the legal directory," Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir.1977), Plaintiff has contacted or attempted to contact all legal malpractice lawyers suggested by the New Haven Bar, the New York State Bar, and the Duchess Bar in New York, as well as other firms directly without success; therefore Plaintiff believes assistance from this Court will be needed to obtain representation.

While the search was not restricted to pro bono aid, it should be noted that out of state residents are excluded from Connecticut Statewide Legal Services as well as several other organizations who provide pro bono legal services, since they all rely on that organization for intake processing. Similarly, organizations in Texas that provide pro bono services do not handle out of state cases.  Plaintiff's residence is approximately 1700 miles from this jurisdiction.

Respectfully submitted,

Dated at Round Rock, Texas, this 3rd day of August, 2011,

PLAINTIFF, PRO SE

Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522

9

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2011, a copy of the foregoing and all attachments was sent by regular

mail to each of the following parties:

Robert Cassot, Esq.

Edward N. Storck , III

James L. Brawley, Esq.

Morrison Mahoney, LLP

One Constitution Plaza, 10th Floor

Hartford, CT 06106

For Defendants, Mary Christina Oberg, and

   Ford, Oberg, Manion and Houck, P.C.


PLAINTIFF, PRO SE

Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522

# PTO Request Form

| Name | *Gary Tatum* | Title | *SSC* |
|---|---|---|---|
| Supervisor (Required) | *Brenden Holmes* | | |
| | | **Request made more than 2 months in advance will not be accepted. | |
| Primary Account | | | |
| | | Hire date: | |

| Today's Date ( Required) *7/6 11* | PTO Hours | Accrured: |
|---|---|---|
| Agent Type (Required) (Tier 1 Agent)  T2 Agent  Pskill: | | Available to Borrow: *75.48* |

Please complete form in permanent ink. Please fill out required sections completely and obtain all necessary signatures! Please allow 72 hours for processing

**My Schedule (Required):**

| Schedule Start Time (Required) | *9:30* | **Shift - circle one** |
|---|---|---|
| Schedule Stop Time (Required) | *6:00* | (Morning)   Evening   Overnight |

**Work Days (please check the boxes that are your work days):**

| Sunday | Monday | Tuesday | Wed | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | ✓ | ✓ | ✓ | — | ✓ | |

I am requesting the following time off. Please enter date(s) requesting off in box(es) corresponding to the day of the week:

| Sun | Mon | Tue | Wed | Thur | Fri | Sat |
|---|---|---|---|---|---|---|
| | | | 7 13 | 7 14 | 7 15 | |

| Sun | Mon | Tue | Wed | Thur | Fri | Sat |
|---|---|---|---|---|---|---|
| | | | | | | |

**Please check a box:**
This time is for: ☑ Personal Time ☐ Vacation^ ☐ Bereavement ☐ Jury Duty* ☐ Military Leave* ☐ Unpaid time off  *court appearance*
^please confirm you have the time available within the time keeping system

*prev. request had wrong dates*

Your signature (Required):  *Gary Tatum*

By signing this form I understand that I am only requesting time off.  This is not final until signed by a supervisor and WFM.

My Supervisor's signature (Required):                                        Date: *0.0.11*

By signing this form I confirm that the agent has supplied correct information, all required fields have been filled in, and the day appears to be open on the tracker.  Also, I have verified that the available PTO hours are correct.

**lBelow for WFM Use Onlyl**

**Approval Process**
☒ **Yes**
I have approved this PTO form by reviewing PTO tracker and
this request does not exceed the number of agents allowed off that day.

☐ **No**
The request for time off is denied.
Reason:         day full      incomplete/      insufficient notice   PTO Blackout    Insufficient PTO Hours
                              incorrect form

Operation Center Staff Signature:

**All processed forms will be returned to the respective Supervisor or account admin.**

**Incomplete forms will be returned disapproved. Requests with less than 3 days notice will not be accepted.**

**ADDENDUM**

**Text of message faxed to clerk's office May 27, 2011:**


U.S. District Court, Bridgeport Connecticut
Clerk's office fax 203-579-5867


Based on the voice mail I received, I believe my procedural question was misunderstood, so I thought it best to ask again in written form:

I was referring to the option to participate in a settlement conference *by telephone*, and not that I did not want to participate at all. The telephone option was mentioned in the instructions filed May 6, 2011.

I did make the request to participate by telephone through my lawyer, but since I did not see it on Pacer yet, that prompted my questions about the formality of such a request:

1. Does such a request appear on Pacer?

2. If not, then is it a request that I could file if necessary, or would an appearance need to be filed to make such a request?

I apologize for any misunderstanding.

Gary Tatum, Plaintiff
case # 3:08-cv-01251-JCH
512-879-6522 voice mail

11

## Your fax to Clerk\'s Office has succeeded

| | |
|---|---|
| **From:** | support@faxzero.com |
| **To:** | Gary Tatum |
| **Subject:** | Your fax to Clerk\'s Office has succeeded |
| **Date:** | May 27, 2011 10:28 AM |

Dear Gary Tatum,

Your 1-page fax to Clerk\'s Office at 2035795867 has been sent successfully!
(Page count does not include the cover page.)

Thank you,
FaxZero.com

P.S. New from the makers of FaxZero: BetterOCR offers the most accurate
   optical character recognition anywhere.

---------------------------------------------------------------------

            Put Your Printer To Work - Free Printable Stuff!
       Printable Business Cards          Printable Certificates
       Printable Stationery              Printable Gift Tags
       Printable Recipe Cards            Fax Cover Sheets
       Coloring Pages for Kids           Time Sheets for Grown-Ups

---------------------------------------------------------------------

(id# 4906735)

DOCKET NO: FA 01 0077799　　　　　:　　SUPERIOR COURT

KATHLEEN MURPHY　　　　　　　　:　　J.D. OF TOLLAND

VS.　　　　　　　　　　　　　　　　:　　AT ROCKVILLE

GARY TATUM　　　　　　　　　　　:　　OCTOBER 17, 2005

## STIPULATION

The parties in the above-entitled matter hereby agree and stipulate as follows it
being understood that said stipulation and agreement resolves all pending issues as
more particularly articulated herein.

1. The parties agree that there shall be no further motions relative to the
distribution of assets and/or the payment of alimony or the like relative to said
judgment.

2. Within ten (10) days of the court approving this stipulation the plaintiff shall
pay to the defendant the sum $12,500.00. Said funds being paid by bank check made
payable to the defendant, Gary L. Tatum. The balance of the plaintiff's bonds shall be
placed in a trust for the benefit of the minor children. The defendant shall be entitled to
review any monthly and/or yearly statements and/or accountings of said bonds and/or
trust.

3. The plaintiff further agrees to withdraw her pending motion for child support.
not to ask the court for an order for payment of child support by the defendant until
August 28, 2006, and that no obligation to pay child support on behalf of the defendant
shall begin to accrue until August 28, 2006. The plaintiff further agrees not to pursue
the defendant for payment of child support by him until August 28, 2006. The parties
further agree that the only remaining issues between them relative to the Judgment
would be in connection with child support after August 28, 2006, and whatever ongoing
issues might exist relating to the care and custody of the minor children.

4.   In consideration of the foregoing the defendant agrees to immediately
withdraw his pending appeal (<u>Murphy v. Tatum</u> A.C. 26256) with prejudice.

Plaintiff                                                    Defendant


_____        _____
Kathleen J. Murphy                              Gary L. Tatum

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| 2/5/2008 | legalmatch.com | n/a | Anthony DeCrosta | self | | Appeared to have conflict with defendant |
| 2/26/2008 | email | murphy@advocateslawfirm.com | Ron Murphy | Advocates Law Firm | New Britain CT | not interested in any divorce-related case |
| 5/8/2008 | email | garygreenberg@verizon.net | Gary Greenberg | self | New York NY | rec'd email declining representation |
| 7/6/2008 | phone | 212-554-1400 | n/a | Berger & Grossman LLP | New York NY | Asked if practiced in Hartford, left email address, no response rec'd. |
| 7/7/2008 | email | 212-909-6000 | Mikhail Angelovskiy | Debevoise & Plimpton | New York NY | rec'd email reply 7/9/08 from Laren Spirer they only take pro bono cases from legal services organizations. |
| 7/17/2008 | email | 212-335-4500 | Marina | DLA Piper | New York NY | left message with Marina, no response rec'd |
| 7/21/2008 | phone | 512-349-1930 | n/a | Weil, Gotshal & Manges | Austin Tx | Left message asking if NY office could handle case, rec'd no response |
| 7/22/2008 | email & phone | jtrachtman@kramerlevin.com | Jeffrey S. Trachtman | Kramer, Levin, Naftalis & Frankel LLP | New York NY | Mr. Trachtman said by phone they could not help me |
| 7/22/2008 | email | sgagnon@fulbright.com | Stewart Gagnon | Fulbright & Jaworski LLP | Houston TX | rec'd email reply that NY office could not handle my case |
| 7/24/2008 | phone | 860-524-3987 | n/a | Dechert | New York NY | Left message, no response. |
| 7/25/2008 | email | info@lapm.org | n/a | Livingston, Adler, Pulda, Meiklejohn & Kelly PC | | no response |
| 7/28/2008 | email | enlerner@lernerandguarino.com | Edward N. Lerner | Lerner & Guarino, LLC | Stamford CT | no response |
| 7/28/2008 | web form | mark@swerdloff.com | Mark Swerdloff | Swerdloff & Swerdloff | West Hartford CT | rec'd email reply he could not help me. |
| 7/29/2008 | web form | 203-428-4171 | Paul Slager | Silver, Golub & Teitell LLP | Stamford CT | rec'd email reply they could not accept my case. |
| 7/30/2008 | web form & phone | 860-728-4900 | A. Paul Spinella | Spinella & Associates | Hartford CT | no response |

| Contact Date | contact method | phone or email | Attorney/law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| ********** | ********** | ********** | ********** | ********** | ********** | ********** |
| 9/2/2008 | phone | 203-335-4116 | n/a | n/a | ? | Attempted to contact Fairfield Co Lawyer Referral svc on 9/2, 9/3, 9/4, 9/11, 9/22, 9/25, 9/29, and 10/3, but often n/a even when open part-time. |
| 9/2/2008 | phone | 203-335-5145 | Tremont & Sheldon | Bridgeport | web search | Receptionist said they do not do criminal cases like fraud and conspiracy. |
| 9/3/2008 | phone | 203-975-7505 | Edwards Angell Palmer & Dodge LLP | Stamford | web search | Told this office handles only corporate & intellectual property cases. |
| 9/4/2008 & 9/22/08 | phone & email | 203-348-4244 | Patrick McCabe Bello, Lapine & Cassone LLP | Stamford | web search | Not interested, suggested John Williams or Norm Pattis. |
| 9/17/2008 | phone | 203-327-4212 | James Rubino | | Fairfield Co Lawyer Referral | He stated he does not do litigation or depositions. |
| 9/18/2008 | phone & email | 203-846-9585 mgrenier@dandvlaw.com | Marc Grenier DePanfilis & Vallerie | Norwalk | Fairfield Co Lawyer Referral | Received email reply 9/19 that he is not taking federal cases now. |
| 9/18/2008 | phone | 203-377-1010 | Wilfred Rodie Jr | Stratford | Fairfield Co Lawyer Referral | Does not practice in federal court and does not do legal malpractice. |
| 9/19/2008 | email | 203-324-6164 | Brendon Leydon Tooher & Wocl | | web search | no response |
| 9/22/2008 | web form | | John R. Williams | New Haven | Attorney McCabe | Unwilling to use plaintiff funding source or contingency, would not consider case without a large retainer. |
| 10/1/2008 & 10/15/08 | phone & email | 203-327-2300 | Dan Young Wofsey, Rosen, Kweskin & Kuriansky LLP | Stamford | web search | Unwilling to sue other lawyers unless a very large amount involved. |

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| 10/10/2008 | phone | 203-787-2225 | Stephen Bellis/ Pellegrino Law Firm | New Haven | New Haven Co Bar Assn | Declined, stated he was not adept at family law issues. |
| 10/14/2008 | phone | 203-787-0275 | Steven Errante | New Haven | New Haven Co Bar Assn | Declined, citing case too complex. New Haven Bar Assn had no other attorney referrals to make. |
| 10/22/2008 | email | | Cordell & Cordell | | web search | Submitted short description via web form, no response rec'd. |
| 10/23/2008 | email | | Hirecounsel.com | | web search | Emailed asking if they do referrals, no response rec'd. |
| 10/23/2008 | email | | AmericanLegalSearch .com | | web search | Emailed asking if they do referrals, no response rec'd. |
| 10/24/2008 & 10/27/08 | email | Napatty1@aol.com | Norm Pattis | Bethany | Attorney McCabe | Unwilling to use plaintiff funding source, would not consider case without a large retainer. |
| 10/25/2008 & 10/27/08 | email | skiberlaw@gmail.com | Michael Skiber | Bridgeport | craigslist ad | Emailed brief description & case #, rec'd response 10/27/08 that the case needed a more experienced lawyer. |
| 10/27/2008 | phone | 203-483-4366 | Riley & Riley | | craigslist ad | Called paralegal Lindsay from their response to my ad, left message with case #, no response. |
| 10/30/2008 | email | amos.hartston@lw.com | Amos Hartston (Pro Bono Counsel) Latham & Watkins | Los Angeles | web search | Asked in 10/30/08 email if he handles pro bono requests in NY area, rec'd email reply 11/1 that they do not handle cases in Connecticut. |
| 10/30/08 thru 11/11/08 | phone & email | 203-242-3011 Joe@DeFilippoRusso.com | Joe DeFilippo, DeFilippo & Russo LLC | Shelton CT | craigslist ad | Current lawyer. Tracey Russo withdrew Feb 14, 2011. |
| 11/11/2008 | email | (203) 772-4848 DresslerLaw@aol.com | Lawrence Dressler, Dressler Law | New Haven | craigslist ad | Emailed brief description & case #, no response. |
| 04/02/10 | email | avinegrad@cov.com | Alan Vinegrad/ Covington and Burling LLP | | | Emailed brief description & case name, rec'd email reply that he was unable to handle. |
| 05/10/10 | email | padronejc@yahoo.com | John Ciampoli | | | He emailed back that I should try Rory Bellantoni at lovett-bellantoni.com |

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| 09/14/10 | email | LRS <LR@NYSBA.ORG> | Lawyer Referral / NY State Bar | | ? | Asked if any lawyers practice in Connecticut, received email reply to contact Dutchess County Bar 845-473-2488. |
| 09/15/10 | web form | bassolaw.com | John Basso | New York, NY | Dutchess Bar | Asked about possible appeal, no reply. |
| 10/26/10 | phone | 203-222-4301 or 203-227-2855 x301 | Alan Rubenstein/ Halloran Sage | | | Left message 10/26/2010, he called back 10/27 & 11/1. Emailed him 11/1, received reply 11/2 to contact American Academy of Matrimonial Lawyers. |
| 10/29/10 | phone | 860-297-4695 or 860-794-6911 | Richard Roberts/ Halloran Sage | | | Left message 10/29/2010, reached later same day. He recommended Barbara Ruhe. |
| 10/29/10 | phone | 860-513-5650 | Barbara Ruhe | | Richard Roberts | Left message 10/29/2010, received reply 11/1/2010 that she would call back in 15 minutes, but did not. |
| 03/29/11 | phone | 512-542-8400 Austin ofc | Vinson & Elkins | Austin TX | ? | Left message 3/29/11 with info to allow checking for conflicts. No reply. |
| 03/29/11 | phone | 212-237-0000 NY ofc | Vinson & Elkins | New York, NY | ? | Left message 3/29/11 with client services recording info to check for conflicts. No reply. |
| 03/29/11 | phone | 203-772-3100 | Jacobs, Grudberg, Belt, Dow & Katz | | | conflict |
| 04/14/11 | email | | James Arden / Sidley Austin LLP | | | Emailed 4/14 about possible appeal, received no reply. |
| 04/17/11 | email | | Jeff White / Robinson & Cole LLP | | | Emailed 4/17 about possible appeal, received email reply 4/18 that he does not specialize in legal malpractice or family law. |