**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY L. TATUM | : | |
| | : | CIV. CASE NO. |
| | : | 3:08-CV-1251(JCH) |
| v. | : | |
| | : | |
| MARY CHRISTINA OBERG, | : | |
| FORD, OBERG, MANION & HOUCK, | : | AUGUST 9, 2011 |
| P.C. | : | |
| | : | |

**ORDER TO SHOW CAUSE**

Pending before this court is defendants' Oral Motion for Sanction of Dismissal (Doc. No. 185). The court finds that an Order to Show Cause as to why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) should be entered.

On May 6, 2011, a calendar (Doc. No. 182) was issued scheduling a settlement conference for July 14, 2011 before the undersigned. All parties, including plaintiff and his counsel, were aware of the settlement conference as evidenced by communications between chambers and plaintiff's counsel up to the date of the scheduled settlement conference. Plaintiff, who resides in Texas, expressed concerns about his ability to travel to Connecticut and through counsel was given the option to appear by phone. Plaintiff or his counsel failed to appear in person or by telephone at the settlement conference.

In anticipation of the settlement conference, defendants, through their attorney, prepared and submitted an ex parte letter to the court. Later, on July 14, defendants and their attorney appeared in court for the scheduled settlement conference. Neither the plaintiff nor his attorney appeared in court or called chambers to explain their

absence despite a court order compelling their attendance.  Defendants on the record moved for the sanction of dismissal arguing that plaintiff's failure to appear and follow court orders has been a consistent pattern in this case that has unduly burdened defendants.  In light of plaintiff's failure to prosecute his case and comply with the orders of this court, an order to show cause as to why the case should not dismissed should enter.

Alternatively, defendants move the court to enter preclusion orders to prevent plaintiff from introducing evidence of damages by expert witnesses.  Given the instant recommendation, the court reserves ruling on this issue, until such time, if ever, it becomes relevant.[1]  Finally, defendants expressed concern that they will expend resources preparing for trial only to have the plaintiff not appear. The court agrees with the defendants, and, until such time as ordered by the court, relieves the defendants of the burden of preparing for trial.

Plaintiff, through counsel, is hereby ordered to show cause no later than **August 31, 2011**.


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 9th day of August, 2011.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] Defendants also raised the issue of whether the alleged damages satisfy the $75,000 jurisdictional threshold, following the court's ruling granting in part and denying in part summary judgment (Doc. No. 172).  This issue is beyond the scope of what the court is willing to entertain in response to plaintiff's failure to appear at the settlement conference.