UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(AT BRIDGEPORT)

FILED
2011 OCT 25  A 10: 30
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Plaintiff, GARY L. TATUM )
)
)
v. )
) Civil Action No. 3:08-cv-01251 (JCH)
)
Defendants )
MARY CHRISTINA OBERG, )
FORD, OBERG, MANION and HOUCK, PC., )
)
) October 22, 2011
)

## SECOND MOTION FOR APPOINTMENT OF COUNSEL FOR PLAINTIFF

In the interest of justice, the undersigned pro se Plaintiff respectfully requests the Court appoint counsel for the Plaintiff. This is the Plaintiff's second request to appoint counsel. Although the first request was denied on August 20, 2008, the possibility was left open to move for appointment later if necessary. Plaintiff believes it is now necessary, since Plaintiff's previous counsel, Joe DeFilippo, has resigned from the Connecticut bar, Plaintiff is unable to handle the case pro se, and has been unable to secure alternate representation.  There are other factors in this case that also argue for appointment of counsel.

Merits of the case

With reference to the first requirement for such a request as outlined in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), it is clear at this time that the case has passed the test of likely merit, as indicated by the March 23, 2011 ruling denying in part defendant's motion for Summary Judgment. That ruling referenced in part the report of court-

appointed expert, Sarah Eldrich, Esq., which found in favor of Plaintiff with respect to negligence.

<u>Plaintiff's ability to investigate the crucial facts and deal with the issues if unassisted by counsel</u>
Allowing that newly appointed counsel may have a different perspective, the crucial facts concern documents that have been repeatedly withheld from Plaintiff in order to conceal the existence of assets owned by Plaintiff's ex-spouse Dr. Kathleen J. Murphy, but concealed from her financial affidavit submitted with the original divorce property settlement, and quite possibly in subsequent financial affidavits thereafter. The withheld documents could substantiate the determination of damages in this current action.

In that underlying case in 2005, Plaintiff has already made a pro se attempt to obtain many of the withheld documents with a Request for Production dated September 8, 2005, and a subsequent Motion to Compel Discovery dated September 23, 2005. Without advice of family law counsel, however, Plaintiff was unable to enforce discovery, and to avoid the implicit, but real, and possibly imminent, threat of incarceration for inability to pay any child support order at the time, Plaintiff was instead forced to settle for a fraction of the assets that had been discovered, without requiring the full production of Dr. Murphy's financial documents. This Plaintiff is unable to determine if a liberty interest therefore extends to the current case to substantiate this Motion to Appoint Counsel.

Although Dr. Murphy did agree to provide the accounting of her bonds as one of the provisions of the stipulated settlement dated October 17, 2005, it has not yet been produced, despite two subsequent requests for the information. If a request must be in a particular form, this Plaintiff

2

is unaware of what that requirement might be, or whether the validity of the agreement should be questioned. If the stipulated settlement is determined to be invalid due to fraud and/or duress, then that would be contrary to the assumption made by court-appointed expert Eldrich that the settlement was valid as it related to damages.

Plaintiff's previous counsel, Mr. DeFilippo, apparently did not attempt to obtain the documents either, although since his removal from the case, the location of the client file he had, as well as it's specific contents, are unknown at this time; therefore this Plaintiff's ability to locate, obtain, or reconstruct any relevant documents without assistance of counsel would be extremely unlikely.

If there was collusion between defendant Oberg and Murphy to improperly divert assets to Murphy while she was running for office as Judge of Probate in 2004, and to continue withholding information thereafter, including the removal of probate records regarding any inheritance Murphy received upon the death of her aunt Clara Majercik in February, 1999, with the intent to both protect Murphy's improperly-obtained assets and to minimize any possible later calculation of damages against defendant Oberg, then Defendant Oberg's earlier actions might be construed not only as egregious, but possibly also as an illegal gift to a candidate running for office. Either determination could also affect the validity of the stipulated agreement and thus support the portion of the malpractice claim that was dismissed.

However, Plaintiff is not qualified to address such complex legal issues as the above without competent representation.

Attempts to obtain representation

As the attached list indicates, Plaintiff has made numerous attempts to locate alternate representation over the past several months as concerns increased about the representation provided by Mr. DeFilippo. Although not required to "exhaust the legal directory," Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir.1977), Plaintiff has contacted or attempted to contact all legal malpractice lawyers (except one recent addition) suggested by the New Haven Bar, the New York State Bar, and the Duchess Bar in New York, as well as other firms directly without success.

While the search was not restricted to pro bono aid, it should be noted that out of state residents are excluded from Connecticut Statewide Legal Services as well as several other organizations who provide pro bono legal services, since they all rely on that organization for intake processing. Similarly, organizations in Texas that provide pro bono services do not handle out of state cases. Plaintiff's residence is approximately 1700 miles from this jurisdiction.

Other factors in this case

The difficulty in securing representation highlights a public policy issue that also warrants appointment of counsel in this case. Currently, only a very small number of lawyers are willing to represent plaintiffs when the defendants are also lawyers. Although judges are certainly capable of being impartial in matters involving attorneys as defendants, even though they are in the same profession (see Carteret County v. United Contractors of Kinston, Inc., 462 S.E.2d 816 (N.C. Ct. App. 1995)), if a plaintiff is unable to locate representation to file such cases, or to present evidence to the Court, then access to the court is adversely affected. If a plaintiff files

4

pro se, discovery can also be adversely affected, since plaintiff funding sources will only advance funds if a plaintiff has representation.

Although the term "blackballed" may not be entirely accurate, the difficulty this Plaintiff has experienced seeking representation strongly suggests a bias with the legal community in favor of fellow lawyers, and the corresponding effects on the prospect for justice in a case with demonstrated merit. Plaintiff submits that if a case has merit, and the defendant is a lawyer and/or law firm, the plaintiff should most likely be entitled to counsel to preserve any prospect for justice, and to preserve the notion that self-regulation of the legal community is adequate to protect the public.

Plaintiff therefore respectfully requests that counsel be appointed for Plaintiff at this time.

Respectfully submitted,

Dated at Round Rock, Texas, this 22nd day of October, 2011,

PLAINTIFF, PRO SE

_____
Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2011, a copy of the foregoing and all attachments was sent by regular mail to each of the following parties:

Robert Cassot, Esq.

Edward N. Storck , III

James L. Brawley, Esq.
Morrison Mahoney, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
For Defendants, Mary Christina Oberg, and
 Ford, Oberg, Manion and Houck, P.C.


PLAINTIFF, PRO SE

_____
Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| 2/5/2008 | legalmatch.com | n/a | Anthony DeCrosta | self | | Appeared to have conflict with defendant |
| 2/26/2008 | email | murphy@advocateslawfirm.com | Ron Murphy | Advocates Law Firm | New Britain CT | not interested in any divorce-related case |
| 5/8/2008 | email | garygreenberg@verizon.net | Gary Greenberg | self | New York NY | rec'd email declining representation |
| 7/6/2008 | phone | 212-554-1400 | n/a | Berger & Grossman LLP | New York NY | Asked if practiced in Hartford, left email address, no response rec'd. |
| 7/7/2008 | email | 212-909-6000 | Mikhail Angelovskiy | Debevoise & Plimpton | New York NY | rec'd email reply 7/9/08 from Laren Spirer they only take pro bono cases from legal services organizations. |
| 7/17/2008 | phone | 212-335-4500 | Marina | DLA Piper | New York NY | left message with Marina, no response rec'd |
| 7/21/2008 | phone | 512-349-1930 | n/a | Weil, Gotshal & Manges | Austin Tx | Left message asking if NY office could handle case, rec'd no response |
| 7/22/2008 | email & phone | jtrachtman@kramerlevin.com | Jeffrey S. Trachtman | Kramer, Levin, Naftalis & Frankel LLP | New York NY | Mr. Trachtman said by phone they could not help me |
| 7/22/2008 | email | sgagnon@fulbright.com | Stewart Gagnon | Fulbright & Jaworski LLP | Houston TX | rec'd email reply that NY office could not handle my case |
| 7/24/2008 | phone | 860-524-3987 | n/a | Dechert | New York NY | Left message, no response. |
| 7/25/2008 | email | info@lapm.org | n/a | Livingston, Adler, Pulda, Meiklejohn & Kelly PC | | no response |
| 7/28/2008 | email | enlerner@lernerandguarino.com | Edward N. Lerner | Lerner & Guarino, LLC | Stamford CT | no response |
| 7/28/2008 | web form | mark@swerdloff.com | Mark Swerdloff | Swerdloff & Swerdloff | West Hartford CT | rec'd email reply he could not help me. |
| 7/29/2008 | web form | 203-428-4171 | Paul Slager | Silver, Golub & Teitell LLP | Stamford CT | rec'd email reply they could not accept my case. |
| 7/30/2008 | web form & phone | 860-728-4900 | A. Paul Spinella | Spinella & Associates | Hartford CT | no response |

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| ********** | ********** | ********** | ********** | ********** | ********** | ********** |
| 9/2/2008 | phone | 203-335-4116 | n/a | n/a | ? | Attempted to contact Fairfield Co Lawyer Referral svc on 9/2, 9/3, 9/4, 9/11, 9/22, 9/25, 9/29, and 10/3, but often n/a even when open part-time. |
| 9/2/2008 | phone | 203-335-5145 | Tremont & Sheldon | Bridgeport | web search | Receptionist said they do not do criminal cases like fraud and conspiracy. |
| 9/3/2008 | phone | 203-975-7505 | Edwards Angell Palmer & Dodge LLP | Stamford | web search | Told this office handles only corporate & intellectual property cases. |
| 9/4/2008 & 9/22/08 | phone & email | 203-348-4244 | Patrick McCabe Bello, Lapine & Cassone LLP | Stamford | web search | Not interested, suggested John Williams or Norm Pattis. |
| 9/17/2008 | phone | 203-327-4212 | James Rubino | | Fairfield Co Lawyer Referral | He stated he does not do litigation or depositions. |
| 9/18/2008 | phone & email | 203-846-9585 mgrenier@dandvlaw.com | Marc Grenier DePanfilis & Vallerie | Norwalk | Fairfield Co Lawyer Referral | Received email reply 9/19 that he is not taking federal cases now. |
| 9/18/2008 | phone | 203-377-1010 | Wilfred Rodie Jr | Stratford | Fairfield Co Lawyer Referral | Does not practice in federal court and does not do legal malpractice. |
| 9/19/2008 | email | 203-324-6164 | Brendon Leydon Tooher & Wocl | | web search | no response |
| 9/22/2008 | web form | | John R. Williams | New Haven | Attorney McCabe | Unwilling to use plaintiff funding source or contingency, would not consider case without a large retainer. |
| 10/1/2008 & 10/15/08 | phone & email | 203-327-2300 | Dan Young Wofsey, Rosen, Kweskin & Kuriansky LLP | Stamford | web search | Unwilling to sue other lawyers unless a very large amount involved. |

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| 10/10/2008 | phone | 203-787-2225 | Stephen Bellis/ Pellegrino Law Firm | New Haven | New Haven Co Bar Assn | Declined, stated he was not adept at family law issues. |
| 10/14/2008 | phone | 203-787-0275 | Steven Errante | New Haven | New Haven Co Bar Assn | Declined, citing case too complex. New Haven Bar Assn had no other attorney referrals to make. |
| 10/22/2008 | email | | Cordell & Cordell | | web search | Submitted short description via web form, no response rec'd. |
| 10/23/2008 | email | | Hirecounsel.com | | web search | Emailed asking if they do referrals, no response rec'd. |
| 10/23/2008 | email | | AmericanLegalSearch.com | | web search | Emailed asking if they do referrals, no response rec'd. |
| 10/24/2008 & 10/27/08 | email | Napatty1@aol.com | Norm Pattis | Bethany | Attorney McCabe | Unwilling to use plaintiff funding source, would not consider case without a large retainer. |
| 10/25/2008 & 10/27/08 | email | skiberlaw@gmail.com | Michael Skiber | Bridgeport | craigslist ad | Emailed brief description & case #, rec'd response 10/27/08 that the case needed a more experienced lawyer. |
| 10/27/2008 | phone | 203-483-4366 | Riley & Riley | | craigslist ad | Called paralegal Lindsay from their response to my ad, left message with case #, no response. |
| 10/30/2008 | email | amos.hartston@lw.com | Amos Hartston (Pro Bono Counsel) Latham & Watkins | Los Angeles | web search | Asked in 10/30/08 email if he handles pro bono requests in NY area, rec'd email reply 11/1 that they do not handle cases in Connecticut. |
| 10/30/08 thru 11/11/08 | phone & email | 203-242-3011 Joe@DeFilippoRusso.com | Joe DeFilippo, DeFilippo & Russo LLC | Shelton CT | craigslist ad | Current lawyer. Tracey Russo withdrew Feb 14, 2011. |
| 11/11/2008 | email | (203) 772-4848 DresslerLaw@aol.com | Lawrence Dressler, Dressler Law | New Haven | craigslist ad | Emailed brief description & case #, no response. |
| 04/02/10 | email | avinegrad@cov.com | Alan Vinegrad/ Covington and Burling LLP | | | Emailed brief description & case name, rec'd email reply that he was unable to handle. |
| 05/10/10 | email | padronejc@yahoo.com | John Ciampoli | | | He emailed back that I should try Rory Bellantoni at lovett-bellantoni.com |

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| 09/14/10 | email | LRS <LR@NYSBA.ORG> | Lawyer Referral / NY State Bar | | ? | Asked if any lawyers practice in Connecticut, received email reply to contact Dutchess County Bar 845-473-2488. |
| 09/15/10 | web form | bassolaw.com | John Basso | New York, NY | Dutchess Bar | Asked about possible appeal, no reply. |
| 10/26/10 | phone | 203-222-4301 or 203-227-2855 x301 | Alan Rubenstein/ Halloran Sage | | | Left message 10/26/2010, he called back 10/27 & 11/1. Emailed him 11/1, received reply 11/2 to contact American Academy of Matrimonial Lawyers. |
| 10/29/10 | phone | 860-297-4695 or 860-794-6911 | Richard Roberts/ Halloran Sage | | | Left message 10/29/2010, reached later same day. He recommended Barbara Ruhe. |
| 10/29/10 | phone | 860-513-5650 | Barbara Ruhe | | Richard Roberts | Left message 10/29/2010, received reply 11/1/2010 that she would call back in 15 minutes, but did not. |
| 03/29/11 | phone | 512-542-8400 Austin ofc | Vinson & Elkins | Austin TX | ? | Left message 3/29/11 with info to allow checking for conflicts. No reply. |
| 03/29/11 | phone | 212-237-0000 NY ofc | Vinson & Elkins | New York, NY | ? | Left message 3/29/11 with client services recording info to check for conflicts. No reply. |
| 03/29/11 | phone | 203-772-3100 | Jacobs, Grudberg, Belt, Dow & Katz | | | conflict |
| 04/14/11 | email | | James Arden / Sidley Austin LLP | | | Emailed 4/14 about possible appeal, received no reply. |
| 04/17/11 | email | | Jeff White / Robinson & Cole LLP | | | Emailed 4/17 about possible appeal, received email reply 4/18 that he does not specialize in legal malpractice or family law. |

| Contact Date | contact method | phone or email | Attorney/ law firm name | Location | Referral source | Result |
|---|---|---|---|---|---|---|
| 08/15/11 | web form | bellantoni-law.com | Rory Bellantoni | New York, NY | John Ciampoli | Submitted short description via web form, received an email (rbell@bellantoni-law.com) that he would call me 8/16, but I've received no call or additional email. |
| 08/15/11 | email | | McCoy & McCoy/Frank McCoy | Hartford CT | web search | Emailed 8/15, received email reply that it was not his area of expertise. |
| 08/18/2011 to 9/26/2011 | Phone & email | 203-332-5728 | Robert Saraco/ Zeldes, Needle & Cooper, P.C | Bridgeport CT | Call from State Bar | Called, then emailed 8/29, 9/12, 9/23, and 9/26, to locate my file and ask about representing me. The file has not been located, he did not mention representation. |
| 9/19/2011 & 9/20/2011 | phone | 203-335-4116 | Fairfield Bar referral service | | web search | Asked if any other legal malpractice lawyers other than the 3 already suggested in 2008. |
| 09/22/11 | email | | Tracey Russo | Orange CT | web search | Contacted previous lawyer Tracey Russo to see if she knew where my file was and if interested in resuming representation. She emailed she would call, left message 10/14. |
| 09/27/11 | email | mgrenier@dandvlaw.com | Marc Grenier/ DePanfilis & Vallerie | Norwalk CT | Fairfield Co Lawyer Referral | He was not available in 2008, asked if available now, received email 9/28 that he would look at case, no other response received. |
| 09/28/11 | email | nhcbainfo@newhavenbar.org | New Haven Bar referral | New Haven CT | State Bar | Asked if any referrals are available now other than the two provided in October 2008 who were not interested, received reply 9/28 that there is 1 more I could contact for $35 fee. |