# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY L. TATUM, Individually,<br>        Plaintiff, | CASE NO.: 3:08CV1251 (JCH) |
| v. | |
| MARY CHRISTINA OBERG, In her individual and professional capacity, and FORD, OBERG, MANION and HOUCK, PC.<br>        Defendants | November 2, 2011 |

### DEFENDANTS, MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S, OBJECTION TO PLAINTIFF'S SECOND MOTION FOR <u>APPOINTMENT OF COUNSEL FOR PLAINTIFF</u>

The defendants, Mary Christina Oberg and Ford, Oberg, Manion and Houck, PC, by and through the undersigned counsel, hereby objects to the Plaintiff's Second Motion for Appointment of Counsel for Plaintiff, dated October 22, 2011 ("Second Motion"). Plaintiff's Second Motion seeks appointment of counsel to conduct further discovery. Plaintiff argues that he is unable to conduct further discovery without the assistance of counsel and that Connecticut attorneys are not willing to bring legal malpractice claims.

The defendants object to plaintiffs Second Motion on the grounds that discovery has been completed in this matter, so plaintiff does not need assistance to conduct further discovery. Further, the plaintiff makes several spurious allegations against Defendant Oberg that are wholly inappropriate and clearly made in bad faith. Plaintiff has had possession of the defendants file since February 9, 2009 and cannot produce a shred of evidence to support claims that Attorney Oberg colluded with plaintiff's ex-wife. Finally, there is absolutely no support for plaintiff's

claim that attorney's in Connecticut are unwilling to represent plaintiff's in cases against other attorneys where the plaintiff present a valid claim with recoverable damages.

### A.     Discovery Has Already Been Completed

With respect to plaintiff's claim for appointment of counsel in order to conduct further discovery, counsel should not be appointed for the purpose of conducting further discovery as the deadline for completing discovery has long since past.  On February 13, 2009, the court entered a Scheduling Order Regarding Case management Plan ("Scheduling Order").  The Scheduling Order set forth August 1, 2009 as the deadline to complete discovery.  (See Doc. # 77 at pg 1).  Given that the Court has set a trial date of January 12, 2012, any additional discovery by plaintiff should be prohibited.

Moreover, plaintiff never propounded any Interrogatories and Requests for Production on the defendants for the purpose of conducting any discovery into his legal malpractice and other claims.  Further, the plaintiff failed to notice any depositions of potential fact witnesses or of the defendants themselves.  However, in the defendants Rule 26(a) disclosures, the defendants provided the plaintiff with a complete copy of the file maintained by the defendants relative to the plaintiff's underlying action.  It is simply disingenuous for the plaintiff to claim that any documents have been withheld when no requests for the production of documents have been made.  The plaintiff should not be allowed to conduct any further discovery this long after the deadline for completing discovery has passed.  Therefore, if the sole purpose of the plaintiff's Motion is to appoint counsel in order to conduct further discovery, then the Plaintiff's Motion should be denied for his failure to properly conduct discovery in this matter. .

2

### B.     There is No Support for Plaintiff's Claim of Bias

In addition, plaintiff's claim that he is unable to retain counsel because of an alleged bias on the part of attorneys in Connecticut to represent plaintiffs in Legal Malpractice action has no basis in fact and, therefore, is not a proper basis to seek the appointment of counsel. A large portion of the undersigned law firm's practice is the representation of attorneys facing legal malpractice claims. All of the plaintiffs in these cases are represented by Connecticut counsel. There is absolutely no support for plaintiff's claim that there is a bias amongst Connecticut attorneys. A more likely explanation is that attorneys reviewing the facts of this case have concerns about proving the necessary elements to obtain a judgment that would justify their efforts in a contingency fee case.

### C.     Plaintiff's Other Claims

The plaintiff presents unsupported claims which have no bearing on whether the court should appoint counsel for the plaintiff. The plaintiff's claim that he may have a liberty interest at stake has no basis in fact. The underlying basis for the plaintiff's complaint is that he believes he should have received more money in the divorce from his wife. This is made clear by his comment that he was "forced to settle for a fraction of the assets that had been discovered." Clearly, based on his own statements, the only interest affected is a pecuniary interest.

Moreover, plaintiff's claim that he did not have the advice of counsel when he entered in the settlement agreement is simply not true as he was represented by the law firm of Horton Shields & Knox, P.C. during the appeal of the denial of his Motion to Reopen the underlying judgment. That appeal ended with the settlement. That settlement resulted in his receiving

3

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

$12,500 and relief from his obligation to pay child support.  Plaintiff can hardly have a concern for any liberty interest when the plaintiff voluntarily stopped making child support payments and has not made any child support payments since October of 2005.

Finally, plaintiff's claim that there was any collusion between Attorney Oberg and the plaintiff's ex-wife is clearly made in bad faith, as there is no support for such a claim and plaintiff offers no evidence to support this assertion.  Indeed, the facts of this case directly contradict the plaintiff's assertions.  The defendants filed a Motion to Reopen the Judgment, which included a request for sanctions, after it was discovered that plaintiff's ex-wife may have hidden her assets.  Seeking to reopen the prior judgment, and for the court to take action against plaintiff's ex-wife, can hardly be seen as collusion.  Plaintiff simply cannot make such assertions with out any proof and, therefore, these unfounded claims should not form the basis of a decision to appoint counsel for the plaintiff.

WHEREFORE the foregoing reasons, the defendants object to the plaintiff's Second

4

Motion for Appointment of Counsel.

                               THE DEFENDANTS,
                               MARY CHRISTINA OBERG AND
                               FORD, OBERG, MANION AND HOUCK, P.C.

                               /s/:  Edward N. Storck III
                               Robert Cassot  (CT24094)
                               Edward N. Storck III (CT27312)
                               MORRISON MAHONEY, LLP
                               One Constitution Plaza, 10th Floor
                               Hartford, CT 06106
                               Phone:  (860) 616-4441
                               Fax:  (860) 244-3800
                               Her and Its Attorneys
                               Email: rcassot@morrisonmahoney.com
                                           estorck@morrisonmahoney.com

## CERTIFICATION

  I hereby certify that on November 2, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Mr. Gary Tatum
1700 University Blvd., #511
Round Rock, TX 78665

        /s/:  Edward N. Storck III
        Robert Cassot  (CT24094)
        Edward N. Storck III (CT27312)
        MORRISON MAHONEY, LLP
        One Constitution Plaza, 10th Floor
        Hartford, CT 06106
        Phone:  (860) 616-4441
        Fax:  (860) 244-3800
        Her and Its Attorneys
        Email: rcassot@morrisonmahoney.com
           estorck@morrisonmahoney.com

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**