# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

GARY L. TATUM, Individually,     :    CASE NO.:  3:08CV1251 (JCH)
     Plaintiff,     :
     :
     :
    v.     :
     :
     :
     :
MARY CHRISTINA OBERG, In her     :    July 17, 2012
individual and professional capacity, and     :
FORD, OBERG, MANION and HOUCK,     :
P.C.     :
     Defendants     :
     :

## DEFENDANTS, MARY CHRISTINA OBERG AND FORD, OBERG, MANION AND HOUCK, P.C.'S, MOTION TO ENFORCE SETTLEMENT

Defendants, Mary Christina Oberg and Ford, Oberg, Manion and Houck, P.C., respectfully move this Court to enforce the settlement that was entered into between Plaintiff, Gary L. Tatum, and Defendants in this matter.

The following is the settlement history in this matter:

1.    On August 15, 2008 Plaintiff filed his original Complaint against Defendants asserting claims of breach of contract and professional negligence in the form of legal malpractice in their handling of his divorce proceedings beginning on or about February 12, 2002, in which he sought the reimbursement of legal fees and other damages (Doc. No. 4).

2.    On March 23, 2011 the Honorable Judge Janet C. Hall granted Defendants' Motion for Summary Judgment in part leaving only Plaintiff's Breach of Contract cause of action (Doc. No. 172).

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

3.      On August 9, 2011 Judge Hall issued an Order to Show Cause re: why this case should not be dismissed (Doc. No. 191).

4.      On September 9, 2011 a Court ordered Telephone Status Conference was scheduled to take place before the Honorable Judge Holly B. Fitzsimmons to discuss Plaintiff's failure to respond to the Order to Show Cause (Doc. No. 192).

5.      On October 25, 2011 the Court issued an Order appointing Attorney John Fielding Wynne, Jr. as Pro Bono Counsel for Plaintiff for SETTLEMENT PURPOSES ONLY (Doc. No. 202).

6.      On November 29, 2011 the parties attended a settlement conference before the Honorable Judge Holly B. Fitzsimmons, during which a settlement agreement was reached and put on the record (Doc. No. 208) and the Court issued an Order of Dismissal (Doc. No. 209).

7.      Subsequent to the parties November 29, 2011 settlement agreement, Plaintiff raised concerns over the cost associated with structuring a portion of the settlement, which was part of the settlement's original terms.

8.      On January 6, 2012 the parties engaged in a telephone conference before Judge Fitzsimmons to discuss the status of the settlement proceedings (Doc. No. 210).  During this telephone conference Defendant agreed to pay costs of the annuity to address the concerns raised by Plaintiff and a SETTLEMENT AGREEMENT AND FULL RELEASE was drafted pursuant to the parties agreement on terms.

2

9.      On January 13, 2011 defense counsel, Attorney Robert W. Cassot, sent Attorney Wynne the SETTLEMENT AGREEMENT AND FULL RELEASE via electronic mail (attached hereto as Exhibit "A").

10.     On January 26, 2011 Attorney Wynne reported to Attorney Cassot that he had forwarded all settlement documents for Plaintiff's review and signature and that he was attempting to obtain Plaintiff's signature as the settlement "is in his best interest." (See Exhibit "A").

11.     After attempting to obtain the settlement documents from Plaintiff for over four months, on June 1, 2012, at the request of Defendants' counsel, the Court noticed a telephone conference regarding the turnover of settlement documents to take place on July 16, 2012 (Doc. No. 211).

12.     On July 16, 2011 counsel for both Plaintiff and Defendants were present on the telephone conference before Judge Fitzsimmons; however, Plaintiff, Gary L. Tatum, was not present despite efforts by his counsel to have him attend (Doc. No. 212).

An affidavit of counsel for Defendants is attached hereto and made part hereof. (See Affidavit of Robert W. Cassot, attached hereto as Exhibit "B").

Plaintiff has been wholly unresponsive and has unnecessarily prolonged the settlement of this matter over the course of many months. As a result of the delay, he has unjustifiably made Defendants incur additional attorney's fees. Given Plaintiff's history of ignoring his own counsel's attempts to obtain a signed settlement and release in this matter, Defendants seeks the assistance of the Court.

3

It is well settled that "a trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Audubon Parking Assocs. Ltd. Partnership v. Barclay & Stubbs, Inc., 225 Conn. 804, 811 (1993). The Audubon court further stated that:

> Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.

Id. at 811.

Moreover, it is "well established that parties are bound to the terms of a contract even though it is not signed and is an oral agreement." Millgard Corp. v. White Oak Corp., 224 F.Supp.2d 425, 432 (D.Conn. 2002). That general principal is equally applicable to oral settlement agreements made by the parties directly or through duly authorized representatives, including their attorneys. It is unquestionable that the court has the authority to enforce such settlements. White v. Branchini, 1996 WL 176380, Docket No. CV950377336, 16 Conn.L.Rptr. 264 (Conn.Super.Ct. Mar. 1, 1996)(Licari, J.)(holding that plaintiff's oral acceptance of settlement was binding and may be enforced by the court); see also Sicaras v. City of Hartford, 44 Conn.App. 771, 778, 692 A.2d 1290, 1296 (1997)(cert. denied, 241 Conn. 916 (1997))("[p]arties are bound to the terms of a contract even though it is not signed if their assent is otherwise indicated"). Connecticut trial courts have held that an oral settlement agreement effectuated by counsel have authority to do so is binding on the parties. Givens v. Ecke, 1996

4

WL 737475, Docket No. CV950555961, (Conn.Super.Ct. Dec. 10, 1996)(*Wagner J.*)[1]("[t]he plaintiffs do not cite, and research did not reveal, any cases supporting [plaintiffs'] claim that an agreement between the plaintiffs' counsel and defendant's insurance company is not binding. This court has recently held that such an agreement is binding if the plaintiffs' attorney had authority.")  In the present action, Attorney Wynn was appointed solely for the purposes of counseling Plaintiff in the settlement of this matter and had Plaintiff's authority to settle this dispute both on November 29, 2011 and January 6, 2012.  Furthermore, the settlement agreement reached on November 29, 2011 and its subsequent amendment on January 6, 2012 was made in the presences of the Court, making it fully enforceable according to Autubon.  225 Conn. at 811.

In the present action it is undeniable that the parties agreed to settle this matter through their respective counsel and such settlement agreement was entered into the record before the Court on November 29, 2011.  Based on Connecticut's undisputed body of law on the enforceability of settlement agreements the November 29, 2011 as entered into the record was fully enforceable.  However, when Plaintiff raised additional concerns subsequent to the November 29, 2011 settlement agreement, Defendants in an effort to fully resolve this matter without incurring additional legal expenses agreed to amend the settlement and incur the cost to structure the settlement, a cost which Plaintiff would have had to bare according to the terms of the original settlement.  Therefore, as of January 6, 2012 the parties had reached a full and final settlement of this matter in the presence of the Court.  There is no dispute that the settlement agreement exists, that its terms are undisputed, clear and unambiguous.

---

[1] Attached hereto as Exhibit "C".

5

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Motion to Enforce Settlement and enter an Order enforcing the settlement agreement entered into between Plaintiff and Defendants on January 6, 2012.

THE DEFENDANTS,
MARY CHRISTINA OBERG AND
FORD, OBERG, MANION AND HOUCK, P.C.

/s/: Alexandrea L. Isaac
    Alexandrea L. Isaac (CT27502)
    Robert Cassot (CT24094)
    Edward N. Storck III (CT27312)
    MORRISON MAHONEY, LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06106
    Phone: (860) 616-4441
    Fax: (860) 244-3800
    Her and Its Attorneys
    Email: aisaac@morrisonmahoney.com
          rcassot@morrisonmahoney.com
          estorck@morrisonmahoney.com

6

## CERTIFICATION

I hereby certify that on July 17, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court 's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/: Alexandrea L. Isaac (CT27502)
Robert Cassot (CT24094)
Edward N. Storck III (CT27312)
MORRISON MAHONEY, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
Phone: (860) 616-4441
Fax: (860) 244-3800
Her and Its Attorneys
Email: aisaac@morrisonmahoney.com
        rcassot@morrisonmahoney.com
        estorck@morrisonmahoney.com

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

EXHIBIT A

EXHIBIT A

## Cassot, Robert

**From:** Wynboys@aol.com
**Sent:** Thursday, January 26, 2012 11:35 AM
**To:** Cassot, Robert
**Subject:** Re: Tatum v Oberg

Robert -- if he signs the release that will be unnecessary.  I'm trying to get this done.  It is in his best interest.  He, as you know, is mired in family issues.  John

In a message dated 1/26/2012 11:09:30 A.M. Eastern Standard Time, RCassot@morrisonmahoney.com writes:

> I do not mean this to be argumentative, and I am probably not telling you anything you do not know, but it is precisely this behavior that led to the lawsuit against my client. I hope you are documenting everything. I think we need to go on the record when the settlement is done and he needs to be canvassed again.
>
> ---
>
> **From:** Wynboys@aol.com [mailto:Wynboys@aol.com]
> **Sent:** Thursday, January 26, 2012 11:00 AM
> **To:** Cassot, Robert
> **Subject:** Re: Tatum v Oberg
>
> Robert -- I have sent the docs to my client.  He is still wrapped up in his personal problems and being noncommittal.  I just sent him an email prompting him to get on this so we can close the matter.  I'll keep you posted.  John
>
> In a message dated 1/26/2012 8:27:18 A.M. Eastern Standard Time, RCassot@morrisonmahoney.com writes:
>
>> John
>>
>> Status?
>>
>> Robert
>>
>> ---
>>
>> **From:** Cassot, Robert
>> **Sent:** Friday, January 13, 2012 12:43 PM
>> **To:** 'Wynboys@aol.com'
>> **Subject:** RE: Tatum v Oberg
>>
>> See attached.  However, the schedule A needs to be worked out, but I believe you can advise him of that.
>>
>> ---
>>
>> **From:** Wynboys@aol.com [mailto:Wynboys@aol.com]
>> **Sent:** Friday, January 13, 2012 11:37 AM
>> **To:** Cassot, Robert
>> **Subject:** Tatum v Oberg
>>
>> Robert -- would you please send me a draft settlement and release document so that I can forward it to my client for review.  I suspect that he is going to have some issues with the confidentiality provision and want to get any problems ironed out asap.  John Wynne

EXHIBIT B

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY L. TATUM, Individually,<br>Plaintiff, | : | CASE NO.:  3:08CV1251 (JCH) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARY CHRISTINA OBERG, In her | : | July 17, 2012 |
| individual and professional capacity, and | : | |
| FORD, OBERG, MANION and HOUCK, | : | |
| PC. | : | |
| Defendants | : | |
| | : | |

## AFFIDAVIT OF ROBERT W. CASSOT

The undersigned, having been first duly placed under oath, deposes and says as follows:

1.      I am over the age of 18 and believe in the obligation of an oath.

2.      I have personal knowledge of the facts contained herein.

3.      My name is Robert W. Cassot.  I am an attorney at the law firm of Morrison

Mahoney, LLP representing the Defendants, Mary Christina Oberg and Ford, Oberg, Manion and

Houck, P.C., in connection with this matter.

4.      Attached to the Defendant's Motion To Enforce Settlement as exhibits are true

and accurate copies of correspondence between my office and Plaintiff's attorney concerning the

settlement of this matter inclusive of the settlement agreement and release provided therewith.

5.      On November 29, 2011 the parties attended a settlement conference before the

Honorable Judge Holly B. Fitzsimmons, during which a settlement agreement was reached and

put on the record and the Court issued an Order of Dismissal.

6.    Subsequent to the parties November 29, 2011 settlement agreement, Plaintiff raised concerns over the cost associated with structuring a portion of the settlement, which was part of the settlement's original terms.

7.    On January 6, 2012 the parties, including myself, engaged in a telephone conference before Judge Fitzsimmons to discuss the status of the settlement proceedings.  During this telephone conference Defendant agreed to pay costs of the annuity to address the concerns raised by Plaintiff and a SETTLEMENT AGREEMENT AND FULL RELEASE was drafted pursuant to the parties agreement on terms.

8.    On January 13, 2011, I sent Attorney Wynne the SETTLEMENT AGREEMENT AND FULL RELEASE via electronic mail.

9.    On January 26, 2011 Attorney Wynne reported to me that he had forwarded all settlement documents for Plaintiff's review and signature and that he was attempting to obtain Plaintiff's signature as the settlement "is in his best interest."

10.    In the months since the settlement agreement was reached, Attorney Wynne has indicated acceptance and approval of the settlement, but has been unable to obtain his client's signature.

11.    At all times, Attorney Wynne has represented that he had authority to negotiate on behalf of Plaintiff.

2

_____

Robert W. Cassot

Subscribed and sworn to me on this   day of July, 2012 before me

_____

COMMISSIONER OF THE SUPERIOR COURT

3

EXHIBIT C

EXHIBIT C

Westlaw.

Not Reported in A.2d, 1996 WL 737475 (Conn.Super.)
(Cite as: 1996 WL 737475 (Conn.Super.))

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Connecticut.
Eartha GIVENS
v.
Richard R. ECKE

No. CV950555961.
Dec. 10, 1996.

MEMORANDUM OF DECISION ON MOTION
FOR JUDGMENT

WAGNER.

*1 On April 4, 1996, plaintiffs' counsel,
Charles H. Gleason, entered into an oral settlement
agreement with Kathy McCooe, a senior claims su-
pervisor at the defendant's insurer, Metropolitan
Property & Casualty (Metropolitan), to settle the
plaintiffs' claim against the defendant for $18,500.
Thereafter, Metropolitan sent a check and a release
to plaintiffs' counsel. On or about April 22, 1996,
plaintiffs' counsel informed the defendant's counsel,
Ronald W. Lindlauf Jr., that the plaintiffs had de-
cided not to go through with the settlement.

On May 28, 1996, the defendant filed this mo-
tion for judgment in accordance with and enforce-
ment of contract of settlement. In response, the
plaintiffs argue that because the settlement agree-
ment was between plaintiffs' counsel and Metropol-
itan, as opposed to between plaintiffs' counsel and
the defendant himself, the oral settlement agree-
ment is not binding.

The court may enforce an oral settlement
agreement made by the parties or through duly au-
thorized representatives. *Montgomery v. Smith,* 40
Conn.Sup. 358 (1985) (Spear, J.); *White v.
Branchini,* Superior Court, judicial district of New
Haven at New Haven, Docket No. 377336 (March

1, 1996) (Licari, J., 16 CONN. L.RPTR. 264). No
factual question has been raised about the authority
of plaintiffs' attorney and there does not appear to
be any question about the authority of the insurance
adjustor to settle on behalf of the defendant. The in-
surance policy between the defendant and Metro-
politan provides that "[Metropolitan] may investig-
ate, negotiate or settle any such suit or claim."

The plaintiffs do not cite, and research did not
reveal, any cases supporting his claim that an
agreement between the plaintiffs' counsel and the
defendant's insurance company is not binding. This
court has recently held that such an agreement is
binding if the plaintiffs' attorney had authority.
*Consoli v. Clarke,* Judicial District of Hartford/New
Britain at Hartford CV96 0556499 (November 27,
1996) (Wagner, J.). This view is supported by sev-
eral Appellate Court decisions in other states. *Selby
v. Victoria Mines, Inc.,* 221 P.2d 423 (Mont.1950);
*Nationwide Mut. Ins. Co. v. Chatos,* 293 N.C. 431,
238 S.E.2d 597 (1977); see also 7C J. & J. Apple-
man, Insurance Law and Practice ù4714 (1979).

Motion for Judgment granted.

Conn.Super.,1996.
Givens v. Ecke
Not Reported in A.2d, 1996 WL 737475
(Conn.Super.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.