UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GARY L. TATUM | : | |
| | : | |
| | : | |
| V. | : | CIV. NO.  3:08CV1251(JCH) |
| | : | |
| MARY CHRISTINA OBERG, | : | |
| FORD, OBERG, MANION & HOUCK, | : | |
| P.C. | : | |
| | : | |

RECOMMENDED RULING: DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

AGREEMENT [DOC. # 214]

Pending is a Motion to Enforce Settlement Agreement filed by
the defendants, Mary Christina Oberg and Ford, Oberg, Manion &
Houck, P.C. [Doc. # 214].  The Court heard argument on August 9,
2012[1], and after careful consideration, the Motion to Enforce
Settlement Agreement is **GRANTED**.

I. Background

This action arises out of defendants' legal representation
of plaintiff during plaintiff's divorce proceedings. All parties
voluntarily participated in a settlement conference before the
undersigned on November 29, 2011, where plaintiff was ably
represented by pro bono counsel, appointed for settlement
purposes only, Attorney John Wynne. At the settlement conference,
the parties reached an agreement on the essential terms of a

---

[1] Despite having been sent notice of the hearing and his pro
se appearance, plaintiff Gary Tatum did not appear for the
hearing or file anything in response to defendants' motion.
Plaintiff's pro bono counsel for settlement purposes only,
Attorney John Wynne,  appeared on plaintiff's behalf and with
authority to speak for him.

settlement in this action. The settlement was placed on the record, during which Court proceeding plaintiff was canvassed regarding the terms and fairness of the agreement. On that same day, Judge Hall issued an Order of Dismissal. [doc. # 209].

On January 6, 2012, following a disagreement as to which party should bear the cost of setting up the agreed to annuity, the Court held a follow-up telephone status conference.  To avoid further delay, the defendants agreed to bear the cost of setting up the annuity. [doc. # 210].  On January 13, a draft settlement agreement and release were provided to Attorney Wynne, who forwarded these to plaintiff. [doc. # 214, Ex A.]. For reasons unknown to the Court, plaintiff to date has been unwilling to execute the settlement agreement and release. Pending before the Court is defendants' motion to enforce the settlement agreement. At the hearing, Attorney Wynne, on plaintiff's behalf,  orally objected to defendants' motion, but proffered no basis for the objection.

II. Discussion

"Under Connecticut law, the enforceability of a settlement agreement is determined using general principles of contract law." Brandt v. MIT Development Corp., 552 F. Supp. 2d 304, 319 (D. Conn. 2008) (citing Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005)). "A contract is binding if the parties have mutually assented to the terms, and where the terms of the agreement are 'clear and unambiguous'." Id. (citing Audubon Parking Assocs. Ltd. P'ship v. Barclay & Stubbs, Inc.,

225 Conn. 804, 811 (1993) (internal citations omitted)). "So long as there is mutual assent, it is irrelevant whether the parties have actually signed an agreement." Brandt, 552 F. Supp. 2d at 319. "Where a settlement agreement has not been signed, Connecticut courts determine whether there has been mutual assent using a three-part test." Id. "The parties' intent is determined from the (1) language used, (2) circumstances surrounding the transaction, including the motives of the parties, and (3) purposes which they sought to accomplish." Id. (citing Klein v. Chatfield, 166 Conn. 76, 80 (1974)). "'The intention of the parties manifested by their words and acts is essential to determin[ing]' whether the parties entered into a settlement agreement." Brandt, 552 F. Supp. 2d at 319 (quoting Hess v. Dumouchel Paper Co., 154 Conn. 343, 347 (1966)).

The Court finds that all three factors for determining that an enforceable settlement exists are satisfied.

As to the first factor, as detailed above, the parties entered into a settlement at the November 29 settlement conference, in the amount of $25,000, which agreement was memorialized on the record on that same day and later in writing for the parties' signatures. The undersigned presided over the settlement negotiations, witnessed the resulting agreement, and further canvassed Mr. Tatum, who represented that he was willingly and voluntarily entering into the agreement.

With regard to the second factor, the circumstances surrounding the settlement, at the time of settlement, the case

had been pending for over three years, with trial deadlines stayed to allow for a settlement conference. Plaintiff, who lived and worked in Texas, had been unable to secure counsel for purposes of trial and had concerns over his ability to travel to Connecticut, and prepare and try his case pro se. In large part, plaintiff was motivated to settle to avoid an impending trial, far from home, without counsel.

Finally, as to the third factor, the purposes which the parties sought to accomplish, the terms agreed upon would give plaintiff finality and financial compensation, and avoid the expense and uncertainty inherent in a jury trial. The defendants too, would obtain finality, including a release and withdrawal with prejudice of all plaintiff's claims, and avoid the expense and uncertainty of trial. Both sides had strong incentives to settle and mutually assented to settling the case for $25,000, as the record reflects.

III. Conclusion

The Court finds that plaintiff and defendants entered into an enforceable agreement. Therefore, defendants' Motion to Enforce Settlement Agreement [doc. # 214] is **GRANTED.** Given plaintiff's lack of cooperation, it has become impossible for defendants to pay plaintiff through an annuity. Therefore, defendants are ordered to pay plaintiff a lump sum of $25,000, by check, to be mailed to plaintiff's address of record, unless an alternate address is provided within ten (10) days. Plaintiff's complaint is dismissed with prejudice to its refiling.

This is a Recommended Ruling. <u>See</u> Fed.R.Civ.P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with the order. <u>See</u> Fed.R.Civ.P. 72(b)(2). Failure to object within fourteen (14) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); and D. Conn. L. Civ. R. 72.2; <u>Small v. Secretary of H.H.S.</u>, 892 F.2d 15 (2d Cir. 1989) (per curiam); <u>F.D.I.C. v. Hillcrest Assoc.</u>, 66 F.3d 566, 569 (2d Cir. 1995).

ENTERED at Bridgeport, this 20th day of August 2012.

_____/s/_____
Holly B. Fitzsimmons
United States Magistrate Judge