FILED

2012 AUG 22 A 9:54

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**(AT BRIDGEPORT)**

| | |
|---|---|
| Plaintiff, GARY L. TATUM | ) |
| | ) |
| v. | ) Civil Action No. 3:08-cv-01251 (JCH) |
| | ) |
| Defendants | ) |
| MARY CHRISTINA OBERG, | ) |
| FORD, OBERG, MANION and HOUCK, PC., | ) |
| | ) |
| | ) August 21, 2012 |
| | ) |

## OBJECTION TO DEFENDANT MOTION TO ENFORCE SETTLEMENT

The undersigned pro se Plaintiff respectfully submits this objection to defendants' Motion to Enforce Settlement. This document is submitted under the assumption that it is not a complete duplication of any verbal objection that may have been made at the hearing of August 9, 2012 by counsel appointed to represent Plaintiff for settlement purposes only. Regrettably, Plaintiff did not have sufficient funds for travel to attend the hearing in person, and the emailed notice of the preceding phone conference was not seen until after that conference had occurred, therefore if sufficient apologies have not already been made by appointed counsel, Plaintiff sincerely apologizes for the absences to all parties and the Court.

Plaintiff strongly objects to again being forced into an ill-advised settlement. The written agreement has remained unsigned for the following reasons:

    1. It did not contain two provisions submitted by email through counsel prior to the December 29, 2011 deadline for such submissions. The provisions concerned restoration of evidence that was

"lost" when previous counsel was removed by the Connecticut State Bar, along with a contingency provision providing for a substantial financial penalty if that or other evidence supported Plaintiff's claims against the defendants in the current action. These provisions were the only acceptable means to this Plaintiff that would attempt to compensate for the lack of adequate representation and access to a jury, or if the lawyer-defendants were being aided in the concealment of evidence by fellow lawyers.

2. It contained new provisions submitted by the defendants that were not mentioned during the settlement conference that Plaintiff would have deemed objectionable at that time, had he been made aware of the provisions.

3. The agreement was unacceptably vague regarding the effective date and periods of time covered that could adversely affect other possible civil actions.

4. Provision # 7 of the written agreement implicitly allows that after consultation with counsel, Plaintiff may decide not to sign an agreement, therefore, Plaintiff should not now be denied that right.

If Plaintiff's original motion to appoint counsel had been approved, his representation would not have evaporated, at least some iota of discovery would have been performed to support the appropriate claims, and/or to challenge the original stipulated settlement, the evidence in both this action and the ongoing underlying case would have been preserved, and funds would have been available for proper expenses such as discovery and necessary appearances. If this action is dismissed, Plaintiff reserves the right to appeal on that or other appropriate basis.

Plaintiff respectfully asks the Court to deny defendants' motion to enforce any version of an unsigned written agreement.

Respectfully submitted,

Dated at Round Rock, Texas, this 21st day of August, 2012,

PLAINTIFF, PRO SE

_____
Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2012, a copy of the foregoing was sent by regular mail to each of the following parties:

John Fielding Wynne, Jr.

685 State St

New Haven, CT 06510

for Plaintiff Gary Tatum


Alexandrea Leigh Isaac, Esq.

Robert Cassot, Esq.
Edward N. Storck, III
James L. Brawley, Esq.
Morrison Mahoney, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
For Defendants, Mary Christina Oberg, and
  Ford, Oberg, Manion and Houck, P.C.


PLAINTIFF, PRO SE

_____
Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522