FILED

2012 SEP -4 P 2: 39

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(AT BRIDGEPORT)

Plaintiff, GARY L. TATUM )
)
v. )
) Civil Action No. 3:08-cv-01251 (JCH)
Defendants )
MARY CHRISTINA OBERG, )
FORD, OBERG, MANION and HOUCK, PC., )
)
) September 1, 2012
)

## OBJECTION TO RECOMMENDED RULING TO ENFORCE SETTLEMENT

The undersigned pro se Plaintiff respectfully submits this objection to the Court's Recommended Ruling to Enforce Settlement, which was in response to defendants' Motion for same. As previously mentioned in Plaintiff Objection to that motion, Plaintiff objects to again being forced into an ill-advised settlement.

Although verbal agreement was made at the settlement hearing, no final agreement was available in written form at that time. The Court allowed for reopening without prejudice, or for stipulations until December 29, 2011. The subsequent written agreement offered to Plaintiff was modified by new provisions that were authored by the defendants, but did not include changes requested by the Plaintiff through appointed counsel prior to the December 29, 2011 deadline; therefore, it was not acceptable to Plaintiff and has remained unsigned, primarily for the following reasons:

    1. It did not contain two provisions submitted by email through counsel prior to the December 29, 2011 deadline for such submissions. The provisions concerned restoration of evidence that was

"lost" when previous counsel DeFilippo was removed by the Connecticut State Bar, along with a contingency provision providing for a substantial financial penalty if that or other evidence supported Plaintiff's claims against the defendants in the current action. These provisions were the only acceptable means to this Plaintiff that would attempt to compensate for the lack of adequate representation and access to a jury, or if the lawyer-defendants were being aided in the concealment of evidence by fellow lawyers.

2. It contained new provisions submitted by the defendants that were not mentioned during the settlement conference that Plaintiff would have deemed objectionable at that time, had he been made aware of the provisions.

3. The agreement was unacceptably vague regarding the effective date and periods of time covered that could adversely affect other possible civil actions. This would be contrary to the "clear and unambiguous" requirement in the recommended ruling.

4. Provision # 7 of the written agreement implicitly allows that after consultation with counsel, Plaintiff may decide not to sign the new agreement, therefore, Plaintiff should not now be denied that right.

Respectfully, Plaintiff disagrees with the Court's finding regarding the 3-pronged test mentioned in Klein v. Chatfield, 166 Conn. 76, 80 (1974). As mentioned above, the language of the written agreement has changed from the language in the verbal agreement. With respect to the second and third tests, this action sought to obtain both evidence and financial compensation necessary to undo the tremendous damage to Plaintiff's relationship with his children that is attributable to the actions of the original defendants. Instead, since no lawyer admits to having the file that DeFilippo had, the present written agreement would leave the Plaintiff with less evidence than he had at the initiation of this action, and the real possibility that he will receive no compensation at all.

If this Court instead ruled that no agreement was reached, this Plaintiff would certainly not be able to proceed pro se. but dismissal would presumably allow for appeal of the denial of the original motion to appoint counsel for the Plaintiff, or other appropriate action. The original discrimination claim alone would have presented similarities in this case to Castner v. Colorado Springs Cablevision, 979 F.2d 1417 (10th Cir. 1992), where appointment of counsel was deemed appropriate on appeal.

The dismissal of the original malpractice claim may also be affected, since neither the appointed expert nor the defendant motion to dismiss cited any case where this action against the defendants should be affected by the earlier stipulated agreement in 2005 with the Plaintiff's ex-spouse.

The pervasive reluctance of lawyers who are willing to sue other lawyers, should have argued for appointment of counsel. Although no guarantee of justice, at least some discovery would have been performed to support the appropriate claims, and/or to challenge the original stipulated settlement, the evidence in both this action and the ongoing underlying case would have been preserved, and funds would have been available for proper expenses such as discovery and necessary appearances. If this action is dismissed, Plaintiff reserves the right to appeal on that or other appropriate basis. Plaintiff respectfully asks the Court to not enforce any version of an unsigned written agreement.

Respectfully submitted,

Dated at Round Rock, Texas, this 1st day of September, 2012,

PLAINTIFF, PRO SE

*[signature]*

Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2012, a copy of the foregoing was sent by regular mail to each of the following parties:

John Fielding Wynne, Jr.

685 State St

New Haven, CT 06510

for Plaintiff Gary Tatum


Alexandrea Leigh Isaac, Esq.

Robert Cassot, Esq.

Edward N. Storck, III

James L. Brawley, Esq.

Morrison Mahoney, LLP

One Constitution Plaza, 10th Floor

Hartford, CT 06106

For Defendants, Mary Christina Oberg, and
   Ford, Oberg, Manion and Houck, P.C.


PLAINTIFF, PRO SE

_____
Gary L. Tatum
P.O. Box 3000-70
Georgetown, TX 78627
Phone: (512) 879-6522