**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GARY L. TATUM,               )<br>                    Plaintiff, )<br>                              )<br>v.                            )<br>                              )<br>MARY CHRISTINA OBERG, FORD,   )<br>OBERG, MANION AND HOUCK, P.C.,)<br>C. MICHAEL BUDLONG, BUDLONG & )<br>BARRETT, LLC and DONALD J. HIEBEL, )<br>                    Defendants. ) | CIVIL ACTION NUMBER:<br><br>3:08-cv-1251(JCH)<br><br><br>SEPTEMBER 11, 2012 |

**REPLY OF DEFENDANTS, MARY CHRISTINA OBERG AND
FORD, OBERG, MANION AND HOUCK, P.C., TO PLAINTIFF'S
OBJECTION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT AND
OBJECTION TO RECOMMENDED RULING**

The defendants, Mary Christina Oberg and Ford, Oberg, Manion and Houck, P.C., hereby reply to the plaintiff's Objection to the Motion to Enforce Settlement Agreement and his subsequent objection to the Recommendation to Enforce Settlement issued by Magistrate Fitzsimmons.

As an initial matter, the plaintiff's Motion is not appropriate because the plaintiff is represented by counsel for settlement purposes and was represented by counsel at the hearing on the motion to enforce settlement, yet he has filed his motion pro se, practically ignoring his attorney's role in this matter. If the plaintiff had a valid and reasonable basis for objecting to any aspect of the settlement, he should have voiced this through counsel before the defendants were forced to move this court for an order due to the plaintiff's absolute unwillingness to respond to the draft agreement. The plaintiff was

1

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

10033152
1129314v1

provided with sufficient opportunity to submit a written objection to the Motion to Enforce Settlement and did not take advantage of that opportunity until after the hearing occurred. Rather, as has become all too typical in this litigation, plaintiff has submitted an untimely request for the Court to revisit an issue that has been decided. With respect to specific issues raised in the plaintiff's Objections, these issues do not provide any reasonable basis for upsetting a settlement agreement that was reached due to the efforts of counsel and Magistrate Fitzsimmons, and which was confirmed during the Court's canvass of Mr. Tatum after the settlement conference.

1. **No Proposed Provisions Were Ever Provided to the Defendants.**

Plaintiff claims that the settlement agreement did not contain two provisions submitted through counsel prior to the December 29, 2011 deadline. Regardless of whether the plaintiff made such a request for adding any provisions to his attorney, no such provisions were provided to defense counsel for consideration. Further, those provisions were never discussed during settlement negotiations and were never part of the settlement agreement. The plaintiff essentially is arguing that the settlement should include a provision that would give him the right to reinstate claims against the defendants at some later date in the event additional information, apparently in possession of his previous counsel, is obtained. Not only was such provision never discussed during the settlement negotiations that resulted in an agreement, but the purpose of the settlement agreement was to resolve all claims between the parties. Certainly, had Mr. Tatum made this proposal during settlement negotiations, Magistrate Fitzsimmons and his Court appointed counsel would have advised him, correctly, that such provision would have

2

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

10033152
1129314v1

been unacceptable. Mr. Tatum's continued paranoid belief that the entire legal community is working against him cannot be the basis for undermining the settlement agreement that was reached with the assistance of the court and his counsel. [1]

    **2.**     **No New Provisions Were Submitted with the Settlement Agreement, and the Plaintiff Has Not Identified the Objectionable Terms**.

The significant terms set forth in the settlement agreement provided to the plaintiff were agreed to in Court. Those terms provided that all claims between the parties were resolved in exchange for payment of settlement funds. Although Mr. Tatum claims new provisions in the settlement agreement were submitted by the defendant that were not mentioned during settlement conference, he has not identified any of those provisions. Further, it has been over eight months since the settlement agreement was provided to Mr. Tatum and at no point during the eight-months did he either personally or through counsel express any objection to any provision in the settlement agreement. He merely remained silent and refused to sign the agreement. Such passive/aggressive conduct should not permit the plaintiff to avoid his obligations under the agreement reached in Court.[2] In the event the plaintiff objected to any provisions, he should have advised his attorney who could have suggested alternative provisions to the defendant. Not even during the hearing to enforce this agreement held before Magistrate Fitzsimmons

---

[1] The plaintiff's claim that lawyers are reluctant to sue other lawyers is ridiculous. The undersigned has a practice that focuses almost exclusively on the defense of lawyers in professional liability claims, and in all but the instant case, the plaintiffs are represented by counsel. Any reluctance to represent Mr. Tatum in this case likely relates to the merits, and not to some unwillingness to bring suit.

[2] It is worth noting that Mr. Tatum's conduct here is consistent with his conduct when the Defendants represented him in the underlying matter.

3

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

10033152
1129314v1

did the plaintiff give voice to any objections to any specific provisions. Clearly he was represented by competent counsel who could have articulated those objections for the Court had he been made aware of the provisions to which Tatum objected. However, Tatum merely instructed his lawyer to object with no apparent guidance as to the basis.

    3.    **The Settlement Agreement Was Not Vague.**

The plaintiff claims that the agreement was unacceptably vague regarding the effective date and periods of time covered. The agreement was not vague in any way as it encompasses every possible action that the plaintiff may have against the Defendant. This is the point of a settlement agreement. To the extent that Mr. Tatum was unclear as to the scope settlement agreement, again, it would have been appropriate, either through his court appointed counsel or on his own, to express those concerns during the process of preparing the settlement agreement. Further, to the extent that Mr. Tatum intended to preserve later claims against the defendants, he should have advised Magistrate Fitzsimmons and his counsel during the mediation so those issues could be addressed. Instead, Mr. Tatum merely remained mute, apparently hoping that the agreement would not be enforced.

    4.    **Paragraph 7 of the Settlement Agreement Does Not Provide an "Opt Out" as Plaintiff Suggests**

It is unclear what Mr. Tatum's point is concerning Provision No. 7 of the settlement agreement. The agreement does not implicitly allow that the plaintiff may not decide to sign the agreement. That paragraph provides:

4

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

10033152
1129314v1

      7.      The Releasor agrees to indemnify and hold harmless the Releasees against all claims or liens that may exist against any proceeds of this settlement and acknowledges that he is aware or has had the opportunity to make himself aware of any claims that any third parties may have against the proceeds of this settlement.

There is nothing in this agreement that would provide the plaintiff with an opportunity to refuse to sign based on advice of counsel. While it is axiomatic that a party may refuse to sign an agreement that offends that party, the fact that these parties had an agreement to settle this matter remains unchanged. Certainly, the plaintiff could have asked that provisions be added or modified, but the fundamental characteristics of the agreement have already been negotiated. In this case, the plaintiff previously agreed, on the record, to a settlement that resolved all claims that he had or may have against these defendants. That agreement should be enforced.

Finally, the plaintiff's claim that his prior counsel (Defillipo) has failed to preserve evidence cannot form the basis of claims against these defendants. The plaintiff has never asked for a copy of any information previously provided to the plaintiff's lawyer. Further, whatever was provided to plaintiff's lawyer was also provided to the Court appointed expert for her own evaluation. At no point in this litigation has the plaintiff requested additional discovery, either as a pro se litigant or when represented by counsel.

Plaintiff continues to seek appointment of counsel. The defendants continue to object to this request. The defendants note that the Court has taken what the defendants respectfully believe are

5

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

10033152
1129314v1

unusual steps to protect the plaintiff's interests, including the appointment of an expert, multiple opportunities to avoid dismissal of the case, and appointment of counsel for settlement purposes. Throughout this litigation the plaintiff has asked for counsel to be appointed, but now that this Court appointed counsel has settled his case with the help of this Court, the plaintiff appears to complain he was not properly represented.

At no point has Mr. Tatum participated as an objectively reasonable litigant at any point in this process. He has regularly thwarted the parties' and the Court's efforts to resolve this matter, either through trial or through settlement. At this point, Mr. Tatum's action should be dismissed.

THE DEFENDANTS,
MARY CHRISTINA OBERG and
FORD, OBERG, MANION AND HOUCK, P.C.

By: /s/ Robert W. Cassot
Robert W. Cassot
Federal Juris No. ct24094
**MORRISON MAHONEY LLP**
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Tel.: (860) 616-4441
Fax: (860) 541-4888
rcassot@morrisonmahoney.com

6

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

10033152
1129314v1

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically on this 11th day of September, 2012 and was served by certified mail upon Gary L. Tatum, P.O. Box 3000-70, Georgetown, TX 78627 and to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: /s/ Robert W. Cassot
Robert W. Cassot

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

10033152
1129314v1